**FILED**

FEB 2 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT J. MCCARTHY, *Pro Se*　　　)
　　　　　　　　　　　　　　　　　)
　　78715 La Palma Drive　　　　　　)
　　La Quinta CA 92253　　　　　　　)　CASE NUMBER  1:07CV00401
　　760-416-8619　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　JUDGE: Paul L. Friedman
　　　　　　Plaintiff,　　　　　　　　　DECK TYPE: FOIA/Privacy Act
　　　　　　　　　　　　　　　　　　DATE STAMP: 02/26/2007
　　v.

　　　　　　　　　　　　　　　　　)
UNITED STATES DEPARTMENT　　　)
OF THE INTERIOR　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　1849 C Street NW　　　　　　　)
　　Washington D.C. 20240-0001　　)
　　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　　)
——————————————————)

## **COMPLAINT**

### **I. JURISDICTION.**

1.  This is an action for declaratory and injunctive relief and for

damages under the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(B);

and the Privacy Act, 5 U.S.C. §§ 552a(g). Additional bases for jurisdiction

are 28 U.S.C. §1331 (federal question); 28 U.S.C. §1346 (United States as

defendant); and 28 U.S.C. §1361 (mandamus).

1

## II.    VENUE.

2.  Venue lies in the District Court for the District of Columbia, pursuant to 5 U.S.C. § 552; and 28 U.S.C. §1391.

## III.    PARTIES.

3.  At all times relevant, Plaintiff Robert J. McCarthy has resided in the County of Riverside, State of California, and has been employed by the United States Department of the Interior as a Field Solicitor, responsible for providing legal advice and representation to DOI bureaus throughout Southern California and in Nevada.  Plaintiff appears *Pro Se*.

4.  Defendant United States Department of the Interior ("DOI") is an agency of the United States Government that comprises numerous bureaus and offices, including the Bureau of Indian Affairs ("BIA"); the Fish and Wildlife Service; the Bureau of Reclamation; the Office of Surface Mining; the Minerals Management Service; the National Park Service; the Bureau of Land Management; the U.S. Geological Survey, and the Office of the Solicitor.

## IV.    ALLEGATIONS OF FACT.

5.   On December 4, 2006, Plaintiff submitted a FOIA request and a Privacy Act request by facsimile transmission ("fax") to the Office of the Solicitor ("SOL"), DOI.  Plaintiff sought expedited processing of the FOIA

2

request and fee waiver. The request was for "documents that identify ... every attorney position within [SOL] that has been filled by transfer, promotion or other hiring process since April 20, 2005"; "every attorney position... that has been identified [and remains] as vacant since April 20, 2005"; "every award given to an attorney in [SOL] since April 20, 2005;" and "the Numeric Summary Performance Rating given to each attorney in [SOL] on his or her most recent performance Appraisal after April 20, 2005, but before September 30, 2006." *See* **Exhibit A**, hereto. The Privacy Act request sought "All documents contained in the official personnel file of requester, that were created after April 20, 2005, or added to the file after that date." *See* **Exhibit B**, hereto.

6. On January 17, 2007, Plaintiff faxed appeals from the constructive denial of his FOIA and Privacy Act requests, together with copies of all previous correspondence. Plaintiff appealed the denial of his FOIA request on the grounds of 43 CFR 2.28(a) (1), (3), (4), (5), (6), and (7), and his Privacy Act request under 43 CFR 2.65. *See* **Exhibit C** (FOIA appeal) and **Exhibit D** (Privacy Act appeal), respectively.

7. By letter dated January 30, 2007, the SOL acknowledged receipt of Plaintiff's FOIA request. *See* **Exhibit E.** By letter dated February 2, 2007, the SOL acknowledged receipt of Plaintiff's Privacy Act request. *See*

3

**Exhibit F.** By letter dated February 13, 2007, the SOL acknowledged receipt of Plaintiff's appeal, and stated that "Due to an extraordinarily large number of appeals pending in the Department ahead of yours, the need to fully review the issues you presented in your appeal, and other unforeseen circumstances, the Department will not be able to make a determination on your appeal within the time limits set in the FOIA." The letter also states that "you may seek judicial review under 5 U.S.C. §552(a)(4)(B)." *See* **Exhibit G.**

8. Beginning in April of 2005, Plaintiff made disclosures of DOI fraud, waste, abuse and gross mismanagement of Indian trust resources, to high level DOI officials, including an Assistant Secretary and the Office of the Inspector General ("OIG"), and to other Government officials, including the Office of Special Counsel ("OSC"). Among the disclosures are allegations that the Palm Springs Agency of the BIA has no accurate system of records relating to some $30 million in Indian land lease income it is responsible for managing each year.

9. Within a few days after the first such disclosures, DOI retaliated against Plaintiff with a wide range of prohibited personnel actions, including creation of a hostile workplace; coordinated "shunning" by co-workers; the loss of books from his library; reduced job duties and resources; denied

opportunities to transfer to other DOI vacancies; withheld, delayed and downgraded performance reviews; exclusion from consideration for performance awards routinely given to all similarly-situated DOI attorneys; refused requests for an agreement that he be allowed to work from a home office, while others were given such agreements; withheld from Plaintiff work-related information routinely provided to all other DOI attorneys and staff; and threatened Plaintiff with disciplinary actions as a direct result of his disclosures.

10. Plaintiff filed an Appeal with the Merit Systems Protection Board ("MSPB") on February 23, 2006, alleging retaliation by DOI in violation of the Whistleblower Protection Act ("WPA"). MSPB Docket Number SF-1221-06-0380-W-1, *Robert J. McCarthy v. United States Department of the Interior* ("the MSPB Appeal").

11. The WPA encourages government employees to serve the public interest by assisting in the elimination of fraud, waste, abuse, and unnecessary Government expenditures. An employee or applicant for employment may appeal certain personnel actions as an Individual Right of Appeal (IRA) under the WPA. That is, an employee or applicant can allege that a personnel action was due to reprisal because of his whistleblowing activity. In order to establish the Board's jurisdiction over an IRA appeal, an

appellant must make nonfrivolous allegations that: (1) He made a protected disclosure (or was mistakenly believed to have made a disclosure) covered by  5 U.S.C. § 2302(b)(8); (2) the protected disclosure was a contributing factor in the agency's decision to take or fail to take, a "personnel action" as defined by 5 U.S.C. § 2302(a)(2)(A); and, (3) he raised the whistleblower issue before the Office of Special Counsel (OSC), and proceedings before the OSC have been exhausted. *See Rusin v. Department of the Treasury,* 92 M.S.P.R. 298, P12 (2002); *see also Yunus v. Department of Veterans Affairs,* 242 F.3d 1367, 1371-72 (Fed. Cir. 2001).  This Petitioner has done.

12.  Attached to DOI's unsworn and uncertified four-page Response to the MSPB Acknowledgement Order were two large volumes of materials, consisting mostly of irrelevant historical materials that pre-date Petitioner's employment with the DOI. Conspicuously absent from the DOI Record was information concerning the various personnel actions complained of. Instead, the DOI Record was peppered with undated and unsigned "statements" attributed to various BIA officials, that contained highly unprofessional, vitriolic, unsupported, irrelevant and demonstrably false double and triple hearsay allegations about Petitioner, all prepared in anticipation of the MSPB Appeal.

13. Between March 7, 2006 and April 4, 2006, Petitioner issued three sets of discovery requests, consisting of interrogatories, requests for production of documents, and requests for admissions.    In these discovery requests, Plaintiff sought, *inter alia*, all of the documents that are the subject of his FOIA and Privacy Act requests.

14. DOI failed to provide timely responses to each set of requests, causing Petitioner to file multiple motions to compel. The MSPB regulations limit the time for making discovery requests, the number of such requests, and the time for responding to such requests. See 5 C.F.R. §1201.73. The Federal Rules of Civil Procedure serve as a general guide for proceedings before the MSPB. *See* 5 C.F.R. § 1201.72 (a).

15. Petitioner filed several more motions to compel after DOI provided partial or inadequate answers to discovery.

16. DOI never objected under MSPB rules to any of the motions to compel or to subsequent motions for sanctions. The MSPB regulations provide that any objection to a written motion must be filed within 10 days from the date of service of the motion.   5 C.F.R. 1201.55(b).

17. On May 12, 2006, DOI obtained a suspension of the MSPB appeal over Plaintiff's objections, by fraudulently claiming an intent to conduct mediation.  Although the MSPB appeal was suspended over

Plaintiff's objections for more than 60 days, specifically in response to DOI's claimed intent to conduct mediation, DOI at no time after May 12, 2006, ever communicated with Petitioner about settlement and never agreed to meet with or without a mediator. DOI had earlier violated the February 28, 2006, Acknowledgement Order that DOI contact Plaintiff "within 35 calendar days of the date of this Order to define the issues, agree to stipulations, and discuss the possibility of settlement." DOI even ignored its own policy that mediation efforts are to be instituted at the beginning of a dispute such as this.

18.  On July 31, 2006, five months after discovery commenced, and approximately four months after it should have concluded according to the terms of the MSPB rules governing discovery, the AJ issued an order on discovery that denied almost all of Petitioner's pending discovery and sanctions motions. The Order granted a motion for sanctions only to the extent that materials not produced in discovery would not be allowed into evidence, and a motion to compel to the extent that it required the DOI to make further responses to only a small number of discovery requests.

19.  When DOI again provided only partial responses, Petitioner again filed motions to compel and for sanctions, to which DOI did not object, and on which the AJ has not ruled.

20. To date, the Administrative Judge ("AJ") has yet to issue an initial decision ("ID") in the MSPB appeal, despite MSPB standards that an ID be issued within 120 days.

21. On or about February 22, 2007, Plaintiff filed in the United States Court of Appeals for the Federal Circuit a Petition for Writ of Mandamus to Compel Agency Action Unreasonably Withheld, seeking *inter alia* an order to expedite MSPB proceedings, including prompt issuance of rulings on still-pending discovery and sanctions motions, as well as an ID.

22. In the MSPB proceeding, DOI refused to produce Plaintiff's official personnel file. Instead, DOI produced documents from an unofficial file kept at the Regional Office, which according to DOI did not include, *inter alia*, any evidence of performance awards Plaintiff received from the Office of the Solicitor in 2001 and 2003. (Apparently unaware that Plaintiff had certificates signed by the Solicitor, DOI even denied that Plaintiff had received such awards!) DOI production of documents concerning awards, job selections and performance ratings was limited to one of eight SOL regions, excluding also the Washington D.C. office, where most attorneys are located, and other agencies of DOI where Plaintiff had applied for positions.

23.  Senior Executive Service ("SES") officials, including attorneys in the SOL, committed perjury with respect to several matters, in furtherance of a conspiracy to deny access to discoverable materials.  These SES officials denied knowledge of BIA mismanagement while suppressing an internal document that acknowledged BIA lease records are "little more than a data base of misinformation".  They swore under oath they had no knowledge of disclosures Plaintiff had made to the OSC at a time they had possession of a disclosure memo that they acknowledged DOI officials took without permission from Plaintiff's office.  They swore under oath that Plaintiff was not selected for various transfers because they were open only at Grade 14, and he is Grade 15, while continuing to suppress evidence that shows these positions were in fact open at Grade 15.  They swore under oath that Plaintiff "was considered one of the top performers ratings-wise", when in fact his performance ratings were the lowest in the entire Region, according to documents DOI was forced to produce for the Region only. They swore under oath that Plaintiff was not considered for a performance award solely due to lack of funds, priority for awards being given to lower-Grade attorneys, when in fact documents eventually produced for the Region only show that every non-supervisory  attorney in the Region (Plaintiff supervises nobody), including several at Grade 15, were given awards.

24. In the MSPB appeal, DOI routinely ignored rules of the tribunal, disobeyed orders, misrepresented facts and law, unlawfully suppressed discoverable information, stole confidential litigation documents from Appellant, obtained suspensions of the Appeal under false pretenses, filed rambling and irrelevant arguments and outrageous unsworn hearsay attacks on Appellant's character, and even committed perjury. All the while, DOI continued to punish Petitioner, causing Plaintiff to suffer mental distress, embarrassment, and emotional trauma; lost earnings and opportunities to obtain alternative employment; harm to his reputation; and expenses of responding to retaliatory personnel actions sustained by DOI's refusal to release the requested records.

25. In its current denial of Plaintiff's FOIA requests, DOI continues its conspiracy to withhold information that supports Plaintiff's allegations before the MSPB. DOI has improperly withheld agency records with the highly implausible claim that it requires more time "to fully review the issues", when the same requests and same issues have been pending before the DOI for almost a year, and when requests for the same documents have motivated SES officials to commit perjury rather than disclose the documents.

## V.    FIRST CLAIM FOR RELIEF

26. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth here.

27. DOI has improperly withheld agency records in violation of the FOIA, 5 U.S.C. § 552, and DOI regulations at 43 C.F.R. Part 2.

28. DOI's failure to respond to Plaintiff's FOIA request within 20 workdays constitutes a denial. See 43 C.F.R. §2.12.

29. DOI's failure to respond to Plaintiff's request for expedited processing within 10 workdays constitutes a denial. Appeals of denials for expedited processing must be processed ahead of other appeals. See 43 C.F.R. §2.14(d).

30. Appeals may be filed when a decision is not made on a request within the stated time limits. See 43 C.F.R. §2.28.

31. Appeals may be submitted by fax. See 43 C.F.R. §2.30(a).

32. DOI's failure to respond to Plaintiff's FOIA appeal within 20 workdays constitutes a denial. See 43 C.F.R. §2.32(c).

33. DOI must respond within 10 calendar days to an appeal of denial of a request for expedited processing. 17. DOI's failure to respond to Plaintiff's FOIA request within 20 workdays constitutes a denial. See 43 C.F.R. §2.32(b).

34. DOI failed to comply with the statute and its own regulations regarding its denial of Plaintiff's FOIA request, request for expedited processing, and fee waiver request.

35. DOI has demonstrated a willful intent to suppress the requested information and delay any inevitable release in order to prevent Plaintiff from using the information in his MSPB appeal.

36. The Agency's routine disregard of ethics, orders, rules and law has been well-documented in ongoing Indian trust fund litigation. *See, e.g., Cobell v. Babbitt*, 37 F. Supp. 2d 6, 38 (D.D.C. 1999) (finding that the Agency made numerous illegitimate representations, failed to correct known misrepresentations, and neglected to inform the court about self-inflicted obstacles to comply with its discovery obligations); *Cobell v. Norton*, 229 F.R.D. 5, 17 (D.C. Cir. 2005) (the "entire record" in Cobell tells "a story shot through with bureaucratic blunders, flubs, goofs and foul-ups, and peppered with scandals, deception, dirty tricks and outright villainy--the end of which is nowhere in sight.") The subject matter of Plaintiff's WPA disclosures is beyond the scope of the *Cobell* litigation, which seeks an accounting of Indian trust funds, as the court specifically rejected plaintiffs' efforts to discover evidence of past or present mismanagement of other

Indian trust assets, such as the leasing of Indian lands. *See Cobell v. Norton*, 226 F.R.D. 67, at 72-82 (D.D.C. 2005).

## VI.    SECOND CLAIM FOR RELIEF

37.  Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth here.

38.  DOI has improperly withheld agency records in violation of the Privacy Act, 5 U.S.C. § 552, and DOI regulations at 43 C.F.R. Part 2.

39.  The Privacy Act entitles Plaintiff, upon request, to gain access to his records or to any information pertaining to him which is contained in a system of records and to review the records and have a copy made of all or any portion thereof.  See 5 U.S.C. § 552a(d)(1); 43 C.F.R. §2.62.

40.  DOI's failure to grant Plaintiff's Privacy Act request "promptly" is a violation of 5 U.S.C. § 552 and 43 C.F.R. §2.64(a).

41.  DOI has demonstrated a willful intent to suppress the requested information and delay any inevitable release in order to prevent Plaintiff from using the information in his MSPB appeal.

## VII.    THIRD CLAIM FOR RELIEF

42.  Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth here.

43. DOI's intentional or willful violations of the Privacy Act resulted in adverse effects on Plaintiff for which Plaintiff seeks damages pursuant to 5 U.S.C. § 552(g)(1)(D), including compensation for mental distress, embarrassment, and emotional trauma; lost earnings and opportunities to obtain alternative employment; harm to his reputation; and expenses of responding to retaliatory personnel actions sustained by DOI's refusal to release the requested records.

44. DOI has used its violation of the Privacy Act in prolonging its refusal to allow Plaintiff to obtain personnel records for use in his MSPB appeal, and has retaliated against Plaintiff by adding derogatory information to his personnel file, including threats of disciplinary action.

## VIII. FOURTH CLAIM FOR RELIEF

45. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth here.

46. Plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. §2201, that DOI is in violation of the FOIA; that DOI is in violation of the Privacy Act; and that Plaintiff is immediately entitled to expedited production of all requested records with all fees waived.

47. DOI has shown that it is willing to employ every manner of dilatory tactic to avoid releasing records to Plaintiff, thus DOI should not be

15

permitted the opportunity to fabricate any new excuses for its noncompliance with Plaintiff's requests.

## PRAYER FOR RELIEF

Plaintiff respectfully requests entry of judgment against DOI as follows:

1. DOI is in violation of the FOIA and the Privacy Act;

2. DOI has demonstrated a willful intent to suppress the information sought by Plaintiff and to delay any inevitable release in order to prevent Plaintiff from using the information in his MSPB appeal;

3. Plaintiff is immediately entitled to expedited production of all requested records with all fees waived.

4. DOI's intentional or willful violations of the Privacy Act resulted in adverse effects on Plaintiff for which Plaintiff is entitled to damages pursuant to 5 U.S.C. § 552(g)(1)(D), including compensation for mental distress, embarrassment, and emotional trauma; lost earnings and opportunities to obtain alternative employment; harm to his reputation; and expenses of responding to retaliatory personnel actions sustained by DOI's refusal to release the requested records;

5. Plaintiff is entitled to all costs and fees related to this action;

6. Circumstances surrounding the improper withholding of the requested information raise questions whether DOI personnel acted arbitrarily or capriciously with respect to the withholding;

7. Plaintiff is entitled to such further relief as deemed just by this court.

## VERIFIED

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

2/24/2007
Date

Robert J. McCarthy, *pro se*

Dec. 4, 2006

> Robert J. McCarthy
> 78715 La Palma Drive
> La Quinta CA 92253
> (760) 360-7828 (office)
> (760) 416-8619 (home)
>
> Fax: (760) 416-8719 (office)

FOIA Officer
Office of the Solicitor
MS-7456, MIB
1849 C St NW
Washington DC 20240

Fax 202-208-5206

RE: FOIA Request

Dear FOIA Officer:

Pursuant to the Freedom of Information Act, I request copies of the records described below. I request that fees be waived. Category of requestor is "Other Requestors". Release of the documents will likely contribute to public understanding of the operations or activities of the Government, in that they are relevant to disclosures made by requester pursuant to the Whistleblower Protection Act, and allegations of retaliation that are pending before the Merit Systems Protection Board. In the event a fee waiver is not granted, I am willing to pay fees up to amount of $100. I request Expedited Processing because the request involves the potential loss of substantial due process rights. The foregoing is true and correct to the best of my knowledge and belief.

Description of Records:

1. Documents that identify each and every attorney position within the Office of the Solicitor that has been filled by transfer, promotion or other hiring process since April 20, 2005, including information that identifies each such position by title, location and grade at which it was filled or is currently open, date the position became open, the date it was filled, the manner in which it was filled (i.e., transfer, promotion, new hire, etc.), and the identity of the person who filled the position.

2. Documents that identify each and every attorney position within the Office of the Solicitor that has been identified as vacant since April 20, 2005 and that remains vacant as of this date, that describe the position by title, location and grade, and that indicate the date the position became open.

PL. EXH. A

3.   Documents that identify each and every award given to an attorney in the Office of the Solicitor since April 20, 2005; that identify the title of each award; the monetary or other benefits bestowed with the award; the individual and the agency that nominated and / or bestowed the award; the attorney who received the award; and the position of each such attorney by title, location and grade.

4.   Documents that identify the Numeric Summary Rating given to each attorney employee of the Office of the Solicitor on his or her most recent Performance Appraisal after April 20, 2005, but before September 30, 2006; that indicate for each such rating, the information by Division, Regional or Field Office, by grade of the employee, and that identify any such employees who are management (i.e. Associate Solicitor, Assistant Solicitor, Regional Solicitor, Deputy Regional Solicitor, Associate Regional Solicitor, Assistant Regional Solicitor, Field Solicitor, etc.).

Please let me know if you have any questions.  Thank you.

Robert J. McCarthy

Dec. 4, 2006

Robert J. McCarthy
78715 La Palma Drive
La Quinta CA 92253
(760) 360-7828 (office)
(760) 416-8619 (home)

Fax: (760) 416-8719 (office)

Privacy Act Officer
Office of the Solicitor
MS-7456, MIB
1849 C St NW
Washington DC 20240

Fax 202-208-5206

RE: "Privacy Act Request for Access"

Dear Privacy Act Officer:

I am a Field Solicitor for the Department of the Interior. My place of employment is 901 E. Tahquitz Canyon, Suite C-101, Palm Springs CA 92263. Please provide copies of the Records described below, pursuant to the Privacy Act. I am willing to pay fees up to amount of $100.

Description of records: (1) All documents contained in the official personnel file of requester, that were created after April 20, 2005, or added to the file after that date.

Please let me know if you have any questions. Thank you.

Robert J. McCarthy

PL. EXH. B

FAX

January 17, 2007

Robert J. McCarthy
78715 La Palma Drive
La Quinta CA 92253
(760) 360-7828 (home)
(760) 416-8619 (office)
e-mail: **wangari@verizon.net**

Ms. Darell Strayhorn
FOIA Appeals Officer
U.S. Dept. of the Interior
MS-3071, MIB
1849 C Street, NW
Washington, DC 20240

**VIA FAX: 202/208-6677**

Dear Ms. Strayhorn:

On December 4, 2006, I submitted a FOIA request by fax to the Office of the Solicitor. A copy of that request is attached. On January 3, 2007, I called for a third time, having left two messages the prior week requesting a return call, and finally spoke with the FOIA Officer. She informed me that she recalled seeing the request but that it could not then be located. I immediately faxed a copy. On January 12 I left another message seeking information on the status of the request. I have gotten no response.

I appeal the foregoing denial of my request on the grounds of 43 CFR 2.28(a) (1), (3), (4), (5), (6), and (7).

Robert J. McCarthy

PL. EXH- C

# FAX

January 17, 2007

Robert J. McCarthy
78715 La Palma Drive
La Quinta CA 92253
(760) 360-7828 (home)
(760) 416-8619 (office)
e-mail: **wangari@verizon.net**

Privacy Act Officer
Office of the Assistant Secretary – Policy, Budget and Administration
U.S. Dept. of the Interior
MS-3071, MIB
1849 C Street, NW
Washington, DC 20240

**VIA FAX: 202/208-6677**

Dear Privacy Act Officer:

On December 4, 2006, I submitted a Privacy Act request by fax to the Office of the Solicitor. A copy of that request is attached. On January 3, 2007, I called for a third time, having left two messages the prior week requesting a return call, and finally spoke with the FOIA Officer. She informed me that she recalled seeing the request but that it could not then be located. I immediately faxed a copy. On January 12 I left another message seeking information on the status of the request. I have gotten no response.

I appeal the foregoing denial of my request pursuant to 43 CFR 2.65. Pursuant to 43 CFR 2.64(a), a request such as this must be "granted promptly."

Robert J. McCarthy

PL. EXH - D



# United States Department of the Interior

OFFICE OF THE SOLICITOR
Washington, D.C. 20240

IN REPLY REFER TO:

JAN 3 0 2007

Robert J. McCarthy
78715 La Palma Drive
LaQuinta, CA  92253

Dear Mr. McCarthy:

On December 4, 2006 you filed a Freedom of Information Act (FOIA) request with the Office of the Solicitor seeking the following:'

> Pursuant to the Freedom of Information Act, 5 U.S.C. §552, as amended, I hereby request copies of the records described below:
>
> Description of Records:
>
> 1.    Documents that identify each and every attorney position within the Office of the Solicitor that has been filled by transfer, promotion or other hiring process since April 20, 2005, including information that identifies each such position by title, location and grade at which it was filled or is currently open, date the position became open, the date it was filled, the manner in which it was filled (i.e., transfer, promotion, new hire, etc.), and the identity of the person who filled the position.
> 2.    Documents that identify each and every attorney position within the Office of the Solicitor that has been identified as vacant since April 20, 2005 an that remains vacant as of this date, that describe the position by title, location and grade, and that indicate the position became open.
> 3.    Documents that identify each and every award given to an attorney in the Office of the Solicitor since April 20, 2005; that identify the title of each award; the monetary or other benefits bestowed with the award; the individual and the agency that nominated and/or bestowed the award; the attorney who received the award; and the position of each such summary attorney by title, location and grade.
> 4.    Documents that identify the Numeric Summary Rating given to each attorney employee of the Office of the Solicitor on his or her most recent Performance Appraisal after April 20, 2005, but before September 30, 2006; that indicate for each such rating, the information by Division, Regional or Field Office by grade of the employee, and that identify any such employees who are management (i.e. Associate Solicitor, Assistant Solicitor, Regional Solicitor, Deputy Regional Solicitor, Associate Regional Solicitor, Assistant Regional Solicitor, Field Solicitor, etc.).

PL. EXH. E

Your request was faxed to the Office of the Solicitor on January 3, 2007, where it was assigned control number **SOL-2007-0006** for processing. Please cite that number in any future correspondence or communications with the Department. Please accept our apology for the delay in processing this request. We apologize for the considerable delay in providing response to your request.

With respect to your request:

We have classified your request as an "other-use" request. This means that we have determined that it is neither a commercial-use request, nor placed by a member of the new media or a representative of an educational or non-commercial scientific institution. As an "other-use" requesters, you are entitled to receive up to 2 hours of search time and 100 pages of duplication of responsive records without charge, before being asked to pay for document search and reproduction. Additionally, the Department of the Interior does not bill requesters for FOIA fees incurred in processing other-use requests when their fees do not exceed $30.00, after the subtraction of their entitlements, because the cost of collection would be greater than the fee collected. (See 43 CFR §2.18(a)).

If you have any questions regarding any of the issues discussed in this letter, you may contact Colette Clark by phone at 202-208-6505, by fax at 202-208-5206, or by mail at U.S. Department of the Interior, 1849 C Street, N.W., MS 6556 MIB, Washington, D.C. 20240.

Sincerely,

Colette A. Clark
(Acting) FOIA Officer
Office of the Solicitor



# United States Department of the Interior

OFFICE OF THE SOLICITOR
Washington, D.C. 20240

IN REPLY REFER TO:

Robert J. McCarthy                 FEB   2 2007
78715 La Palma Drive
LaQuinta, CA 92253

Dear Mr. McCarthy:

On December 4, 2006 you filed a Freedom of Information Act (FOIA)/Privacy Act request with the Office of the Solicitor seeking the following:'

> Please provide copies of the Records described below, pursuant to the Privacy Act.

> Description of Records: (1) All documents contained in the official personnel file of requester, that were created after April 20, 2005, or added to the file after that date.

Your request was faxed to the Office of the Solicitor on February 1, 2007, where it was assigned control number **SOL-2007-0012** for processing. Please cite this number in any future correspondence or communications with the Department concerning your request. The Office of the Solicitor FOIA/Privacy Act office is acknowledging and processing this request. We apologize for the considerable delay in providing response to your request.

With respect to your request:

We have classified your request as an "other-use" request. This means that we have determined that it is neither a commercial-use request, nor placed by a member of the new media or a representative of an educational or non-commercial scientific institution. As an "other-use" requesters, you are entitled to receive up to 2 hours of search time and 100 pages of duplication of responsive records without charge, before being asked to pay for document search and reproduction. Additionally, the Department of the Interior does not bill requesters for FOIA fees incurred in processing other-use requests when their fees do not exceed $30.00, after the subtraction of their entitlements, because the cost of collection would be greater than the fee collected. (See 43 CFR §2.18(a)).

PL. EXH - F

If you have any questions regarding any of the issues discussed in this letter, you may contact Colette Clark by phone at 202-208-6505, by fax at 202-208-5206, or by mail at U.S. Department of the Interior, 1849 C Street, N.W., MS 6556 MIB, Washington, D.C. 20240.

Sincerely,

Colette A. Clark
(Acting) FOIA Officer
Office of the Solicitor



## United States Department of the Interior

OFFICE OF THE SOLICITOR
Washington, D.C. 20240



TAKE PRIDE
IN AMERICA

IN REPLY REFER TO:
**FOIA Appeal No. 2007-051**

FEB 1 3 2007

Robert J. McCarthy
78715 La Palma Dr.
La Quinta, CA 92253

Dear Mr. McCarthy:

This concerns the January 17, 2007, Freedom of Information Act ("FOIA") appeal ("appeal") **(No. 2007-051)** that you filed with the Department of the Interior ("Department"). Your appeal alleges that the Office of the Solicitor ("SOL") has not responded to your December 4, 2006, FOIA request within the time limits set in the FOIA, i.e., within 20 workdays after SOL's receipt of the FOIA request. Your FOIA request seeks "documents that identify... every attorney position within [SOL] that has been filled by transfer, promotion or other hiring process since April 20, 2005"; "every attorney position... that has been identified [and remain] as vacant since April 20, 2005"; "every award given to an attorney in [SOL] since April 20, 2005;" and "the Numeric Summary Rating given to each attorney in [SOL] on his or her most recent Performance Appraisal after April 20, 2005, but before September 30, 2006."

The FOIA requires an agency to make a determination on an appeal within 20 workdays after the receipt of such appeal. *5 U.S.C. § 552(a)(6)(A)(ii)*. Due to an extraordinarily large number of appeals pending in the Department ahead of yours, the need to fully review the issues you presented in your appeal, and other unforeseen circumstances, the Department will not be able to make a determination on your appeal within the time limits set in the FOIA. Therefore, you may seek judicial review under *5 U.S.C. § 552(a)(4)(B)*. However, we hope that you will delay filing a lawsuit so that the Department can thoroughly review the issues in your appeal and make a determination. We appreciate your patience to this point and the Department will make every effort to reach a decision on your appeal as soon as possible.

If you have any questions regarding your appeal, please call me at (202) 208-5339.

Sincerely,

*LaRima L. Lane*

LaRima L. Lane
FOIA Appeals Specialist
Department of the Interior

PL. EXH. G

P-401
I   PLF

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

### I (a) PLAINTIFFS

ROBERT J. MCCARTHY

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ~~00000~~
(EXCEPT IN U.S. PLAINTIFF CASES)

RIVERSIDE COUNTY, CALIFORNIA

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
PRO SE LA PALMA DR   (760)
78715
LA QUINTA CA 92253   416
8619

### DEFENDANTS

UNITED STATES DEPARTMENT OF
THE INTERIOR

CASE NUMBER   1:07CV00401

JUDGE: Paul L. Friedman

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 02/26/2007

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

□ 1 U.S. Government Plaintiff

☒ 2 U.S. Government Defendant

□ 3 Federal Question
(U.S. Government Not a Party)

□ 4 Diversity
(Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | □ 1 | □ 1 | Incorporated or Principal Place of Business in This State | □ 4 | □ 4 |
| Citizen of Another State | ☒ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

### □ A. Antitrust

□ 410 Antitrust

### □ B. Personal Injury/ Malpractice

□ 310 Airplane
□ 315 Airplane Product Liability
□ 320 Assault, Libel & Slander
□ 330 Federal Employers Liability
□ 340 Marine
□ 345 Marine Product Liability
□ 350 Motor Vehicle
□ 355 Motor Vehicle Product Liability
□ 360 Other Personal Injury
□ 362 Medical Malpractice
□ 365 Product Liability
□ 368 Asbestos Product Liability

### □ C. Administrative Agency Review

□ 151 Medicare Act

**Social Security:**
□ 861 HIA ((1395ff)
□ 862 Black Lung (923)
□ 863 DIWC/DIWW (405(g)
□ 864 SSID Title XVI
□ 865 RSI (405(g)

**Other Statutes**
□ 891 Agricultural Acts
□ 892 Economic Stabilization Act
□ 893 Environmental Matters
□ 894 Energy Allocation Act
□ 890 Other Statutory Actions (If Administrative Agency is Involved)

### □ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## □ E. General Civil (Other) OR □ F. Pro Se General Civil

**Real Property**
□ 210 Land Condemnation
□ 220 Foreclosure
□ 230 Rent, Lease & Ejectment
□ 240 Torts to Land
□ 245 Tort Product Liability
□ 290 All Other Real Property

**Personal Property**
□ 370 Other Fraud
□ 371 Truth in Lending
□ 380 Other Personal Property Damage
□ 385 Property Damage Product Liability

**Bankruptcy**
□ 422 Appeal 28 USC 158
□ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
□ 535 Death Penalty
□ 540 Mandamus & Other
□ 550 Civil Rights
□ 555 Prison Condition

**Property Rights**
□ 820 Copyrights
□ 830 Patent
□ 840 Trademark

**Federal Tax Suits**
□ 870 Taxes (US plaintiff or defendant
□ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
□ 610 Agriculture
□ 620 Other Food &Drug
□ 625 Drug Related Seizure of Property 21 USC 881
□ 630 Liquor Laws
□ 640 RR & Truck
□ 650 Airline Regs
□ 660 Occupational Safety/Health
□ 690 Other

**Other Statutes**
□ 400 State Reapportionment
□ 430 Banks & Banking
□ 450 Commerce/ICC Rates/etc.
□ 460 Deportation

□ 470 Racketeer Influenced & Corrupt Organizations
□ 480 Consumer Credit
□ 490 Cable/Satellite TV
□ 810 Selective Service
□ 850 Securities/Commodities/ Exchange
□ 875 Customer Challenge 12 USC 3410
□ 900 Appeal of fee determination under equal access to Justice
□ 950 Constitutionality of State Statutes
□ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| □ G. *Habeas Corpus/ 2255* | □ *Employment Discrimination* | ☒ I. *FOIA/PRIVACY ACT* | □ J. *Student Loan* |
|---|---|---|---|
| □ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☒ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* ✗ | □ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| □ K. *Labor/ERISA (non-employment)* | □ L. *Other Civil Rights (non-employment)* | □ M. *Contract* | □ N. *Three-Judge Court* |
|---|---|---|---|
| □ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding   □ 2 Removed from State Court   □ 3 Remanded from Appellate Court   □ 4 Reinstated or Reopened   □ 5 Transferred from another district (specify)   □ Multi district Litigation   □ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

5 USC § 552   VIOLATION OF FREEDOM OF INFORMATION ACT + PRIVACY ACT

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS   □ ACTION UNDER F.R.C.P. 23   **DEMAND $** yes   Check YES only if demanded in complaint   **JURY DEMAND:** □ YES   ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☒ YES   □ NO   If yes, please complete related case form.

DATE 2/24/07   SIGNATURE OF ATTORNEY OF RECORD   *Robert J McCarthy*   PRO SE ✓

2/26/07

JIC

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.