# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROBERT J. MCCARTHY,**                 ) | |
| ) | |
| Plaintiff,     ) | |
| v.        ) | Civil Action No. 07-0401 (PLF) |
| ) | |
| **U. S. DEPARTMENT OF THE INTERIOR,**   ) | |
| ) | |
| Defendant.     ) | |
| _____) | |

## ANSWER

Federal defendant United States Department of the Interior (the "Department"), by its undersigned attorneys, hereby answers the Complaint as follows:

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Defendant has fully responded to plaintiff's request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

## THIRD DEFENSE

Defendant has fully responded to plaintiff's request under the Privacy Act, 5 U.S.C. § 552a.

## FOURTH DEFENSE

In response to the numbered paragraphs of the Complaint, defendant admits, denies, or otherwise states as follows:

## JURISDICTION

1. The allegations contained in the first sentence of paragraph 1 constitute plaintiff's characterization of the Court's jurisdiction in this action and conclusions of law to which no

response is required; to the extent a response is otherwise deemed to be required, defendant

denies.

## VENUE

2.  This paragraph of the Complaint contains a statement on venue to which no answer is

required.

## PARTIES

3.  Defendant admits plaintiff is an employee of the defendant, and that plaintiff has been

employed by the Department as a Field Solicitor, but defendant is without sufficient information

to admit or deny the remaining factual allegations contained in paragraph 3.

4.    The allegations contained in paragraph 4 are admitted.

## ALLEGATIONS OF FACT

5.  Defendant admits that, on December 4, 2006, plaintiff made a FOIA request and a

Privacy Act request to the Department's Office of the Solicitor.  The allegations contained in the

remainder of paragraph 5 constitute plaintiff's characterization of his FOIA and Privacy Act

requests to defendant, which documents speak for themselves and are the best evidence of their

contents.

6.    Defendant admits that, by facsimile dated January 17, 2007, plaintiff filed two

administrative appeals: one administrative FOIA appeal, and one administrative Privacy Act

appeal.  The allegations contained in the remainder of paragraph 6 constitute plaintiff's

characterization of his appeals, which documents speaks for themselves and are the best evidence

of their contents.

7.      The allegations contained in paragraph 7 are admitted, except that Defendant avers that the Department's FOIA and Privacy Act Appeals Officer ultimately made a determination on both appeals.

8.      Defendant admits that, beginning in April 2005, plaintiff made disclosures and allegations concerning DOI to various officials.  The remaining allegations contained in paragraph 8 constitute legal conclusions, to which no response is required.

9.      The allegations contained in paragraph 9 are denied.  *See Robert J. McCarthy v. Department of the Interior*, Docket Number SF-1221-06-0380-W-I, (April 3, 2007).

10.     The allegations contained in paragraph 10 are admitted.

11.     The allegations contained in paragraph 11 constitute legal conclusions and plaintiff's characterizations of his actions, to which no response is required; to the extent a response is otherwise deemed to be required, defendant denies.

12.      The allegations contained in paragraph 12 are denied.

13.     The allegations contained in paragraph 13 are admitted.

14.     Defendant admits that plaintiff filed multiple motions to compel; the remaining allegations in paragraph 14 constitute conclusions of law to which no response is required.

15.     Defendant admits that plaintiff filed several motions to compel, but denies the remaining allegations in paragraph 15.

16.     The allegations contained in paragraph 16 are admitted.

17.     Defendant admits that the MSPB appeal was suspended; the remaining allegations contained in paragraph 17 are denied.

18.     The allegations contained in paragraph 18 are admitted.

19.     The allegations contained in paragraph 19 are denied.

20.     The allegations contained in paragraph 20 are denied.  *See Robert J. McCarthy v. Department of the Interior*, Docket Number SF-1221-06-0380-W-I, (April 3, 2007).

21.     The allegations contained in paragraph 21 are admitted.

22.     Defendant admits that it produced certain information regarding attorney positions, and denies the remaining allegations in paragraph 22.

23.     The allegations contained in paragraph 23 are denied.

24.     The allegations contained in paragraph 24 are denied.

25.     Defendant denies that it has failed to respond to or otherwise denied plaintiff's FOIA request and Privacy Act request.  The remaining allegations contained in paragraph 25 constitute conclusions of law and plaintiff's characterizations, to which no response is required; to the extent a response is otherwise deemed to be required, defendant denies.

## FIRST CLAIM FOR RELIEF

26.     Defendant reasserts its answers to the foregoing paragraphs as though fully set forth herein.

27.     Defendant admits that its initial responses to plaintiff's FOIA request was untimely.  Defendant denies the remaining allegations in paragraph 27 and avers that it has fully responded to plaintiff's requests.

28.     Defendant admits that it failed to respond to plaintiff's FOIA request was within 20 days.  The remaining allegations contained in paragraph 28 constitute conclusions of law, to which no response is required.

29.     Defendant admits that it failed to respond to plaintiff's request for expedited processing within 10 workdays.  The remaining allegations contained in paragraph 29 constitute conclusions of law, to which no response is required.

4

30.     The allegations contained in paragraph 30 are admitted.

31.     The allegations contained in paragraph 31 are admitted.

32.     Defendant admits that it failed to respond to plaintiff's FOIA appeal within 20 workdays.  The remaining allegations contained in paragraph 32 constitute conclusions of law, to which no response is required.

33.     Defendant admits that 43 C.F.R. § 2.32(b) provides for expedited processing of an appeal within 10 calendar days, and admits that it failed to respond to plaintiff's FOIA request within 20 workdays. The remaining allegations contained in paragraph 33 constitute conclusions of law, to which no response is required.

34.     Defendant admits that it failed to comply with the time limits in FOIA and its own regulations.  Defendant avers that it has fully responded to plaintiff's requests, and has declined to charge plaintiff FOIA processing fees.

35.     The allegations contained in paragraph 35 of the Complaint constitute legal conclusions and plaintiff's characterization of this action to which no response is required; to the extent a response is otherwise deemed to be required, defendant denies.

36.     This paragraph constitutes plaintiff's characterization of ongoing litigation; documents related to that litigation speak for themselves and are the best evidence of their contents.

## SECOND CLAIM FOR RELIEF

37.     Defendant reasserts its answers to the foregoing paragraphs as though fully set forth herein.

38.     The allegations contained in paragraph 38 are denied.

39.     The allegations contained in paragraph 39 constitute conclusions of law to which no response is required.

40.     The allegations contained in paragraph 40 constitute conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent a response is otherwise deemed to be required, defendant denies.

41.     The allegations contained in paragraph 41 constitute conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent a response is otherwise deemed to be required, defendant denies.

## THIRD CLAIM FOR RELIEF

42.     Defendant reasserts its answers to the foregoing paragraphs as though fully set forth herein.

43.     The allegations contained in paragraph 43 constitute conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent a response is otherwise deemed to be required, defendant denies.

44.     The allegations contained in paragraph 44 are denied.

## FOURTH CLAIM FOR RELIEF

45.     Defendant reasserts its answers to the foregoing paragraphs as though fully set forth herein.

46.     Defendant denies that defendant is in violation of the FOIA, denies that defendant is in violation of the Privacy Act, and denies that defendant has failed to produce responsive documents.  The remaining allegations contained in paragraph 46 constitute conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent a response is otherwise deemed to be required, defendant denies.

47.     Defendant denies the allegations contained in paragraph 47.

The remainder of plaintiff's complaint contains plaintiff's prayer for relief, to which no response is required.  To the extent a response is deemed to be required, defendant denies that plaintiff is entitled to the relief sought in the Complaint, or to any relief whatsoever.

Defendant denies each and every allegation in the Complaint that has not heretofore been specifically answered or responded to.

WHEREFORE, having fully answered, defendant respectfully requests this Court to enter judgment in defendant's favor, dismiss plaintiff's complaint in its entirety with prejudice, and grant defendant costs, and such additional relief as the Court may deem appropriate.

Respectfully  submitted,

  Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

  Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

  s/Sherease Louis
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W., Room E4821
Washington, D.C. 20530
202-307-0895/ FAX 202-514-8780
sherease.louis@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that service of the foregoing Notice of Appearance was made by

depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

**ROBERT J. MCCARTHY**
78715 La Palma Drive
La Quinta, CA 92253

on this 9th day of April, 2007.

      /s Sherease Louis
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.,
Washington, D.C. 20530
(202) 307-0895