**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ROBERT J. MCCARTHY,** | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-0401 (PLF) |
| | ) |
| **U. S. DEPARTMENT OF THE INTERIOR,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

**FEDERAL DEFENDANTS' MOTION TO DISMISS OR,**
**IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT, AND**
**OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff brings this action seeking declaratory, injunctive and mandamus relief against

the United States Department of the Interior ("Department"), pursuant to the Freedom of

Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, to have the

Department release Plaintiff's official personal records as well as other records related to attorney

vacancies, hiring decisions, performance ratings and awards.  Because the requested records have

been released to the Plaintiff, the Department, by and through its undersigned attorneys, moves

the Court to dismiss the Complaint, in its entirety and with prejudice, on the grounds that the suit

is moot.  In the alternative, the Department moves the Court, pursuant to Fed.R.Civ.P. 56, for

summary judgment in its favor.[1]  In support of this motion, Defendant submits the

---

[1]  Plaintiff should take notice that any factual assertions contained in the documents in
support of this motion will be accepted by the Court as true unless the Plaintiff submits his own
affidavit or other documentary evidence contradicting the assertions in the documents.  *See Neal v.
Kelly*, 963 F.2d 453, 456-57 (D.C. Cir. 1992); *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988), and
Local Rule 7.1 and Fed. R. Civ. P. 56(e), which provide as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set
> forth such facts as would be admissible in evidence, and shall show affirmatively that
> the affiant is competent to testify to the matters stated therein.  Sworn or certified
> copies of all papers or parts thereof referred to in an affidavit shall be attached thereto
> or served therewith.  The court may permit affidavits to be supplemented or opposed

accompanying Memorandum of Points and Authorities, Declaration of Jack Hirsch, Personnel

Liaison, Office of the Solicitor ("SOL") of the Department, and accompanying Exhibits.

Respectfully submitted,

    Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

    Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

    s/Sherease Louis
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
202-307-0895/ FAX 202-514-8780
sherease.louis@usdoj.gov

**OF COUNSEL:**
Cindy Cafaro, Esq.
United States Department of the Interior
Washington, D.C.

---

by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROBERT J. MCCARTHY,** | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-0401 (PLF) |
| | ) |
| **U. S. DEPARTMENT OF THE INTERIOR,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

### DEFENDANTS' STATEMENT OF MATERIAL
### FACTS AS TO WHICH THERE IS NO GENUINE ISSUE

Pursuant to Federal Rule of Civil Procedure 56 and Local Civil Rule 7(h), Defendant respectfully submits the following statement of material facts as to which there is no genuine issue:

1.    By facsimile dated December 4, 2006, Plaintiff filed a request under the FOIA with the Department's Office of the Solicitor.   *See* Declaration of Jack Hirsch ¶ 3, Exh.  A.  The request sought the following documents:

a.    Documents that identify each and every attorney position within the Office of the Solicitor that has been filled by transfer, promotion, or other hiring process since April 20, 2005, including information that identifies each such position by title, location, and grade at which it was filled or is currently open, date the position became open, the date it was filled, the manner in which it was filled (i.e., transfer, promotion, new hire, etc.), and the identity of the person who filled the position.

b.    Documents that identify each and every attorney position within the Office of the Solicitor that has been identified as vacant since April 20, 2005, and that remains vacant as

of this date, that describe the position by title, location, and grade, and that indicate the date the position became open.

          c.      Documents that identify each and every award given to an attorney in the Office of the Solicitor since April 20, 2005; that identify the title of each award; the monetary or other benefits bestowed with the awards; the individual and agency that nominated and/or bestowed the award; the attorney who received the award; and the position of each such attorney by title, location, and grade.

          d.      Documents that identify the Numeric Summary Rating given to each attorney employee of the Office of the Solicitor on his or her most recent performance appraisal after April 20, 2005, but before September 30, 2006; that indicate for each such rating, the information by Division, Regional, or Field Office, by grade of the employee, and that identify any such employees who are management (i.e., Associate Solicitor, Assistant Solicitor, Regional Solicitor, Deputy Regional Solicitor, Associate Regional Solicitor, Assistant Regional Solicitor, Field Solicitor, etc.).  *See* Compl. ¶ 5; *see also* Hirsch Decl.¶ 3, Exh. A.

       2.      By facsimile dated December 4, 2006, Plaintiff filed a request under the Privacy Act for "all documents contained in the official personnel file of requester, that were created after April 20, 2005, or added to the file after that date."  *See* Compl. ¶ 5; *see also* Hirsch Decl.¶ 3, Exh. B.

       3.      By  facsimile dated January 17, 2007, Plaintiff filed an administrative appeal under the FOIA.  *See* Compl. ¶ 6; *see also* Hirsch Decl.¶ 4, Exh. C.

       4.      By  facsimile dated January 17, 2007, Plaintiff filed an administrative appeal under the Privacy Act.  *See* Compl. ¶ 6; *see also* Hirsch Decl.¶ 4, Exh. D.

5.      On February 23, 2007, the Department's FOIA and Privacy Act Appeals Officer, Darrell Strayhorn, issued a letter directing SOL to advise Plaintiff whether SOL would comply with Plaintiff's FOIA request.  *See* Hirsch Decl.¶ 7, Exh. E.

6.      On March 16, 2007, Ms. Strayhorn issued a letter notifying Plaintiff that the Privacy Act request was not submitted to the appropriate SOL official.  The letter also stated that because the Department had failed to return the Privacy Act request to Plaintiff and notify Plaintiff of the proper procedures for submitting a Privacy Act request, the Department would forward the request to SOL's personnel officer, Jack Hirsch.  *See* Hirsch Decl.¶ 8, Exh. F.

7.      On March 21, 2007, Plaintiff agreed to limit the scope of his FOIA request with respect to the third and fourth elements of his request.  Plaintiff's MSJ at 13; Hirsch Decl. .¶ 12, Exh. H and I.

8.      On March 23, 2007, the Department mailed Plaintiff a complete copy of his Official Personnel Folder ("OPF").  The OPF was received by Plaintiff on March 26, 2007.  *See* Plaintiff's Motion for Summary Judgment  ¶ 9; *see also* Hirsch Decl.¶ 11, Exh. G.

9.      On March 30, 2007, the Department released records to Plaintiff in response to his FOIA request.   Hirsch Decl.¶ 22, Exh. I.

10.    On May 15, 2007, the Department released additional records responsive to

Plaintiff's FOIA request.  Hirsch Decl.¶ 22, Exh. H.

Respectfully submitted,

_Jeffery A. Taylor_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_Rudolph Contreras_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_/s/Sherease Louis_____
SHEREASE LOUIS
Special Assistant United States Attorney
555 Fourth Street, N.W., Civil Division
Washington, D.C. 20530

**OF COUNSEL:**
Cindy Cafaro, Esq
United States Department of the Interior
Washington, D.C.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROBERT J. MCCARTHY,** | ) |
| | ) |
| Plaintiff, | ) |
| v. | )   Civil Action No. 07-0401 (PLF) |
| | ) |
| **U. S. DEPARTMENT OF THE INTERIOR,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

### MEMORANDUM OF POINTS AND AUTHORITIES
### IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT
### OR, IN THE ALTERATIVE, FOR SUMMARY JUDGMENT, AND
### OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The Freedom of Information Act ("FOIA") and the Privacy Act provide the district courts with jurisdiction to ensure that agency records are not improperly withheld.  *See* 5 U.S.C. § 552(a); 5 U.S.C. § 552a.  Because the records that Plaintiff seeks under the FOIA and under the Privacy Act have been released, the Defendant has fully met its obligation under the statutes.  As there is no material issue in dispute on this point, the Court should deny Plaintiff's Motion for Summary Judgment and dismiss the Complaint in its entirety and with prejudice or, alternatively, grant summary judgment in Defendant's favor.  *See* Fed. R. Civ. P. 56.

### ISSUE PRESENTED

On December 4, 2006, Plaintiff requested, through FOIA and the Privacy Act, that the Department release his official personnel records as well as other records concerning attorney vacancies, hiring decisions, performance ratings and awards. *See* Compl. ¶ 5; *see also* Hirsch Decl.¶ 3, Exh. A, B.  The sole issue in this case is whether Defendant has released the records that Plaintiff seeks under the FOIA and the Privacy Act.  Because the Department has released the records, the Complaint should be dismissed as moot or, alternatively, summary judgment should be granted in favor of the Defendant.

## THE FOIA[2]

The FOIA generally provides that any person has a right, enforceable in court, of access to federal agency records, except to the extent that such records (or portions thereof) are protected from mandatory disclosure by one of nine exemptions. *See* 5 U.S.C. § 552(b). Once an agency releases materials, however, there is no further need for judicial function under the FOIA statute. *Atkins v. Dep't of Justice*, No. 90-5095, 1991 WL 185084 (D.C.Cir. Sept.18, 1991) (unpub.)("The question whether DEA complied with the Freedom of Information Act's . . . time limitations in responding to [plaintiff's] request is moot because DEA has now responded to this motion."); *Landmark Legal Foundation v. E.P.A.*, 272 F.Supp.2d 59, 62-63 (D.D.C. 2003); *Trueblood v. U.S. Dept. of Treasury, I.R.S.*, 943 F.Supp. 64, 67 (D.D.C. 2003)("Regardless of how long it took the defendant to comply with a plaintiff's FOIA request, the case or controversy evaporates when the documents are released."); *Hornbostel v. U.S. Dept. of Interior*, No. CIV.A. 02-2523(RCL), 2003 WL 23303294, *4 (D.D.C. Aug. 7, 2003).

Plaintiff appears to misunderstand the purpose of the FOIA, and the remedies available under the Act. Namely, the primary purpose of a FOIA lawsuit is to gain access to, and obtain copies of, agency records. Once the responsive records have been provided, there is no additional relief that can be obtained. This is true even if the records were released after the federal complaint was filed, as in this case. *See Tijerina v. Walters*, 821 F.2d 789, 799 (D.C. Cir. 1987) ("[H]owever fitful or delayed the release of information . . . if we are convinced that [the

---

[2]    Because the Plaintiff admits he received a copy of his Official Personnel Folder ("OPF") on March 26, 2007, the Privacy Act issue with respect to release of Plaintiff's records is unquestionably moot. *See* Plaintiff's Motion for Summary Judgment ¶ 9; *see also* Hirsch Decl.¶ 11, Exh. G.

agency has] belatedly released all non-exempt material, we have no further judicial function to perform under the FOIA.") (quoting *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982)); *see also Webb v. Dep't of Health and Human Services,* 696 F.2d 101, 107-08 (D.C. Cir. 1982) ("Granting full access to the requested documents . . . terminates a FOIA action . . . ."). In short, Defendant's purported delay in providing the responsive information to Plaintiff does not warrant judicial relief because it is undisputed that Plaintiff ultimately received all of the information to which he legally was entitled to receive under the FOIA.

## STANDARD OF REVIEW FOR DISMISSAL UNDER RULE 56

Where no genuine dispute exists as to any material fact, summary judgment is required. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A genuine issue of material fact is one that would change the outcome of the litigation. *Id.* at 247. "The burden on the moving party may be discharged by 'showing' -- that is, pointing out to the [Court] -- that there is an absence of evidence to support the non-moving party's case." *Sweats Fashions, Inc. v. Pannill Knitting Co., Inc.*, 833 F.2d 1560, 1563 (Fed. Cir. 1987).

FOIA cases are typically decided on motions for summary judgment. *See Cappabianca v. Commissioner, U.S. Customs Serv.*, 847 F. Supp. 1558, 1562 (M.D. Fla. 1994) ("once documents in issue are properly identified, FOIA cases should be handled on motions for summary judgment") (citing *Miscavige v. IRS*, 2 F.3d 366, 368 (11th Cir. 1993)). In a FOIA suit, an agency is entitled to summary judgment once it demonstrates that no material facts are in dispute and that each document that falls within the class requested either has been produced, not withheld, is unidentifiable, or is exempt from disclosure. *Students Against Genocide v. Dept. of State*, 257 F.3d 828, 833 (D.C. Cir. 2001); *Weisberg v. U.S. Dept. of Justice*, 627 F.2d 365, 368 (D.C. Cir. 1980). An agency satisfies the summary judgment requirements in a FOIA case by

providing the Court and the Plaintiff with affidavits or declarations and other evidence which show that the documents in question were produced or are exempt from disclosure. *Hayden v. NSA*, 608 F.2d 1381, 1384, 1386 (D.C. Cir. 1979), *cert. denied*, 446 U.S. 937 (1980); *Church of Scientology v. U.S. Dept. of Army*, 611 F.2d 738, 742 (9th Cir. 1980); *Trans Union LLC v. FTC*, 141 F. Supp. 2d 62, 67 (D.D.C. 2001) (summary judgment in FOIA cases may be awarded solely on the basis of agency affidavits "when the affidavits describe 'the documents and the justifications for non-disclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'") (quoting *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981)). *See also Public Citizen, Inc. v. Dept. of State*, 100 F. Supp. 2d 10, 16 (D.D.C. 2000), *aff'd in part, rev'd in part*, 276 F.3d 634 (D.C. Cir. 2002).

## ARGUMENT

Plaintiff raises concerns about the records that the Department released to him concerning attorney vacancies, awards, and ratings. Specifically, Plaintiff states that the attorney vacancy information required him to deduce the number of vacancies, the award information should have contained more identifying information, and the ratings data were rounded-off. The concerns are addressed below.

**I.     The Department Is Not Required to Create New Documents that Conform to Plaintiff's Specifications.**

Item 2 of Plaintiff's FOIA request asks for:

Documents that identify each and every attorney position within the Office of the Solicitor that has been identified as vacant since April 20, 2005, and that remains vacant as of this date, that describe the position by title, location, and grade, and that indicate the date the position became open.

In a letter dated March 30, 2007, the Department provided Plaintiff with documents in its

possession that were responsive to this portion of his request.  *See* Hirsch Decl.¶ 22, Exh.I.

Plaintiff alleges that

> Defendant makes the implausible claim that "the office does not have a
> mechanism to track attorney vacancies."  Therefore no information is provided
> with respect to item 2 (vacancies).  At the very least, defendant could and should
> have produced documents showing those positions that were advertised and not
> filled during the specified period."  Certainly DOI knows what positions it posted,
> and it is a fairly simple matter of deduction to subtract the 33 attorney transfers,
> 52 promotions, 32 new hires, and 9 "pending approval" as described in response
> to item 1.

Plaintiff's MSJ at 12; *but see* Hirsch Decl.¶ 24.

The Department has released to Plaintiff copies of the records it had in its possession

concerning attorney vacancies.  *See* Hirsch Decl.¶ 24, Exh. I.  As stated in the Hirsch declaration,

the Department does not maintain documents that identify attorney positions as "vacant."  *Id.*  As is

evident from Plaintiff's own admission that "it is a fairly simple matter of deduction" to determine

the attorney vacancies, the information released to Plaintiff was sufficient to enable Plaintiff to

ascertain the number of attorney vacancies.  Hence, the Department has fulfilled its obligation

under the FOIA.  *See, e.g., Poll v. United States Office of Special Counsel*, No. 99-4021, 2000 WL

14422, at \*5 n.2 (10th Cir. Jan. 10, 2000) (recognizing that the FOIA does not require an agency

"'to create documents or opinions in response to an individual's request for information'" (quoting

*Hudgins v. IRS*, 620 F. Supp. 19, 21 (D.D.C. 1985)).  Therefore, this issue is moot.

## II.    FOIA's Exemption 6 Permits the Department to Withhold Identifying Information Concerning Attorney Awards.

While "the mandate of the FOIA calls for broad disclosure of Government records,"

Congress recognized that "public disclosure is not always in the public interest" and accordingly

provided nine exemptions to the FOIA.  *CIA v. Sims*, 471 U.S. 159, 166-67 (1985).  Exemption 6

protects "personnel and medical files and similar files the disclosure of which would constitute a

clearly unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6).  Personal information

such as performance ratings, evaluations and awards, are entitled to protection under Exemption

6. *See, e.g., Ripskis v. Department of Hous. & Urban Dev.*, 746 F.2d 1, 3-4 (D.C.Cir.1984)

(performance ratings); *Metropolitan Life Ins. Co. v. Usery*, 426 F.Supp. 150, 167-69

(D.D.C.1976) (performance evaluations), *aff'd,* 736 F.2d 727 (D.C.Cir.1984).

Initially, Plaintiff had requested:

[d]ocuments that identify each and every award given to an attorney in the Office
of the Solicitor since April 20, 2005; that identify the title of each award; the
monetary or other benefits bestowed with the awards; the individual and agency
that nominated and/or bestowed the award; the attorney who received the award;
and the position of each such attorney by title, location, and grade.

Compl. ¶ 5; Plaintiff's MSJ ¶ 5; Hirsch Decl.¶ 3, Exh. A.

However, Plaintiff admits that he subsequently "agreed that no identities or locations

need be provided with respect to item 3 (awards) . . . and item 4 (performance ratings) . . . only to

the extent of defendant's representations that disclosure would violate privacy interests."

Plaintiff's MSJ at 13.

In fact, Plaintiff agreed to further limit the scope of his request, as reflected in

Defendant's cover letter, dated March 30, 2007.  Hirsch Decl., Exh. I.  In two letters[3] dated,

---

[3]    The allegations in Plaintiff's MSJ regarding the conflicting data tables released by the
Department in response to the third element of Plaintiff's FOIA request caused the Department to
review the data tables it had released to the Plaintiff.  Hirsch Decl.¶ 12-16, 22, Exh. H, I. At that
time, the Department discovered that the released data  was flawed.  *Id.*  As a result, a new search
was performed.  *Id.*  On May 15, 2007, the Department released additional information responsive
to Plaintiff's FOIA request.  *Id.*

6

March 30, 2007, and May 15, 2007, Defendant released information in response to Plaintiff's

agreement to narrow the scope of his request.  In the response dated March 30, 2007, Defendant

enclosed a cover letter stating:

> [f]or the third element of your request, you agreed to accept, as fully responsive to
> your request, a list of each and every award given to an attorney in the Office
> since April 20, 2005; showing the title of each award; the monetary or other
> benefits bestowed with the awards; and whether the recipient of the award was a
> supervisory or nonsupervisory attorney.
>
> For the fourth element of your request, you agreed to accept, as fully responsive to
> your request, a list of the Numeric Summary Rating given to each attorney
> employee of the Office on his or her most recent performance appraisal after April
> 20, 2005, but before September 30, 2006.

Hirsch Decl., Exh. I.

Prior to April 16, 2007, when Plaintiff filed his MSJ, Plaintiff did not dispute or

otherwise indicate an objection to Defendant's characterization of Plaintiff's narrowed FOIA

request.  Hirsch Decl. ¶ 12, 13, 18.  Defendant subsequently released the records of attorney

awards without identifying the names or locations of individual attorneys.  Hirsch Decl.¶ 12-16,

22, Exh. H, I.  Plaintiff now argues that Defendant should release additional identifying

information concerning the awards and performance ratings, and cites to Defendant's release of

identifying information in the context of a discovery request in an MSPB lawsuit.  *Id.*

Plaintiff's Complaint and MSJ repeatedly and extensively reference his ongoing litigation

with the Defendant before the MSPB.  Compl. ¶¶ 8-24; Plaintiff's MSJ, *generally,* at 28-40.  The

purpose of the FOIA, however, is not as a discovery supplement for Plaintiff's MSPB litigation.

*See Nishnic v. U.S. Dept. of Justice*, 671 F. Supp. 776, 791(D.D.C.,1987) ("[t]he Supreme Court

has indicated that FOIA is emphatically not designed for use as a general discovery device for

purposes of civil or criminal litigation."), *citing United States v. Weber Aircraft Corp.*, 465 U.S. 792, 801, 104 S.Ct. 1488, 1493 (1984) ("Supreme Court has consistently rejected a construction of FOIA that would allow it to be used to supplement civil discovery"); *see also Public Citizen Health Research Group v. Food and Drug Administration*, 997 F. Supp. 56, 72 (D.D.C. 1998) ("discovery is to be sparingly granted in FOIA actions."), *aff'd in part, rev'd in part & remanded on other grounds*, 185 F.3d 898 (D.C.Cir.1999); *Code v. FBI*, 1997 WL 150070 at * 8 (D.D.C. March 26, 1997) (noting that discovery "is not often part of the litigation process in FOIA actions"); *see also Katzman v. Freeh*, 926 F. Supp. 316, 319 (E.D.N.Y. 1996) ("discovery in a FOIA action is extremely limited"); *Judicial Watch, Inc. v. Dep't. of Justice* (" Judicial Watch II"), 185 F. Supp. 2d 54, 65 (D.D.C.2002) (noting that "[d]iscovery is not favored in lawsuits under the FOIA"); *Goland v. CIA,* 607 F.2d 339, 352 (D.C. Cir. 1978).

Because Plaintiff admits that he agreed to narrow his request, and the Department subsequently released records responsive to Plaintiff's narrowed request, this issue is moot. Further, Plaintiff is not entitled to have additional information that could potentially identify individuals with their amount of their awards, as he has failed to identify any public interest that outweighs the protected privacy interests in disclosing further identifying information. *See Ripskis v. Department of Hous. & Urban Dev.*, at 10-11. ("[d]isclosure will be likely to spur unhealthy comparisons among . . . employees and thus breed discord in the workplace.")

### III.    Defendant Has Provided Documents That Identify the Attorney Ratings.

Plaintiff initially requested

Documents that identify the Numeric Summary Rating given to each attorney employee of the Office of the Solicitor on his or her most recent performance appraisal after April 20, 2005, but before September 30, 2006; that indicate for

8

each such rating, the information by Division, Regional, or Field Office, by grade of the employee, and that identify any such employees who are management (i.e., Associate Solicitor, Assistant Solicitor, Regional Solicitor, Deputy Regional Solicitor, Associate Regional Solicitor, Assistant Regional Solicitor, Field Solicitor, etc.).

As discussed in section I, *supra*, Plaintiff agreed to limit the scope of this request.  In response, Defendant released a 10-page report that listed appraisal data (or its absence) for 331 attorneys employed by SOL during either and/or both rating periods.  Hirsch Decl.¶ 19-20, Exh. I. Plaintiff alleges that the documents Defendant released do not provide the actual ratings, but instead round the rating numbers off.  Plaintiff's MSJ at 15.  The Department does not maintain fractional numbers, as described by Plaintiff, as an employee's official rating.  Hirsch Decl.¶ 19-20.  Instead, fractional numbers are an interim step in deriving an employee's official rating of record, but they are not the employee's official rating of record.  *Id.*  An employee's official rating of record is a whole number.  *Id.*  These whole numbers were released to Plaintiff.  *Id.*  While the official rating of record is the number maintained in the Department's personnel records system, the steps followed to arrive at this number (including the fractional numbers referenced by Plaintiff) are not maintained in the Department's personnel records system.  *Id.*

IV.    **Plaintiff Is Entitled To Neither Fees Nor Costs.**

Plaintiff is not entitled to attorney's fees because he is representing himself in this lawsuit.

Additionally, Plaintiff has not been assessed any fees in relation to either of the  requests at issue

in this litigation.  Hirsch Decl.¶ 28.  Section 552(a)(4)(E) of the FOIA provides that a court "may

assess against the United States reasonable attorney fees and other litigation costs reasonably

incurred in any case under this section in which the complainant has substantially prevailed."  In

*Benavides v. Bureau of Prisons*, 993 F.3d 257, 259 (D.C. Cir. 1993), the Court of Appeals

reversed its earlier position set forth in *Cox v. United States Dept. of Justice*, 601 F.2d 1 (D.C. Cir.

1979), and held that *pro se* litigants are *not* entitled to attorney fees under section 552(a)(4)(E).

*See also Trueblood v. Internal Revenue Service*, 943 F.Supp. 64, 69 (D.D.C. 1996).  Accordingly,

there is no legal basis to award Plaintiff -- who is *pro se* -- attorney fees.

In any event, Plaintiff is entitled to neither attorney fees or litigation costs because he has

not "substantially prevailed" within the meaning of the statute.  In *Oil, Chemical And Atomic*

*Workers Int'l Union v. Department of Energy*, 288 F.3d 452 (D.C. Cir. 2002), the Court of

Appeals held that the Supreme Court's recent opinion in *Buckhannon Board & Care Home, Inc. v.*

*West Virginia Department of Health and Human Resources*, 121 S.Ct. 1835 (2001) – rejecting the

"catalyst" theory for determining whether a party has "prevailed" for purposes of fee-shifting

statutes -- applies in the FOIA context.  Specifically, the Court of Appeals held that "in order for

plaintiffs in FOIA actions to become eligible for an award of attorney's fees, they must have 'been

awarded some relief by [a] court,' **either in a judgment on the merits or in a court-ordered consent decree**." *See Oil, Chemical And Atomic Workers*, at 456-57 (emphasis added).[4]

Here, Plaintiff has not been awarded any court-ordered relief, either by a judgment on the merits or by a consent decree. On the contrary, all of the records responsive to Plaintiff's request were voluntarily released by Defendant. Accordingly, Defendant respectfully submits that Plaintiff is entitled to neither attorney's fees nor litigation costs in this case.

## V.    Plaintiff Has Not Shown That He Is Entitled to Injunctive or Mandamus Relief.

### A.    Injunctive Relief

It is well established that an injunction is an extraordinary and drastic remedy and should not be granted unless the movant, by a clear showing, carries its burden of persuasion. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997); *Varicon Int'l. v. OPM*, 934 F. Supp 440, 442 (D.D.C. 1996). To obtain a preliminary injunction, a movant must show, (1) a substantial likelihood of success on the merits, (2) that it would be irreparably harmed if the injunction is not granted, (3) that the injunction would not substantially injure other interested parties, and (4) that the public interest would be furthered by the injunction. *See Davenport v. Int'l Brotherhood of Teamsters, AFL-CIO*, 166 F.3d 356, 360 (D.C. Cir. 1999); *World Duty Free Americas, Inc. v. Summers*, 94 F. Supp. 2d 61, 64 (D.D.C. 2000). These four factors interrelate on a sliding scale, *Davenport*, 166 F.3d at 360-361, however, a significant failure of proof with respect to any one factor may warrant the refusal of *pendente lite* relief and require the movant to await the

---

[4]    Although this sentence does not mention costs, the Court of Appeals makes it clear elsewhere in its opinion that its holding applies to both fees and costs. *See, e.g., id.* at 454, 457; *see also* 5 U.S.C. § 552(a)(4)(E) (the same standard – "substantially prevailed" – applies to both fees and costs).

conclusion of the case, *Time Warner Entertainment Co. v. FCC*, 810 F. Supp. 1302, 1304 (D.D.C. 1992).  In particular, a failure to show a substantial likelihood of success on the merits requires a very strong showing on the other three factors to warrant injunctive relief.  *See Davenport*, 166 F.3d at 166.  Furthermore, some showing of irreparable injury is always required since "the basis for injunctive relief in the federal courts has always been irreparable harm."  *See CityFed Financial Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 747 (D.C. Cir. 1995); *Varicon*, 934 F. Supp. at 444 (quoting *Kentron-Hawaii, Ltd. v. Warner*, 480 F.2d 1166, 1169 (D.C. Cir. 1973).  Because Plaintiff has not shown a substantial likelihood of success on the merits, that he would be irreparably harmed if an injunction is not granted, or that the public interest would be furthered by an injunction, Plaintiff is not entitled to injunctive relief.

### B.    Mandamus Relief

Issuance of a writ of mandamus is a drastic remedy to be invoked only in extraordinary situations.  *See Chatman-Bey v. Thornburgh*, 864 F.2d 804, 806 n. 2 (D.C. Cir. 1988).  It is granted only when essential to the interests of justice.  *See Starnes v. McGuire*, 512 F.2d 918, 929 (D.C. Cir. 1974)(en banc); *Haneke v. Secretary of HEW*, 535 F.2d 1291, 1296 (D.C. Cir. 1976); *In Re Tripati*, 836 F.2d 1406, 1407 (D.C. Cir. 1988).  While a federal district court has authority to issue a writ of mandamus pursuant to 28 U.S.C. § 1361, its issuance is not required; rather, mandamus is issued at the  discretion of the Court.  *National Wildlife Federation v. United States*, 626 F.2d 917, 923 (D.C. Cir. 1980).

Mandamus generally will not issue unless there is a clear right in the Plaintiff to the relief sought, a plainly defined and nondiscretionary duty on the part of the defendant to honor that right, and no other adequate remedy, either judicial or administrative, available.  *Northern States*

*Power Co. V. U.S. Dep't of* Energy, 128 F.3d 754, 758 (D.C.Cir. 1997); *Ganem v. Heckler*, 746

F.2d 844, 852 (D.C. Cir. 1984); *accord In Re Lane*, 801 F.2d 1040, 1042 (8th Cir. 1986);

*Homewood Professional Care Center, Ltd. v. Heckler*, 764 F.2d 1242, 1251 (7th Cir. 1985); *Jones*

*v. Alexander*, 609 F.2d 778 (5th Cir. 1980); *Billiteri v. U.S. Board of Parole*, 541 F.2d 938 (2nd

Cir. 1976).

     The requirement of a clear duty to act has been interpreted to mean that the duty of the

federal officer sued must be "ministerial, plainly defined and peremptory." *Jeno's Inc. v.*

*Commissioner of Patents and Trademarks*, 498 F. Supp. 472, 476 (D. Minn. 1980).  The act

sought to be compelled must be "a clear nondiscretionary duty."  *Pittston Coal Group v. Sebben*,

109 S. Ct. 414, 424 (1988).  *Accord, Nova Stylings, Inc. v. Ladd*, 695 F.2d 1179 (9th Cir. 1983);

*Welch v. Donovan*, 551 F. Supp. 809 (D.D.C. 1982).  "It is well settled that a writ of mandamus is

not available to compel discretionary acts."  *Cox v. Secretary of Labor*, 739 F. Supp. 28, 30

(D.D.C. 1990)(citations omitted).

     Here, Plaintiff has not shown a clear right to the relief sought, a plainly defined and

nondiscretionary duty on the part of the defendant to honor that right, or that no other adequate

remedy, either judicial or administrative, is available.  In fact, Defendant has released its records

in response to Plaintiff's FOIA and Privacy Act requests.  *See* Hirsch Decl. and attached Exhibits.

Because Defendant has released the requested records, Plaintiff's lawsuit is moot.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court deny Plaintiff's

Motion for Summary Judgment, enter judgment in Defendant's favor, and dismiss the Complaint

in its entirety with prejudice.

Respectfully submitted,

_____Jeffrey A. Taylor_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____Rudolph Contreras_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

_____s/Sherease Louis_____
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W., Room E4821
Washington, D.C. 20530
202-307-0895/ FAX 202-514-8780
sherease.louis@usdoj.gov

**OF COUNSEL:**
Cindy Cafaro, Esq.
United States Department of the Interior
Washington, D.C.

14

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ROBERT J. MCCARTHY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 07-0401 (PLF) |
| | ) | |
| **U. S. DEPARTMENT OF THE INTERIOR,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that service of the Motion to Dismiss Or, In the Alternative, for Summary Judgment, and Opposition to Plaintiff's Motion for Summary Judgment, has been made through the Court's electronic transmission facilities and by depositing a copy of thereof in the U.S. Mail, first class postage prepaid, addressed to:

**ROBERT J. MCCARTHY**
78715 La Palma Drive
La Quinta, CA 92253

on this 25th day of May, 2007.

/s Sherease Louis
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.,
Washington, D.C. 20530
(202) 307-0895

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ROBERT J. MCCARTHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:07CV00401 |
| ) | |
| UNITED STATES DEPARTMENT ) | |
| OF THE INTERIOR, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DECLARATION OF JACK HIRSCH**

I, Jack Hirsch, hereby declare as follows:

1. I have been employed by the Office of the Solicitor ("SOL"), United States Department of the Interior ("Department"), since June 1983. I am currently the Personnel Liaison for SOL and I have held this position since December 1986. As such, I serve as data custodian for SOL data contained in the Department's Federal Personnel/Payroll System ("FPPS"). All information herein is based upon my personal knowledge and/or experience and/or my personal review of Plaintiff's Freedom of Information Act ("FOIA") request and Privacy Act request and documents or upon information furnished to me in my official capacity.

2. The Department operates a decentralized FOIA and Privacy Act program, in which the various bureaus, activities, and agency components separately process and respond to FOIA and Privacy Act requests addressed to them.

3. By facsimile dated December 4, 2006, Plaintiff made two requests—one under the FOIA and one under the Privacy Act—to SOL (copies of these requests are attached as Exhibits A & B).

4. By facsimiles dated January 17, 2007, Plaintiff made two appeals—one under FOIA and one under the Privacy Act—to Darrell Strayhorn, the Department's FOIA and Privacy Act Appeals Officer (copies of these appeals are attached as Exhibits C & D).

5. On January 30, 2007, Collette Clark, SOL's then-Acting FOIA Officer and then-Acting Privacy Act Officer (as of April 3, 2007, Ms. Clark is no longer acting in either capacity) requested that I respond to Plaintiff's FOIA request as part of my official responsibilities. I began to search shortly thereafter, by designing and searching queries in the FPPS, but was unable to complete my search due to the press of other business and concerns about disclosable and nondisclosable information.

6. On February 2, 2007, Ms. Clark further requested that I respond to Plaintiff's Privacy Act request.

7. Ms. Strayhorn made a determination related to Plaintiff's FOIA appeal on February 23, 2007 (a copy of this determination is attached as Exhibit E).

8.  Ms. Strayhorn made a determination related to Plaintiff's Privacy Act appeal on March 16,

2007 (a copy of this determination is attached as Exhibit F).  This determination specifically

directed me to respond to Plaintiff's Privacy Act request.

9.  I informed Ms. Strayhorn that I did not have the capacity to respond to Plaintiff's Privacy Act

request, but that the Minerals Management Service ("MMS")—the bureau that provides

personnel services for SOL, including maintaining the Official Personnel Folders ("OPF") of

SOL employees—would have that capacity.

10.  After this discussion, on March 21, 2007, I notified Kristine Smith (Servicing Human

Resource Specialist) of MMS that a request for Plaintiff's OPF would be forthcoming.  Ms.

Smith forwarded my message to Carl Craft (Personnel Assistant), also a MMS employee.

11.  In response to this notification, without further direction from SOL, on March 23, 2007, Mr.

Craft sent Plaintiff a complete copy of his OPF via Federal Express (a copy of the Federal

Express tracking sheet is attached as Exhibit G).

12.  On March 23, 2007, Cindy Cafaro, Attorney-Advisor, SOL, informed me that on March 21,

2007, in a telephone conversation with Sherease Louis, Special Assistant United States Attorney,

Department of Justice, and Ms. Cafaro, Plaintiff had agreed to limit the scope of the third and

fourth elements of his FOIA request.  This agreed-upon limitation in scope occurred after Ms.

Louis and Ms. Cafaro explained that the Department would not be able to fully release the

information Plaintiff originally requested, due to the fact that some of the requested information is protected under FOIA's Exemption 6, which permits the government to withhold all information about individuals in "personnel and medical files and similar files" when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." Plaintiff indicated that he understood these concerns, as he acknowledges in his Motion for Summary Judgment ("Motion"). Therefore, during this discussion, Plaintiff himself chose which portions of the third and fourth elements of his FOIA request would remain within the scope of his request and which he would no longer seek as part of his FOIA request. In other words, Plaintiff expressly agreed to limit the scope of the third and fourth elements of his FOIA request.

13. For the third element of Plaintiff's FOIA request, Plaintiff agreed to accept, as fully responsive to his request, a list of each and every award given to an attorney in the Office since April 20, 2005; showing the title of each award; the monetary or other benefits bestowed with the award; and whether the recipient of the award was a supervisory or nonsupervisory attorney. In other words, Plaintiff expressly agreed to narrow the scope of his request so that the following information would no longer be responsive to his request: the individual and the agency that nominated and/or bestowed the award, the attorney who received the award, and the position of each such attorney by title, location, and grade.

14. The allegations in Plaintiff's Motion regarding the data I provided to him in response to the third element of his FOIA request caused me to review the two tables that I provided to Plaintiff as responsive to the third element of his FOIA request, as well as the tools that I had used to

generate these tables. Although the data came from a single database, and the only change I intended to make when generating the two tables was in the way in which data were arrayed, Plaintiff is correct that the results in the two tables are clearly different, which I would have realized had I more closely inspected the tables before providing them to Plaintiff.

15. Moreover, when I applied a query tool different from those used to generate the first two tables to the database in question, I discovered that a significantly higher number of awards had been granted than were reflected in either of the original tables I generated in response to the third element of Plaintiff's FOIA request. I therefore issued a supplemental response attaching a revised table on May 15, 2007 (a copy of this supplemental response is attached as Exhibit H). I have reviewed the material contained in this revised table against the original database and I have run additional queries testing the data. I am confident that this revised table is a complete response to the third element of Plaintiff's request, as modified.

16. I have been able to replicate the searches that led to the flawed original tables and have obtained the same flawed results. I am, however, currently unable to explain why the flaws occurred. I have forwarded my reports to the Department's Data Warehouse staff and requested their assistance in identifying the cause of these flawed results.

17. With respect to the third footnote in Plaintiff's Motion, I note that the award amounts provided (both in the earlier flawed reports and in the attached report) are the gross, pre-tax amounts entered into the personnel and payroll system for the actions processed. As Plaintiff's Motion notes, no dollar amount was entered for Quality step increases. This was not an

oversight; Quality step increases are salary increases, not lump-sum awards. Therefore, the benefit of such increases stays with an employee over an extended period of time and is not amenable to characterization as a lump-sum award.

18. For the fourth element of Plaintiff's FOIA request, Plaintiff agreed to accept, as fully responsive to his request, a list of the Numeric Summary Ratings given to each attorney employee of the Office on his or her most recent performance appraisal after April 20, 2005, but before September 30, 2006. In other words, Plaintiff expressly agreed to narrow the scope of his request so that the following information would no longer be responsive to his request: performance appraisal data identifying employees by name, location, organizational unit, grade, and management status.

19. With respect to the rating data for attorneys: Plaintiff was provided a 10-page report that listed appraisal data (or its absence) for 331 attorneys employed by SOL during either and/or both rating periods. Of these, 311 actual appraisals were given for the rating period that ended on September 30, 2006, and 292 actual appraisals were given for the rating period that ended December 31, 2005. The differences in numbers between the ratings provided and the total number of employees listed are due to employee turnover during the two rating periods and the absence of ratings for some employees.

20. The manner in which Plaintiff's Motion describes the Department's rating system misstates the concept of the rating of record. The fractional numbers described by Plaintiff are an interim step in deriving an employee's official rating of record, but they are not the employee's official

rating of record. Instead, the employee's official rating of record is the whole number, which was provided to Plaintiff. This official rating of record is the number maintained in the Department's personnel records system; steps followed to arrive at this number (including the fractional numbers referenced by Plaintiff) are not maintained in the Department's personnel records system.

21. In response to the narrowed scope of the third and fourth elements of the FOIA request, from March 23, 2007 to March 30, 2007—and again on May 4, 2007, in response to issues raised by Plaintiff, as discussed above—I designed and searched new queries in the Datamart, which is the Department's database and query tool for obtaining data from FPPS. The following data fields were searched and used to create the tables and information which was provided: occupational series (used to identify attorneys), most recent rating of record (i.e., the rating period ending September 30, 2006), the second most recent rating of record (i.e., the rating period ending December 31, 2005), the nature of personnel action processed (shown on the tables as Noa Narr 1), employee names, position titles, effective date of personnel actions, sub bureau (i.e., Headquarters Division or field Region), organization codes (Headquarters branches or field offices), supervisory station, pay plan, grade, duty station, effective date proposed (for pending personnel actions), transaction number (identifying pending actions in Datamart), and types and amounts of awards.

22. On March 30, 2007, I issued what I believed to be a full response (to the extent that records existed) to Plaintiff's revised FOIA request (a copy of the response letter, along with the attachments thereto, is attached as Exhibit I) on behalf of the Department. The information

provided to Plaintiff represented our good faith effort to respond to his request. As discussed above, because Plaintiff correctly noted that the tables provided in response to the third element of his FOIA request were flawed, I issued a supplemental response on May 15, 2007, attaching a revised table in response to the third element of his FOIA request, as revised (Exhibit H).

23. I conducted the search for records responsive to Plaintiff's FOIA request in good faith (including the portion of my search that initially proved to be incomplete as to the third element of Plaintiff's FOIA request) and my search was reasonably calculated to uncover all responsive documents.

24. While Plaintiff may describe our response to the second element of his FOIA request as "implausible," the fact remains that we do not maintain documents that identify attorney positions as "vacant."

25. In response to Plaintiff's allegations regarding his Privacy Act request, I note that on March 23, 2007, Plaintiff was sent a full copy of his OPF. This is includes all the information that Plaintiff requested in his December 4, 2006 Privacy Act request, as well as additional information—as it includes the entirety of his OPF. Therefore, Plaintiff's Privacy Act request was more than completely fulfilled in under four months. Although I am not personally familiar with the Privacy Act intricacies that Plaintiff addresses his Argument in Support of his Second Claim for Relief, I believe that the fact that the Department has completely responded to Plaintiff's Privacy Act request makes his argument irrelevant and will not further address it here. Further, I am completely unaware of any intentional or willful violations of the Privacy Act, as

alleged in Plaintiff's Argument in Support of his Third Claim for Relief. Finally, I am unaware of any adverse impacts on Plaintiff arising from his waiting four months before receiving a more-than-full response to his Privacy Act request.

26. I additionally note that the FOIA requests that Plaintiff references in his Argument in Support for his Fourth Claim for Relief were addressed to other components of the Department and are in no way at issue in this litigation.

27. Therefore, no information has been withheld from Plaintiff under either FOIA or the Privacy Act under either of the requests at issue in this litigation. In other words, there is no information at issue in this litigation that has not been released to Plaintiff.

28. Plaintiff has not been charged fees in relation to either of the requests at issue in this litigation.

29. Plaintiff's ongoing Merit System Protection Board proceedings in no way impacted my processing of Plaintiff's requests or, to my knowledge, any other Department employee's processing of Plaintiff's requests.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this _22_ day of May, 2007

Jack Hirsch
Office of the Solicitor
Department of the Interior

Dec. 4, 2006

Robert J. McCarthy
78715 La Palma Drive
La Quinta CA 92253
(760) 360-7828 (office)
(760) 416-8619 (home)

Fax: (760) 416-8719 (office)

FOIA Officer
Office of the Solicitor
MS-7456, MIB
1849 C St NW
Washington DC 20240

Fax 202-208-5206

RE: FOIA Request

Dear FOIA Officer:

Pursuant to the Freedom of Information Act, I request copies of the records described below. I request that fees be waived. Category of requestor is "Other Requestors". Release of the documents will likely contribute to public understanding of the operations or activities of the Government, in that they are relevant to disclosures made by requester pursuant to the Whistleblower Protection Act, and allegations of retaliation that are pending before the Merit Systems Protection Board. In the event a fee waiver is not granted, I am willing to pay fees up to amount of $100. I request Expedited Processing because the request involves the potential loss of substantial due process rights. The foregoing is true and correct to the best of my knowledge and belief.

Description of Records:

1. Documents that identify each and every attorney position within the Office of the Solicitor that has been filled by transfer, promotion or other hiring process since April 20, 2005, including information that identifies each such position by title, location and grade at which it was filled or is currently open, date the position became open, the date it was filled, the manner in which it was filled (i.e., transfer, promotion, new hire, etc.), and the identity of the person who filled the position.

2. Documents that identify each and every attorney position within the Office of the Solicitor that has been identified as vacant since April 20, 2005 and that remains vacant as of this date, that describe the position by title, location and grade, and that indicate the date the position became open.

Exhibit A

3.  Documents that identify each and every award given to an attorney in the Office of the Solicitor since April 20, 2005; that identify the title of each award; the monetary or other benefits bestowed with the award; the individual and the agency that nominated and / or bestowed the award; the attorney who received the award; and the position of each such attorney by title, location and grade.

4.  Documents that identify the Numeric Summary Rating given to each attorney employee of the Office of the Solicitor on his or her most recent Performance Appraisal after April 20, 2005, but before September 30, 2006; that indicate for each such rating, the information by Division, Regional or Field Office, by grade of the employee, and that identify any such employees who are management (i.e. Associate Solicitor, Assistant Solicitor, Regional Solicitor, Deputy Regional Solicitor, Associate Regional Solicitor, Assistant Regional Solicitor, Field Solicitor, etc.).

Please let me know if you have any questions.  Thank you.

Robert J. McCarthy

Dec. 4, 2006

Robert J. McCarthy
78715 La Palma Drive
La Quinta CA 92253
(760) 360-7828 (office)
(760) 416-8619 (home)

Fax: (760) 416-8719 (office)

Privacy Act Officer
Office of the Solicitor
MS-7456, MIB
1849 C St NW
Washington DC 20240

Fax 202-208-5206

RE: "Privacy Act Request for Access"

Dear Privacy Act Officer:

I am a Field Solicitor for the Department of the Interior. My place of employment is 901 E. Tahquitz Canyon, Suite C-101, Palm Springs CA 92263. Please provide copies of the Records described below, pursuant to the Privacy Act. I am willing to pay fees up to amount of $100.

Description of records: (1) All documents contained in the official personnel file of requester, that were created after April 20, 2005, or added to the file after that date.

Please let me know if you have any questions. Thank you.

Robert J. McCarthy

Exhibit B

Rec'd n sor
1/19/07
AS
2007.051

# FAX

January 17, 2007

> Robert J. McCarthy
> 78715 La Palma Drive
> La Quinta CA 92253
> (760) 360-7828 (home)
> (760) 416-8619 (office)
> e-mail: **wangari@verizon.net**

Ms. Darell Strayhorn
FOIA Appeals Officer
U.S. Dept. of the Interior
MS-3071, MIB
1849 C Street, NW
Washington, DC 20240

**VIA FAX: 202/208-6677**

Dear Ms. Strayhorn:

On December 4, 2006, I submitted a FOIA request by fax to the Office of the Solicitor. A copy of that request is attached. On January 3, 2007, I called for a third time, having left two messages the prior week requesting a return call, and finally spoke with the FOIA Officer. She informed me that she recalled seeing the request but that it could not then be located. I immediately faxed a copy. On January 12 I left another message seeking information on the status of the request. I have gotten no response.

I appeal the foregoing denial of my request on the grounds of 43 CFR 2.28(a) (1), (3), (4), (5), (6), and (7).

Robert J. McCarthy

Exhibit C

# FAX

January 17, 2007

Robert J. McCarthy
78715 La Palma Drive
La Quinta CA 92253
(760) 360-7828 (home)
(760) 416-8619 (office)
e-mail: **wangari@verizon.net**

Privacy Act Officer
Office of the Assistant Secretary – Policy, Budget and Administration
U.S. Dept. of the Interior
MS-3071, MIB
1849 C Street, NW
Washington, DC 20240

**VIA FAX: 202/208-6677**

Dear Privacy Act Officer:

On December 4, 2006, I submitted a Privacy Act request by fax to the Office of the Solicitor. A copy of that request is attached. On January 3, 2007, I called for a third time, having left two messages the prior week requesting a return call, and finally spoke with the FOIA Officer. She informed me that she recalled seeing the request but that it could not then be located. I immediately faxed a copy. On January 12 I left another message seeking information on the status of the request. I have gotten no response.

I appeal the foregoing denial of my request pursuant to 43 CFR 2.65. Pursuant to 43 CFR 2.64(a), a request such as this must be "granted promptly."

Robert J. McCarthy

Exhibit D



# United States Department of the Interior

OFFICE OF THE SOLICITOR
Washington, D.C. 20240



IN REPLY REFER TO:

Robert J. McCarthy                    FEB **2 3** 2007
78715 La Palma Drive
La Quinta, CA 92253

Dear Mr. McCarthy:

This responds to the January 17, 2007, Freedom of Information Act ("FOIA") appeal ("appeal") **(No. 2007-051)** that you filed with the Department of the Interior ("Department"). You filed this appeal because the Office of the Solicitor ("SOL") has failed to timely respond to a December 4, 2006, FOIA request that you transmitted to it via facsimile on that same date. *See 5 U.S.C. § 552 (a)(6)(A)(i)* (requiring an agency to determine within 20 workdays after the receipt of a FOIA request whether it will comply with such a request (i.e., grant or deny the request (or any portion thereof)). Your FOIA request seeks documents that identify every attorney position within SOL that has been filled by transfer, promotion or other hiring process since April 20, 2005; every attorney position that has been identified as vacant since April 20, 2005 and remains vacant as of the date of the FOIA request; every award given to an attorney in SOL since April 20, 2005; and the Numeric Summary Rating given to each attorney in SOL on his or her most recent Performance Appraisal after April 20, 2005, but before September 30, 2006.

Since SOL has not provided the Department with any information that explains why it has not responded to your FOIA request within the statutory time limit set in the FOIA, as the Department directed it to do, the Department will presume that SOL does not have an explanation as to why the processing of your FOIA request has been delayed. Therefore, **by copy of this letter, SOL is directed to advise you whether it will comply with your FOIA request (i.e., grant or deny the request (or any portion thereof)) within 10 workdays of the date of this letter, with a copy of the response to this office.**

If you have any questions regarding your appeal, you may contact me at (202) 208-5339.

Sincerely,

Darrell R. Strayhorn
FOIA Appeals Officer
Department of the Interior

cc: Colette Clark, FOIA Officer, SOL **(FOR IMMEDIATE ACTION)**
    Edward Keable, Associate Solicitor-Administration, SOL
    Craig Littlejohn, Chief Information Officer, SOL

Exhibit E



# United States Department of the Interior

OFFICE OF THE SOLICITOR
Washington, D.C. 20240



TAKE PRIDE
IN AMERICA

IN REPLY REFER TO:
Appeal No. PA2007-001

**MAR 1 5 2007**

Robert J. McCarthy
78715 La Palma Drive
La Quinta, CA 92253

Dear Mr. McCarthy:

This responds to the January 17, 2007, Privacy Act appeal ("appeal") ((**Appeal Number PA2007-001**) that you submitted to the Department of the Interior ("Department"). Your appeal concerns the Office of the Solicitor's ("SOL") alleged failure to respond to a December 4, 2006, "'Privacy Act Request for Access'" that you transmitted to it via facsimile on that same date, seeking "all documents contained in [your] official personnel file [] that were created after April 20, 2005, or added to the file after that date."

After fully reviewing the issues in your appeal, the Department concludes that SOL is not obligated to process your Privacy Act request, as you did not submit the request to the appropriate SOL official. A more detailed discussion of this issue follows.

## Accessing Privacy Act-Protected Records

The Privacy Act generally requires the release of records maintained in a system of records about an individual to that individual when he or she requests them. *See 5 U.S.C. § 552a(d)(1)*. The term "system of records" means a group of any records about an individual that are under the control of an agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual. *5 U.S.C. § 552a(a)(5)*. In the case of your Privacy Act request, the records you are seeking are maintained in a Privacy Act system of records identified as "General Personnel Records-- Interior, Office of the Secretary--79" ("OS-79").

The Privacy Act requires agencies to publish, among other things, rules establishing "procedures for the disclosure to an individual upon his request of his record or information pertaining to him..." *5 U.S.C. § 552a(f)(3)*. The Department published these rules in its Privacy Act regulations ("regulations"), which can be found at 43 C.F.R., Part 2, Subpart G. The regulations state that "requests for access to records <u>shall</u> be submitted to the system manger having responsibility for the system in which the records are maintained unless the system notice describing the system prescribes or permits submission to some other official or officials" (emphasis added). *See 43 C.F.R. § 2.63(a)*. In this case, you submitted your December 4, 2006, Privacy Act request to the following SOL official:

Exhibit F

Privacy Act Officer
Office of the Solicitor
Ms-7456, MIB
1849 C Street, N.W.
Washington, D.C. 20240

Fax 202-208-5206

The Department's review of OS-79 reveals that SOL's Privacy Act Officer, who is performing in an "acting" capacity in that position, is not the system manager for SOL's "General Personnel Records." Rather, the system manager is SOL's "Personnel Officer" whose address is listed in the Privacy Act system notice as "19th & C Streets, NW, Washington, DC 20240." *See* OS-79. Because you did not submit your Privacy Act request to the "system manger having responsibility for the system in which the records are maintained," as the regulations require you to do, the request that you submitted to the SOL's Acting Privacy Act Officer seeking access to your "official personnel file" does not comply with the regulations. Therefore, SOL's Acting Privacy Act Officer had no obligation to make a determination on whether to grant your request for access to your official personnel file. Instead, the regulations required SOL's Acting Privacy Act Officer to return your Privacy Act request to you and advise you in writing of the deficiency, which she failed to do. *See 43 C.F.R. § 2.63(b)(6).*

Normally, when an appellant does not comply with the regulations by failing to submit a Privacy Act request to the system manager, the Department returns the request to him and advises him of the procedures he must follow in order to obtain access to his Privacy Act-protected records. However, in the case of your Privacy Act request, the Department has determined to forward your request to the appropriate system manager because of SOL's Acting Privacy Act Officer's mishandling of your Privacy Act request (i.e., misplacing the request and then failing to advise you of the requirements of the regulations), even though the Privacy Act and the regulations do not require the Department to takes such an extraordinary step. Accordingly, **by copy of this letter, the Department is referring your Privacy Act request to SOL's Personnel Officer, Jack Hirsch, for processing in accordance with the regulations.** *See 43 C.F.R. § 2.64.* SOL's Personnel Officer will correspond directly with you regarding your Privacy Act request. If you wish to speak with Mr. Hirsch, you may reach him at (202) 208-6115.

This completes the Department's response to your appeal. If you have any questions, you may contact me at (202) 208-5339.

Sincerely,

Darrell R. Strayhorn
FOIA & Privacy Act Appeals Officer
Department of the Interior

2

cc: Jack Hirsch, Personnel Officer, SOL (**FOR ACTION**)
Colette Clark, Acting Privacy Act Officer, SOL
Edward Keable, Associate Solicitor-Administration, SOL
Craig Littlejohn, Chief Information Officer, SOL

# FedEx.

| Package / Envelope Services | Office / Print Services | Freight Services | Expedited Servi |

**Welcome Carol**

## Track Shipments
## Detailed Results

(?) Quick Help

| Tracking number | 790208722339 | Destination | La Quinta, CA |
|---|---|---|---|
| Signed for by | Signature release on file | Delivered to | Residence |
| Ship date | Mar 23, 2007 | Service type | Standard Envelope |
| Delivery date | Mar 26, 2007 10:21 AM | Weight | 2.0 lbs. |
| Status | Delivered | | |

| Date/Time | | Activity | Location | Details |
|---|---|---|---|---|
| Mar 26, 2007 | 10:21 AM | Delivered | La Quinta, CA | Left at front door. Package delivered to recipient address - release authorized |
| | 8:54 AM | On FedEx vehicle for delivery | PALM SPRINGS, CA | |
| Mar 24, 2007 | 8:47 AM | At local FedEx facility | PALM SPRINGS, CA | |
| | 8:47 AM | At local FedEx facility | PALM SPRINGS, CA | Package not due for delivery |
| | 5:07 AM | At dest sort facility | ONTARIO, CA | |
| | 4:15 AM | Departed FedEx location | MEMPHIS, TN | |
| Mar 23, 2007 | 11:36 PM | Arrived at FedEx location | MEMPHIS, TN | |
| | 9:43 PM | Left origin | HERNDON, VA | |
| | 6:08 PM | Picked up | HERNDON, VA | |
| | 11:47 AM | Package data transmitted to FedEx | | |

| Signature proof | E-mail results | Track more shipments |

Subscribe to tracking updates (optional)

Your Name:      Your E-mail Address:

| E-mail address | Language | Exception updates | Delivery updates |
|---|---|---|---|
| | English | | |

Exhibit G

03/27/2007 TUE 11:59   [TX/RX NO 5138]   ☑002

| English | | | |
| English | | | |
| English | | | |

**Select format:** ⦿ HTML  ◯ Text  ◯ Wireless

**Add personal message:**

Not available for Wireless or
non-English characters.

☐ By selecting this check box and the Submit button, I agree to these <u>Terms and Conditions</u>

Submit

<u>Global Home</u> | <u>Service Info</u> | <u>About FedEx</u> | <u>Investor Relations</u> | <u>Careers</u> | <u>fedex.com Terms of Use</u> | <u>Privacy Policy</u>
This site is protected by copyright and trademark laws under US and International law. All rights reserved. © 1995-2007 FedEx



# United States Department of the Interior

OFFICE OF THE SOLICITOR
Washington, D.C. 20240



May 15, 2007

IN REPLY REFER TO:

Robert J. McCarthy
78715 La Palma Drive
LaQuinta, CA  92253

Dear Mr. McCarthy:

On December 4, 2006, you filed a Freedom of Information Act (FOIA) request with the Office of the Solicitor (the "Office") seeking the following:

1. Documents that identify each and every attorney position within the Office of the Solicitor that has been filled by transfer, promotion, or other hiring process since April 20, 2005, including information that identifies each such position by title, location, and grade at which it was filled or is currently open, date the position became open, the date it was filled, the manner in which it was filled (i.e., transfer, promotion, new hire, etc.), and the identity of the person who filled the position.

2. Documents that identify each and every attorney position within the Office of the Solicitor that has been identified as vacant since April 20, 2005, and that remains vacant as of this date, that describe the position by title, location, and grade, and that indicate the date the position became open.

3. Documents that identify each and every award given to an attorney in the Office of the Solicitor since April 20, 2005; that identify the title of each award; the monetary or other benefits bestowed with the awards; the individual and agency that nominated and/or bestowed the award; the attorney who received the award; and the position of each such attorney by title, location, and grade.

4. Documents that identify the Numeric Summary Rating given to each attorney employee of the Office of the Solicitor on his or her most recent performance appraisal after April 20, 2005, but before September 30, 2006; that indicate for each such rating, the information by Division, Regional, or Field Office, by grade of the employee, and that identify any such employees who are management (i.e., Associate Solicitor, Assistant Solicitor, Regional Solicitor, Deputy Regional Solicitor, Associate Regional Solicitor, Assistant Regional Solicitor, Field Solicitor, etc.).

On March 21, 2007, in a telephone conversation with Sherease Louis, Assistant United States Attorney, Department of Justice, and Cindy Cafaro. Attorney-Adviser, Department of the Interior, you agreed to limit the scope of the third and fourth elements of your request. On March 30, 2007, I issued what I believed to be a full response (to the extent that records existed) to your revised FOIA request on behalf of the Department.

The information provided to you on March 30th represented a good faith effort to respond to your request. However, the allegations in your Motion for Summary Judgment regarding the data I provided to you in response to the third element of your FOIA request caused me to review the two tables that I provided to you as responsive to this element of your FOIA request, as well as the tools that I had used to generate these tables. Although the data came from a single database, and the only change I intended to make

Exhibit H

when generating the two tables was in the way in which data were arrayed, you are correct that the results in the two tables are clearly different, which I would have realized had I more closely inspected the tables before providing them to you.

Moreover, when I applied a query tool different from those used to generate the first two tables to the database in question, I discovered that a significantly higher number of awards had been granted than were reflected in either of the original tables I generated in response to the third element of your FOIA request. This supplemental response therefore attaches a revised table. I have reviewed the material contained in this revised table against the original database and I have run additional queries testing the data. I am confident that this revised table is a complete response to the third element of your request, as modified.

Sincerely,

Jack M. Hirsch
Personnel Liaison
Division of Administration
Office of the Solicitor


cc: C. Cafaro DGL

Processed Awards, with effective date and process date

Page 1 of 15

| | Date Effective | Awards | Nature of Action | Supvy Status |
|---|---|---|---|---|
| 1 | Sep-17-2006 | $1500 | INDIVIDUAL CASH AWARD - | TEAM LEADER |
| 2 | Sep-06-2005 | $1750 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 3 | Sep-09-2005 | $3000 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 4 | Oct-03-2005 | $603 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 5 | Oct-03-2005 | $2500 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 6 | Oct-03-2005 | $500 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 7 | Oct-03-2005 | $500 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 8 | Oct-03-2005 | $500 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 9 | Oct-03-2005 | $2000 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 10 | Oct-04-2005 | $3000 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 11 | Oct-19-2005 | $810 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 12 | Oct-19-2005 | $810 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 13 | Oct-26-2005 | $2000 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 14 | Nov-01-2005 | $2500 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 15 | Nov-01-2005 | $2500 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 16 | Nov-01-2005 | $3000 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 17 | Nov-07-2005 | $2500 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 18 | Nov-07-2005 | $2243 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 19 | Nov-14-2005 | $1001 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 20 | Nov-18-2005 | $2000 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 21 | Jan-03-2006 | $3000 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 22 | Jan-08-2006 | $3000 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 23 | Jan-08-2006 | $5000 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 24 | Jan-08-2006 | $7000 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 25 | Jan-08-2006 | $1800 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 26 | Jan-08-2006 | $3000 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 27 | Jan-08-2006 | $5000 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 28 | Jan-08-2006 | $1500 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 29 | Jan-18-2006 | $910 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 30 | Jan-22-2006 | $7000 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 31 | Feb-21-2006 | $5000 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 32 | Feb-21-2006 | $1200 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 33 | Apr-04-2006 | $1250 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 34 | Apr-04-2006 | $1250 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 35 | Jul-28-2006 | $4000 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 36 | Sep-17-2006 | $1500 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 37 | Sep-17-2006 | $1500 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 38 | Sep-17-2006 | $1000 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 39 | Sep-24-2006 | $300 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 40 | Sep-24-2006 | $1860 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 41 | Sep-24-2006 | $650 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 42 | Sep-24-2006 | $2000 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 43 | Sep-24-2006 | $300 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 44 | Oct-29-2006 | $3000 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 45 | Nov-26-2006 | $637 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 46 | Nov-26-2006 | $1300 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |

Processed Awards, with effective date and process date

Page 2 of 15

|  | Date Effective | Awards | Nature of Action | Supvy Status |
|---|---|---|---|---|
| 47 | Nov-26-2006 | $2500 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 48 | Nov-26-2006 | $2500 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 49 | Nov-26-2006 | $1300 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 50 | Nov-26-2006 | $1500 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 51 | Nov-26-2006 | $1250 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 52 | Dec-10-2006 | $1000 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 53 | Dec-10-2006 | $1000 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 54 | Dec-10-2006 | $1250 | INDIVIDUAL CASH AWARD - | SUPERVISOR OR MANAGER |
| 55 | Jan-07-2007 | $2250 | INDIVIDUAL CASH AWARD NRB - | SUPERVISOR OR MANAGER |
| 56 | Jan-07-2007 | $2250 | INDIVIDUAL CASH AWARD NRB - | SUPERVISOR OR MANAGER |
| 57 | Jan-08-2007 | $1850 | INDIVIDUAL CASH AWARD NRB - | SUPERVISOR OR MANAGER |
| 58 | Jan-07-2007 | $3000 | INDIVIDUAL CASH AWARD RB - | SUPERVISOR OR MANAGER |
| 59 | Jan-07-2007 | $4000 | INDIVIDUAL CASH AWARD RB - | SUPERVISOR OR MANAGER |
| 60 | Jan-07-2007 | $3000 | INDIVIDUAL CASH AWARD RB - | SUPERVISOR OR MANAGER |
| 61 | Jan-07-2007 | $4000 | INDIVIDUAL CASH AWARD RB - | SUPERVISOR OR MANAGER |
| 62 | Jan-07-2007 | $3000 | INDIVIDUAL CASH AWARD RB - | SUPERVISOR OR MANAGER |
| 63 | Jan-07-2007 | $1500 | INDIVIDUAL CASH AWARD RB - | SUPERVISOR OR MANAGER |
| 64 | Jan-07-2007 | $1000 | INDIVIDUAL CASH AWARD RB - | SUPERVISOR OR MANAGER |
| 65 | Jan-07-2007 | $4000 | INDIVIDUAL CASH AWARD RB - | SUPERVISOR OR MANAGER |
| 66 | Jan-07-2007 | $2500 | INDIVIDUAL CASH AWARD RB - | SUPERVISOR OR MANAGER |
| 67 | Jan-07-2007 | $3000 | INDIVIDUAL CASH AWARD RB - | SUPERVISOR OR MANAGER |
| 68 | May-16-2005 | 40 hrs | INDIVIDUAL TIME-OFF AWARD - | SUPERVISOR OR MANAGER |
| 69 | Jun-22-2005 | 24 hrs | INDIVIDUAL TIME-OFF AWARD - | SUPERVISOR OR MANAGER |
| 70 | Oct-03-2005 | 40 hrs | INDIVIDUAL TIME-OFF AWARD - | SUPERVISOR OR MANAGER |
| 71 | Oct-04-2005 | 80 hrs | INDIVIDUAL TIME-OFF AWARD - | SUPERVISOR OR MANAGER |
| 72 | Nov-07-2005 | 24 hrs | INDIVIDUAL TIME-OFF AWARD - | SUPERVISOR OR MANAGER |
| 73 | Nov-07-2005 | 32 hrs | INDIVIDUAL TIME-OFF AWARD - | SUPERVISOR OR MANAGER |
| 74 | Nov-28-2005 | 24 hrs | INDIVIDUAL TIME-OFF AWARD - | SUPERVISOR OR MANAGER |
| 75 | Jan-08-2006 | 40 hrs | INDIVIDUAL TIME-OFF AWARD - | SUPERVISOR OR MANAGER |
| 76 | Jan-08-2006 | 40 hrs | INDIVIDUAL TIME-OFF AWARD - | SUPERVISOR OR MANAGER |
| 77 | Jan-22-2006 | 40 hrs | INDIVIDUAL TIME-OFF AWARD - | SUPERVISOR OR MANAGER |
| 78 | Apr-04-2006 | 40 hrs | INDIVIDUAL TIME-OFF AWARD - | SUPERVISOR OR MANAGER |
| 79 | Sep-24-2006 | 16 hrs | INDIVIDUAL TIME-OFF AWARD - | SUPERVISOR OR MANAGER |
| 80 | Nov-26-2006 | 32 hrs | INDIVIDUAL TIME-OFF AWARD - | SUPERVISOR OR MANAGER |
| 81 | Nov-26-2006 | 24 hrs | INDIVIDUAL TIME-OFF AWARD - | SUPERVISOR OR MANAGER |
| 82 | Nov-26-2006 | 24 hrs | INDIVIDUAL TIME-OFF AWARD - | SUPERVISOR OR MANAGER |
| 83 | Nov-26-2006 | 40 hrs | INDIVIDUAL TIME-OFF AWARD - | SUPERVISOR OR MANAGER |
| 84 | Jan-07-2007 | 40 hrs | INDIVIDUAL TIME-OFF AWARD - | SUPERVISOR OR MANAGER |
| 85 | Apr-29-2005 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 86 | Jun-08-2005 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 87 | Jun-15-2005 | $375 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 88 | Jun-22-2005 | $1500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 89 | Jul-08-2005 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 90 | Jul-08-2005 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 91 | Jul-08-2005 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 92 | Jul-08-2005 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |

Processed Awards, with effective date and process date

Page 3 of 15

|  | Date Effective | Awards | Nature of Action | Supvy Status |
|---|---|---|---|---|
| 93 | Jul-08-2005 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 94 | Jul-08-2005 | $800 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 95 | Jul-24-2005 | $5000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 96 | Aug-11-2005 | $500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 97 | Sep-06-2005 | $1750 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 98 | Sep-06-2005 | $4450 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 99 | Sep-06-2005 | $4450 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 100 | Sep-06-2005 | $3350 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 101 | Sep-06-2005 | $1750 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 102 | Sep-06-2005 | $1500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 103 | Sep-06-2005 | $1750 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 104 | Sep-06-2005 | $750 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 105 | Sep-06-2005 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 106 | Sep-06-2005 | $1750 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 107 | Sep-06-2005 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 108 | Sep-09-2005 | $9675 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 109 | Sep-09-2005 | $3000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 110 | Sep-09-2005 | $500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 111 | Sep-09-2005 | $500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 112 | Sep-09-2005 | $3000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 113 | Sep-09-2005 | $500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 114 | Sep-09-2005 | $4000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 115 | Oct-03-2005 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 116 | Oct-03-2005 | $1500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 117 | Oct-03-2005 | $1500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 118 | Oct-03-2005 | $2000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 119 | Oct-03-2005 | $1500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 120 | Oct-03-2005 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 121 | Oct-03-2005 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 122 | Oct-03-2005 | $750 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 123 | Oct-03-2005 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 124 | Oct-03-2005 | $1500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 125 | Oct-03-2005 | $800 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 126 | Oct-03-2005 | $500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 127 | Oct-03-2005 | $1500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 128 | Oct-03-2005 | $675 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 129 | Oct-03-2005 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 130 | Oct-03-2005 | $1500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 131 | Oct-03-2005 | $500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 132 | Oct-03-2005 | $910 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 133 | Oct-03-2005 | $2155 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 134 | Oct-03-2005 | $603 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 135 | Oct-03-2005 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 136 | Oct-03-2005 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 137 | Oct-03-2005 | $1500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 138 | Oct-03-2005 | $2000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |

Processed Awards, with effective date and process date

Page 4 of 15

| | Date Effective | Awards | Nature of Action | Supvy Status |
|---|---|---|---|---|
| 139 | Oct-03-2005 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 140 | Oct-03-2005 | $750 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 141 | Oct-03-2005 | $4000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 142 | Oct-03-2005 | $250 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 143 | Oct-03-2005 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 144 | Oct-03-2005 | $250 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 145 | Oct-03-2005 | $675 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 146 | Oct-03-2005 | $750 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 147 | Oct-03-2005 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 148 | Oct-03-2005 | $1818 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 149 | Oct-03-2005 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 150 | Oct-03-2005 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 151 | Oct-03-2005 | $500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 152 | Oct-03-2005 | $600 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 153 | Oct-03-2005 | $500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 154 | Oct-03-2005 | $602 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 155 | Oct-03-2005 | $602 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 156 | Oct-03-2005 | $602 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 157 | Oct-03-2005 | $602 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 158 | Oct-03-2005 | $602 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 159 | Oct-03-2005 | $500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 160 | Oct-03-2005 | $602 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 161 | Oct-03-2005 | $910 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 162 | Oct-03-2005 | $750 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 163 | Oct-03-2005 | $910 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 164 | Oct-03-2005 | $500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 165 | Oct-03-2005 | $2500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 166 | Oct-03-2005 | $675 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 167 | Oct-03-2005 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 168 | Oct-03-2005 | $1200 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 169 | Oct-03-2005 | $2500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 170 | Oct-03-2005 | $750 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 171 | Oct-03-2005 | $1820 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 172 | Oct-03-2005 | $2155 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 173 | Oct-03-2005 | $1250 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 174 | Oct-03-2005 | $675 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 175 | Oct-03-2005 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 176 | Oct-03-2005 | $675 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 177 | Oct-03-2005 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 178 | Oct-03-2005 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 179 | Oct-03-2005 | $2000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 180 | Oct-03-2005 | $2000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 181 | Oct-03-2005 | $1350 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 182 | Oct-03-2005 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 183 | Oct-04-2005 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 184 | Oct-04-2005 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |

Processed Awards, with effective date and process date

Page 5 of 15

| | Date Effective | Awards | Nature of Action | Supvy Status |
|---|---|---|---|---|
| 185 | Oct-04-2005 | $2500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 186 | Oct-04-2005 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 187 | Oct-19-2005 | $500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 188 | Oct-19-2005 | $1750 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 189 | Oct-19-2005 | $500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 190 | Oct-19-2005 | $3500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 191 | Oct-19-2005 | $1750 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 192 | Oct-26-2005 | $1250 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 193 | Oct-26-2005 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 194 | Oct-26-2005 | $5000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 195 | Oct-26-2005 | $1250 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 196 | Oct-26-2005 | $1250 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 197 | Oct-26-2005 | $1250 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 198 | Oct-26-2005 | $1500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 199 | Oct-26-2005 | $3001 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 200 | Nov-01-2005 | $750 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 201 | Nov-01-2005 | $2500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 202 | Nov-01-2005 | $1750 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 203 | Nov-01-2005 | $1200 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 204 | Nov-01-2005 | $1750 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 205 | Nov-01-2005 | $2000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 206 | Nov-01-2005 | $1750 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 207 | Nov-01-2005 | $2000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 208 | Nov-01-2005 | $1250 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 209 | Nov-01-2005 | $1750 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 210 | Nov-01-2005 | $2500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 211 | Nov-01-2005 | $2500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 212 | Nov-01-2005 | $2000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 213 | Nov-01-2005 | $1200 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 214 | Nov-01-2005 | $1250 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 215 | Nov-07-2005 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 216 | Nov-07-2005 | $2100 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 217 | Nov-07-2005 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 218 | Nov-07-2005 | $2000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 219 | Nov-07-2005 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 220 | Nov-07-2005 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 221 | Nov-07-2005 | $750 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 222 | Nov-07-2005 | $1500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 223 | Nov-07-2005 | $750 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 224 | Nov-07-2005 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 225 | Nov-07-2005 | $1250 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 226 | Nov-07-2005 | $1250 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 227 | Nov-07-2005 | $500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 228 | Nov-07-2005 | $1500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 229 | Nov-07-2005 | $1750 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 230 | Nov-07-2005 | $2500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |

Processed Awards, with effective date and process date

Page 6 of 15

|  | Date Effective | Awards | Nature of Action | Supvy Status |
|---|---|---|---|---|
| 231 | Nov-07-2005 | $1500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 232 | Nov-07-2005 | $1500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 233 | Nov-07-2005 | $1500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 234 | Nov-07-2005 | $750 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 235 | Nov-07-2005 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 236 | Nov-07-2005 | $1500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 237 | Nov-07-2005 | $750 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 238 | Nov-14-2005 | $2500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 239 | Nov-14-2005 | $546 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 240 | Nov-14-2005 | $2000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 241 | Nov-14-2005 | $819 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 242 | Nov-14-2005 | $546 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 243 | Nov-14-2005 | $819 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 244 | Nov-14-2005 | $819 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 245 | Nov-14-2005 | $819 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 246 | Nov-14-2005 | $546 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 247 | Nov-14-2005 | $1500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 248 | Nov-18-2005 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 249 | Nov-18-2005 | $2000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 250 | Nov-18-2005 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 251 | Nov-21-2005 | $728 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 252 | Nov-21-2005 | $728 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 253 | Nov-21-2005 | $1010 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 254 | Nov-21-2005 | $728 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 255 | Nov-21-2005 | $728 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 256 | Nov-21-2005 | $728 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 257 | Nov-21-2005 | $728 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 258 | Nov-21-2005 | $728 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 259 | Nov-22-2005 | $2500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 260 | Nov-28-2005 | $2500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 261 | Nov-29-2005 | $2500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 262 | Nov-29-2005 | $1500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 263 | Nov-29-2005 | $1200 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 264 | Dec-05-2005 | $2000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 265 | Dec-22-2005 | $1250 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 266 | Jan-08-2006 | $5000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 267 | Feb-21-2006 | $2000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 268 | Feb-21-2006 | $1200 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 269 | Feb-21-2006 | $1250 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 270 | Feb-21-2006 | $1200 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 271 | Feb-21-2006 | $1200 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 272 | Feb-21-2006 | $1200 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 273 | Mar-10-2006 | $250 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 274 | Mar-23-2006 | $2000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 275 | Mar-23-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 276 | Mar-23-2006 | $2000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |

Processed Awards, with effective date and process date

Page 7 of 15

| | Date Effective | Awards | Nature of Action | Supvy Status |
|---|---|---|---|---|
| 277 | Mar-31-2006 | $2000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 278 | Apr-04-2006 | $1250 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 279 | Apr-04-2006 | $500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 280 | Apr-04-2006 | $2000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 281 | Apr-13-2006 | $500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 282 | Apr-13-2006 | $8712 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 283 | Apr-13-2006 | $910 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 284 | Apr-13-2006 | $910 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 285 | Apr-13-2006 | $500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 286 | Apr-13-2006 | $9090 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 287 | May-03-2006 | $2000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 288 | May-03-2006 | $800 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 289 | May-03-2006 | $2000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 290 | May-03-2006 | $1250 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 291 | May-03-2006 | $1250 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 292 | May-03-2006 | $1250 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 293 | May-16-2006 | $2000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 294 | May-16-2006 | $2000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 295 | May-16-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 296 | May-26-2006 | $400 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 297 | Jun-05-2006 | $2500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 298 | Jun-05-2006 | $2000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 299 | Jun-05-2006 | $1250 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 300 | Jun-19-2006 | $2000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 301 | Jun-23-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 302 | Jun-23-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 303 | Jul-23-2006 | $2000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 304 | Jul-28-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 305 | Jul-28-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 306 | Jul-28-2006 | $2000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 307 | Jul-28-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 308 | Aug-06-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 309 | Aug-06-2006 | $1363 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 310 | Aug-06-2006 | $910 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 311 | Aug-06-2006 | $500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 312 | Aug-06-2006 | $500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 313 | Aug-06-2006 | $400 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 314 | Aug-06-2006 | $500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 315 | Aug-06-2006 | $2000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 316 | Aug-20-2006 | $1825 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 317 | Aug-20-2006 | $1825 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 318 | Sep-03-2006 | $2000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 319 | Sep-03-2006 | $1500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 320 | Sep-03-2006 | $637 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 321 | Sep-03-2006 | $1500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 322 | Sep-03-2006 | $2000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |

Processed Awards, with effective date and process date

Page 8 of 15

| | Date Effective | Awards | Nature of Action | Supvy Status |
|---|---|---|---|---|
| 323 | Sep-17-2006 | $2000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 324 | Sep-17-2006 | $1500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 325 | Sep-17-2006 | $2800 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 326 | Sep-17-2006 | $500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 327 | Sep-17-2006 | $3000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 328 | Sep-17-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 329 | Sep-17-2006 | $500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 330 | Sep-17-2006 | $1500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 331 | Sep-17-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 332 | Sep-17-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 333 | Sep-17-2006 | $1500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 334 | Sep-17-2006 | $500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 335 | Sep-17-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 336 | Sep-17-2006 | $1500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 337 | Sep-17-2006 | $400 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 338 | Sep-17-2006 | $925 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 339 | Sep-17-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 340 | Sep-17-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 341 | Sep-17-2006 | $925 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 342 | Sep-17-2006 | $650 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 343 | Sep-17-2006 | $2000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 344 | Sep-17-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 345 | Sep-17-2006 | $3636 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 346 | Sep-17-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 347 | Sep-17-2006 | $650 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 348 | Sep-17-2006 | $925 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 349 | Sep-17-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 350 | Sep-17-2006 | $2000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 351 | Sep-17-2006 | $650 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 352 | Sep-17-2006 | $2000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 353 | Sep-17-2006 | $1500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 354 | Sep-17-2006 | $2000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 355 | Sep-17-2006 | $377 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 356 | Sep-17-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 357 | Sep-17-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 358 | Sep-17-2006 | $1500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 359 | Sep-17-2006 | $1500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 360 | Sep-17-2006 | $3000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 361 | Sep-17-2006 | $3000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 362 | Sep-17-2006 | $1500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 363 | Sep-17-2006 | $500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 364 | Sep-17-2006 | $1500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 365 | Sep-17-2006 | $500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 366 | Sep-17-2006 | $2000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 367 | Sep-17-2006 | $1850 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 368 | Sep-17-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |

Processed Awards, with effective date and process date

Page 9 of 15

|  | Date Effective | Awards | Nature of Action | Supvy Status |
|---|---|---|---|---|
| 369 | Sep-17-2006 | $3250 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 370 | Sep-17-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 371 | Sep-17-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 372 | Sep-17-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 373 | Sep-17-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 374 | Sep-17-2006 | $1500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 375 | Sep-17-2006 | $500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 376 | Sep-17-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 377 | Sep-17-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 378 | Sep-17-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 379 | Sep-17-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 380 | Sep-17-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 381 | Sep-18-2006 | $1500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 382 | Sep-24-2006 | $810 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 383 | Sep-24-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 384 | Sep-24-2006 | $2000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 385 | Sep-24-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 386 | Sep-24-2006 | $650 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 387 | Sep-24-2006 | $900 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 388 | Sep-24-2006 | $1272 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 389 | Sep-24-2006 | $2000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 390 | Sep-24-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 391 | Sep-24-2006 | $3500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 392 | Sep-24-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 393 | Sep-24-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 394 | Sep-24-2006 | $2000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 395 | Sep-24-2006 | $1500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 396 | Sep-24-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 397 | Sep-24-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 398 | Sep-24-2006 | $300 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 399 | Sep-24-2006 | $500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 400 | Sep-24-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 401 | Sep-24-2006 | $1819 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 402 | Sep-24-2006 | $5800 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 403 | Sep-24-2006 | $2500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 404 | Sep-24-2006 | $300 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 405 | Sep-24-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 406 | Sep-24-2006 | $300 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 407 | Sep-24-2006 | $900 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 408 | Sep-24-2006 | $2000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 409 | Sep-24-2006 | $900 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 410 | Sep-25-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 411 | Oct-01-2006 | $2000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 412 | Oct-29-2006 | $500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 413 | Oct-29-2006 | $2000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 414 | Oct-29-2006 | $500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |

Processed Awards, with effective date and process date

Page 10 of 15

| | Date Effective | Awards | Nature of Action | Supvy Status |
|---|---|---|---|---|
| 415 | Nov-26-2006 | $750 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 416 | Nov-26-2006 | $800 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 417 | Nov-26-2006 | $1870 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 418 | Nov-26-2006 | $3000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 419 | Nov-26-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 420 | Nov-26-2006 | $800 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 421 | Nov-26-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 422 | Nov-26-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 423 | Nov-26-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 424 | Nov-26-2006 | $900 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 425 | Nov-26-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 426 | Nov-26-2006 | $800 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 427 | Nov-26-2006 | $1250 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 428 | Nov-26-2006 | $800 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 429 | Nov-26-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 430 | Nov-26-2006 | $1250 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 431 | Nov-26-2006 | $1250 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 432 | Nov-26-2006 | $1250 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 433 | Nov-26-2006 | $750 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 434 | Nov-26-2006 | $900 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 435 | Nov-26-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 436 | Nov-26-2006 | $2000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 437 | Nov-26-2006 | $2000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 438 | Nov-26-2006 | $637 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 439 | Nov-26-2006 | $455 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 440 | Nov-26-2006 | $637 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 441 | Nov-26-2006 | $455 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 442 | Nov-26-2006 | $637 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 443 | Nov-26-2006 | $455 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 444 | Nov-26-2006 | $1250 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 445 | Nov-26-2006 | $2000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 446 | Nov-26-2006 | $500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 447 | Nov-26-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 448 | Nov-26-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 449 | Nov-26-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 450 | Nov-26-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 451 | Nov-26-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 452 | Nov-26-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 453 | Nov-26-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 454 | Nov-26-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 455 | Nov-26-2006 | $980 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 456 | Nov-26-2006 | $700 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 457 | Nov-26-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 458 | Nov-26-2006 | $585 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 459 | Nov-26-2006 | $500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 460 | Nov-26-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |

Processed Awards, with effective date and process date

Page 11 of 15

|  | Date Effective | Awards | Nature of Action | Supvy Status |
|---|---|---|---|---|
| 461 | Dec-10-2006 | $750 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 462 | Dec-10-2006 | $1250 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 463 | Dec-10-2006 | $750 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 464 | Dec-10-2006 | $2000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 465 | Dec-10-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 466 | Dec-10-2006 | $1000 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 467 | Dec-10-2006 | $750 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 468 | Dec-10-2006 | $750 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 469 | Dec-10-2006 | $1250 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 470 | Dec-10-2006 | $1500 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 471 | Dec-10-2006 | $1250 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 472 | Dec-24-2006 | $3050 | INDIVIDUAL CASH AWARD - | ALL OTHER POSITIONS |
| 473 | Jan-07-2007 | $1900 | INDIVIDUAL CASH AWARD NRB - | ALL OTHER POSITIONS |
| 474 | Jan-07-2007 | $1750 | INDIVIDUAL CASH AWARD NRB - | ALL OTHER POSITIONS |
| 475 | Jan-07-2007 | $1900 | INDIVIDUAL CASH AWARD NRB - | ALL OTHER POSITIONS |
| 476 | Jan-07-2007 | $2000 | INDIVIDUAL CASH AWARD NRB - | ALL OTHER POSITIONS |
| 477 | Jan-07-2007 | $1900 | INDIVIDUAL CASH AWARD NRB - | ALL OTHER POSITIONS |
| 478 | Jan-07-2007 | $1750 | INDIVIDUAL CASH AWARD NRB - | ALL OTHER POSITIONS |
| 479 | Jan-07-2007 | $2000 | INDIVIDUAL CASH AWARD NRB - | ALL OTHER POSITIONS |
| 480 | Jan-07-2007 | $2000 | INDIVIDUAL CASH AWARD NRB - | ALL OTHER POSITIONS |
| 481 | Jan-07-2007 | $1750 | INDIVIDUAL CASH AWARD NRB - | ALL OTHER POSITIONS |
| 482 | Jan-07-2007 | $1000 | INDIVIDUAL CASH AWARD NRB - | ALL OTHER POSITIONS |
| 483 | Jan-07-2007 | $1900 | INDIVIDUAL CASH AWARD NRB - | ALL OTHER POSITIONS |
| 484 | Jan-07-2007 | $1750 | INDIVIDUAL CASH AWARD NRB - | ALL OTHER POSITIONS |
| 485 | Jan-07-2007 | $1900 | INDIVIDUAL CASH AWARD NRB - | ALL OTHER POSITIONS |
| 486 | Mar-05-2007 | $1500 | INDIVIDUAL CASH AWARD NRB - | ALL OTHER POSITIONS |
| 487 | Mar-05-2007 | $1818 | INDIVIDUAL CASH AWARD NRB - | ALL OTHER POSITIONS |
| 488 | Feb-04-2007 | $3000 | INDIVIDUAL CASH AWARD RB - | ALL OTHER POSITIONS |
| 489 | Feb-15-2007 | $1818 | INDIVIDUAL CASH AWARD RB - | ALL OTHER POSITIONS |
| 490 | Feb-15-2007 | $1818 | INDIVIDUAL CASH AWARD RB - | ALL OTHER POSITIONS |
| 491 | Apr-26-2005 | 20 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 492 | May-12-2005 | 18 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 493 | May-19-2005 | 8 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 494 | May-23-2005 | 9 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 495 | Jun-27-2005 | 40 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 496 | Jul-25-2005 | 40 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 497 | Sep-06-2005 | 8 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 498 | Sep-06-2005 | 16 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 499 | Sep-06-2005 | 16 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 500 | Sep-06-2005 | 20 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 501 | Sep-06-2005 | 24 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 502 | Sep-06-2005 | 16 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 503 | Oct-03-2005 | 24 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 504 | Oct-03-2005 | 16 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 505 | Oct-03-2005 | 40 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 506 | Oct-04-2005 | 40 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |

Processed Awards, with effective date and process date

Page 12 of 15

| | Date Effective | Awards | Nature of Action | Supvy Status |
|---|---|---|---|---|
| 507 | Oct-04-2005 | 20 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 508 | Oct-04-2005 | 40 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 509 | Oct-04-2005 | 30 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 510 | Oct-04-2005 | 40 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 511 | Oct-04-2005 | 30 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 512 | Oct-04-2005 | 30 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 513 | Oct-04-2005 | 40 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 514 | Nov-02-2005 | 16 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 515 | Nov-02-2005 | 16 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 516 | Nov-07-2005 | 16 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 517 | Nov-07-2005 | 16 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 518 | Nov-07-2005 | 16 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 519 | Nov-07-2005 | 16 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 520 | Nov-07-2005 | 16 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 521 | Nov-07-2005 | 16 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 522 | Nov-07-2005 | 16 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 523 | Nov-07-2005 | 24 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 524 | Nov-07-2005 | 40 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 525 | Nov-07-2005 | 16 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 526 | Nov-08-2005 | 9 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 527 | Nov-08-2005 | 10 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 528 | Nov-08-2005 | 16 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 529 | Nov-08-2005 | 24 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 530 | Nov-08-2005 | 9 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 531 | Nov-28-2005 | 40 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 532 | Nov-28-2005 | 24 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 533 | Nov-28-2005 | 16 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 534 | Jan-03-2006 | 40 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 535 | Jan-03-2006 | 40 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 536 | Jan-03-2006 | 40 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 537 | Jan-03-2006 | 80 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 538 | Jan-03-2006 | 40 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 539 | Jan-03-2006 | 40 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 540 | Jan-18-2006 | 8 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 541 | Jan-18-2006 | 8 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 542 | Jan-18-2006 | 8 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 543 | Jan-20-2006 | 8 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 544 | Feb-21-2006 | 16 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 545 | Feb-21-2006 | 8 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 546 | Mar-10-2006 | 9 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 547 | Mar-10-2006 | 24 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 548 | Mar-10-2006 | 16 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 549 | Mar-10-2006 | 16 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 550 | Mar-10-2006 | 9 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 551 | Mar-10-2006 | 16 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 552 | Mar-10-2006 | 16 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |

Processed Awards, with effective date and process date

Page 13 of 15

| | Date Effective | Awards | Nature of Action | Supvy Status |
|---|---|---|---|---|
| 553 | Mar-10-2006 | 16 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 554 | Mar-10-2006 | 10 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 555 | Mar-10-2006 | 8 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 556 | Mar-23-2006 | 20 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 557 | Mar-23-2006 | 40 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 558 | Mar-23-2006 | 8 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 559 | Mar-23-2006 | 25 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 560 | Mar-23-2006 | 32 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 561 | Apr-04-2006 | 8 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 562 | Apr-04-2006 | 24 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 563 | May-03-2006 | 8 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 564 | May-12-2006 | 27 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 565 | May-26-2006 | 8 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 566 | May-26-2006 | 24 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 567 | Jun-13-2006 | 16 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 568 | Jun-19-2006 | 16 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 569 | Jun-19-2006 | 16 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 570 | Jun-19-2006 | 16 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 571 | Jul-23-2006 | 40 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 572 | Jul-28-2006 | 8 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 573 | Jul-28-2006 | 8 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 574 | Jul-28-2006 | 8 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 575 | Aug-06-2006 | 40 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 576 | Sep-17-2006 | 16 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 577 | Sep-17-2006 | 40 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 578 | Sep-17-2006 | 24 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 579 | Sep-17-2006 | 12 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 580 | Sep-17-2006 | 24 hrs | INDIVIDUAL TIME-OFF AWARD - | , ALL OTHER POSITIONS |
| 581 | Sep-17-2006 | 40 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 582 | Sep-17-2006 | 18 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 583 | Sep-17-2006 | 24 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 584 | Sep-17-2006 | 24 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 585 | Sep-17-2006 | 16 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 586 | Sep-17-2006 | 16 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 587 | Sep-17-2006 | 16 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 588 | Sep-17-2006 | 40 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 589 | Sep-17-2006 | 24 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 590 | Sep-17-2006 | 20 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 591 | Sep-17-2006 | 24 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 592 | Sep-17-2006 | 24 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 593 | Sep-17-2006 | 40 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 594 | Sep-17-2006 | 40 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 595 | Sep-17-2006 | 16 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 596 | Sep-17-2006 | 40 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 597 | Sep-17-2006 | 24 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 598 | Sep-24-2006 | 16 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |

Processed Awards, with effective date and process date

Page 14 of 15

|  | Date Effective | Awards | Nature of Action | Supvy Status |
|---|---|---|---|---|
| 599 | Sep-24-2006 | 8 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 600 | Sep-24-2006 | 24 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 601 | Nov-12-2006 | 16 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 602 | Nov-12-2006 | 8 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 603 | Nov-12-2006 | 16 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 604 | Nov-26-2006 | 18 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 605 | Nov-26-2006 | 16 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 606 | Nov-26-2006 | 8 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 607 | Nov-26-2006 | 16 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 608 | Nov-26-2006 | 8 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 609 | Nov-26-2006 | 12 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 610 | Nov-26-2006 | 27 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 611 | Nov-26-2006 | 18 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 612 | Nov-26-2006 | 18 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 613 | Nov-26-2006 | 12 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 614 | Nov-26-2006 | 8 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 615 | Nov-26-2006 | 8 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 616 | Nov-26-2006 | 18 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 617 | Nov-26-2006 | 16 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 618 | Nov-26-2006 | 40 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 619 | Nov-26-2006 | 16 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 620 | Nov-26-2006 | 8 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 621 | Nov-26-2006 | 16 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 622 | Nov-26-2006 | 8 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 623 | Nov-26-2006 | 16 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 624 | Nov-26-2006 | 8 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 625 | Nov-26-2006 | 32 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 626 | Nov-26-2006 | 8 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 627 | Nov-26-2006 | 16 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 628 | Nov-26-2006 | 16 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 629 | Nov-26-2006 | 16 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 630 | Nov-26-2006 | 16 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 631 | Nov-26-2006 | 8 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 632 | Nov-26-2006 | 16 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 633 | Nov-26-2006 | 18 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 634 | Nov-26-2006 | 16 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 635 | Nov-26-2006 | 8 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 636 | Nov-26-2006 | 8 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 637 | Nov-26-2006 | 24 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 638 | Dec-10-2006 | 24 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 639 | Dec-10-2006 | 40 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 640 | Jan-07-2007 | 16 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 641 | Jan-07-2007 | 40 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 642 | Jan-07-2007 | 24 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 643 | Jan-07-2007 | 24 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 644 | Jan-07-2007 | 40 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |

Processed Awards, with effective date and process date

Page 15 of 15

| | Date Effective | Awards | Nature of Action | Supvy Status |
|---|---|---|---|---|
| 645 | Jan-07-2007 | 16 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 646 | Jan-07-2007 | 40 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 647 | Jan-07-2007 | 40 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 648 | Jan-07-2007 | 24 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 649 | Jan-07-2007 | 8 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 650 | Jan-07-2007 | 8 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 651 | Jan-07-2007 | 40 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 652 | Jan-07-2007 | 8 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 653 | Jan-07-2007 | 40 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 654 | Feb-04-2007 | 8 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 655 | Feb-06-2007 | 8 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 656 | Feb-07-2007 | 24 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 657 | Feb-07-2007 | 24 hrs | INDIVIDUAL TIME-OFF AWARD - | ALL OTHER POSITIONS |
| 658 | Jun-12-2005 | | QUALITY INC - | ALL OTHER POSITIONS |
| 659 | Aug-09-2005 | | QUALITY INC - | ALL OTHER POSITIONS |
| 660 | Aug-21-2005 | | QUALITY INC - | ALL OTHER POSITIONS |



# United States Department of the Interior

OFFICE OF THE SOLICITOR

March 30, 2007

Robert J. McCarthy
78715 La Palma Drive
LaQuinta, CA   92253

Dear Mr. McCarthy:

On December 4, 2006, you filed Freedom of Information Act ("FOIA") request SOL-2007-0006 with the Office of the Solicitor (the "Office") seeking the following:

1. Documents that identify each and every attorney position within the Office of the Solicitor that has been filled by transfer, promotion or other hiring process since April 20, 2005, including information that identifies each such position by title, location and grade at which it was filled or is currently open, date the position became open, the date it was filled, the manner in which it was filled (i.e., transfer, promotion, new hire, etc.), and the identity of the person who filled the position.
2. Documents that identify each and every attorney position within the Office of the Solicitor that has been identified as vacant since April 20, 2005 and that remains vacant as of this date, that describe the position by title, location and grade, and that indicate the date the position became open.
3. Documents that identify each and every award given to an attorney in the Office of the Solicitor since April 20, 2005; that identify the title of each award; the monetary or other benefits bestowed with the awards; the individual and the agency that nominated and / or bestowed the award; the attorney who received the award; and the position of each such attorney by title, location and grade.
4. Documents that identify the Numeric Summary Rating given to each attorney employee of the Office of the Solicitor on his or her most recent performance appraisal after April 20, 2005, but before September 30, 2006; that indicate for each such rating, the information by Division, Regional, or Field Office, by grade of the employee, and that identify any such employees who are management (i.e. Associate Solicitor, Assistant Solicitor, Regional Solicitor, Deputy Regional Solicitor, Associate Regional Solicitor, Assistant Regional Solicitor, Field Solicitor, etc.).

On March 21, 2007, in a telephone conversation with Sherease Louis, Special Assistant United States Attorney, Department of Justice, and Cindy Cafaro, Attorney-Adviser, Department of the Interior, you agreed to limit the scope of the third and fourth elements of your request.

For the third element of your request, you agreed to accept, as fully responsive to your request, a list of each and every award given to an attorney in the Office since April 20, 2005; showing the title of each award; the monetary or other benefits bestowed with the awards; and whether the recipient of the award was a supervisory or nonsupervisory attorney.

Exhibit I

For the fourth element of your request, you agreed to accept, as fully responsive to your request, a list of the Numeric Summary Rating given to each attorney employee of the Office on his or her most recent performance appraisal after April 20, 2005, but before September 30, 2006.

We will respond to each element of your request in turn.

For Element 1 of your request, the Office does not have a mechanism to track attorney vacancies. When an attorney leaves, the position is deemed to have reverted to the Solicitor, and offices must justify requests to hire. Attached are the following lists that provide substantial portions of the requested data:

- Attorney Movement Into Different Organization Codes. This report shows personnel actions involving movement of attorneys already in the Office from one organizational unit (headquarters branch, field or regional office) to another, and from other parts of the Department into the Office.
- Attorney Promotions. All attorney promotions, including temporary promotions and movement into Senior Executive Service (SES) positions.
- Attorney Appointments. All attorney accessions by appointment.
- Appointments and Promotions Now Pending. Personnel actions that have been approved by the Solicitor or other management officials and submitted to the servicing human resources office for processing.

When reviewing the above-mentioned lists, please note that all lists are based on actions taken since April 20, 2005, and the following terms are used in the lists:

- Noa Narr 1: the nature of action, which is the official term for the personnel action taken
- Reassignment: movement from one position to another at the same grade
- Promotion: movement from one position to another at a higher grade
- Promotion NTE *D*: temporary promotion
- Conv: Conversion to a different appointment; e.g., from an appointment with a time limit to a permanent appointment, or from an excepted service appointment to SES
- Exc Appt: Excepted Service appointment; the type of appointment held by most attorneys
- Exc Appt NTE *D*: Excepted service with an appointment limitation, i.e., an appointment Not to Exceed date
- Sub Bur: each Division and Region is assigned a unique sub bureau code; codes 01 through 08 are headquarters organizations, all others are field
- Org: each branch and field office is assigned a unique organizations codes; codes beginning with 901 through 908 are headquarters, all others are field
- Org from: the organization code of the employee prior to the action being reported; codes beginning with numbers others than 90 indicate employee came from within the Department, but outside the Office
- Supv Status: each position is assigned a code indicating its supervisory status: 2 = supervisor or manager; 7 = team leader; 8 = nonsupervisor
- Duty Station Desc: the employee's official duty station.

Also responsive to Element 1 of your request is the following information, a list of positions that the Solicitor has authorized to be filled:

- Deputy Associate Solicitor, Mineral Resources (SES)
- Non-permanent staff attorney positions in Denver, Cheyenne, Salt Lake City, Albuquerque, San Francisco, and Washington, D.C, Division of General Law. Advertised grades are generally GS-12, GS-13, and GS-14.

For Element 2 of your request, as discussed above, the Office does not maintain documents that identify attorney positions as "vacant." Therefore, we are unable to provide a response to this element of your request.

For Element 3 of your request, in accordance with the amended scope of this element, we have provided two tables, which provide identical information in different formats. Each table lists each and every award given to an attorney in the Office since April 20, 2005; showing the title of each award; the monetary or other benefits bestowed with the awards; and whether the recipient of the award was a supervisory or nonsupervisory attorney.

For Element 4 of your request, in accordance with the amended scope of this element, we have provided a list of the Numeric Summary Rating given to each attorney employee of the Office on his or her two most recent performance appraisals (i.e., for the rating periods ending December 31, 2005, and September 30, 2006).

Additionally, we note that in response to your December 4, 2006 Privacy Act request, SOL-2007-0012, a copy of all documents contained in your Official Personnel Folder (OPF) that were created or added to your OPF after April 20, 2005, was sent to you via Federal Express on March 23, 2007.

As an other-use requester, you are entitled to 2 hours of search time, as well as 100 pages of duplication, before incurring FOIA processing fees. Additionally, as a matter of policy, the Department does not charge FOIA processing fees when the amount is below $30.00, because the cost of collection would exceed the amount collected. After considering your entitlements, your FOIA processing fees would be less than $30.00. Therefore, there is no fee for the processing of this request.

If you have any questions concerning the response to these requests, please contact Ms. Cafaro at 202-208-5216.

Sincerely,

Jack M. Hirsch
Personnel Liaison
Division of Administration
Office of the Solicitor

Attorney Movement Into Different Organization Code

| Noa Narr 1 | Name | Position Title Opm | Date Effective | Sub Bur | Org From | Org | Supv Status | Pay Plan | Grade | Duty Station Desc |
|---|---|---|---|---|---|---|---|---|---|---|
| REASSIGNMENT | LARVIE, VERONICA I. | ATTORNEY - ADVISOR (GENERAL) | Jun-12-05 | 06 | 90780 | 90680 | 8 | GS | 14 | WASHINGTON,DISTRICT OF COLUMBIA |
| REASSIGNMENT | MORRIS, EMILY DENHAM | ATTORNEY-ADVISER (GENERAL) | Aug-07-05 | 03 | 90110 | 90340 | 8 | GS | 12 | WASHINGTON,DISTRICT OF COLUMBIA |
| REASSIGNMENT | CARLS, ELIZABETH R. | ATTORNEY-ADVISER (GENERAL) | Aug-07-05 | 06 | 90110 | 90680 | 8 | GS | 11 | WASHINGTON,DISTRICT OF COLUMBIA |
| REASSIGNMENT | ROWAN, VERONICA | ATTORNEY-ADVISER (GENERAL) | Aug-07-05 | 15 | 90110 | 90950 | 8 | GS | 11 | SACRAMENTO,SACRAMENTO,CALIFORNIA |
| REASSIGNMENT | SMITH JR, MARK RODNEY | ATTORNEY-ADVISER (GENERAL) | Aug-07-05 | 06 | 90110 | 90680 | 8 | GS | 11 | WASHINGTON,DISTRICT OF COLUMBIA |
| REASSIGNMENT | KLEVEN, ARTHUR R. | ATTORNEY - ADVISOR (GENERAL) | Aug-07-05 | 12 | 90110 | 90921 | 8 | GS | 11 | DENVER,DENVER,COLORADO |
| REASSIGNMENT | CORR, KATHLEEN S. | ATTORNEY-ADVISER (GENERAL) | Aug-07-05 | 03 | 90110 | 90340 | 8 | GS | 12 | WASHINGTON,DISTRICT OF COLUMBIA |
| REASSIGNMENT | BACA GREEN, TONIANNNE L. | ATTORNEY - ADVISOR (GENERAL) | Aug-21-05 | 08 | 90990 | 90800 | 8 | GS | 14 | ALBUQUERQUE,BERNALILLO,NEW MEXICO |
| REASSIGNMENT | VAUGHN, GRANT L. | ATTORNEY-ADVISER (GENERAL) | Oct-02-05 | 11 | 90990 | 90911 | 8 | GS | 15 | SALT LAKE CITY,SALT LAKE,UTAH |
| PROMOTION | SIMPSON, STEPHEN L. | SUPV ATTORNEY-ADVISOR (GENERAL) | Oct-30-05 | 02 | 90240 | 90260 | 2 | GS | 15 | WASHINGTON,DISTRICT OF COLUMBIA |
| REASSIGNMENT | BERNHARDT, DAVID L. | DEPUTY SOLICITOR | Nov-09-05 | 01 | 10000000 | 90100 | 2 | ES | 00 | WASHINGTON,DISTRICT OF COLUMBIA |
| REASSIGNMENT | MATTIX, CARLA C. | ATTORNEY - ADVISOR (GENERAL) | Nov-13-05 | 04 | 90410 | 90412 | 6 | GS | 14 | SANTA FE,SANTA FE,NEW MEXICO |
| REASSIGNMENT | SMITH JR, MARK RODNEY | ATTORNEY-ADVISER (GENERAL) | Jan-03-06 | 06 | 90630 | 90632 | 8 | GS | 12 | SALT LAKE CITY,SALT LAKE,UTAH |
| REASSIGNMENT | KLUNDT, SCOTT A. | ATTORNEY-ADVISER (GENERAL) | Jan-08-06 | 06 | 90630 | 90631 | 8 | GS | 14 | LAKEWOOD,JEFFERSON,COLORADO |
| REASSIGNMENT | SPECTOR, RACHEL | ATTORNEY-ADVISER (GENERAL) | Feb-05-06 | 02 | 90250 | 90260 | 7 | GS | 15 | WASHINGTON,DISTRICT OF COLUMBIA |
| PROMOTION NTE "D" | LINDQUIST, KAREN E. | ATTORNEY-ADVISER (GENERAL) | Feb-05-06 | 02 | 90240 | 90260 | 7 | GS | 15 | WASHINGTON,DISTRICT OF COLUMBIA |
| PROMOTION NTE "D" | WISEMAN, MARIA K. | ATTORNEY-ADVISER (GENERAL) | Feb-05-06 | 02 | 90240 | 90260 | 7 | GS | 15 | WASHINGTON,DISTRICT OF COLUMBIA |
| REASSIGNMENT | ANSTY, MARTHA F. | ATTORNEY-ADVISER (GENERAL) | Feb-19-06 | 13 | 90630 | 903301 | 7 | GS | 15 | ESSEX JUNCTION,CHITTENDEN,VERMONT |
| REASSIGNMENT | SCHOESSLER, MICHAEL A. | ATTORNEY-ADVISER (GENERAL) | Apr-16-06 | 14 | 90990 | 90940 | 8 | GS | 14 | PORTLAND,CLACKAMAS,OREGON |
| REASSIGNMENT | SPECTOR, RACHEL | ATTORNEY-ADVISER (GENERAL) | May-14-06 | 03 | 90260 | 90340 | 8 | GS | 15 | WASHINGTON,DISTRICT OF COLUMBIA |
| REASSIGNMENT | VERBURG, KATHERINE OTT | SUPERVISORY ATTORNEY - ADVISOR (GENERAL) | May-14-06 | 11 | 90912 | 90913 | 2 | GS | 15 | PHOENIX,MARICOPA,ARIZONA |
| DETAIL NTE "D" | HAWBECKER, HALE W. | ATTORNEY-ADVISER (GENERAL) | Jun-26-06 | 03 | 90120 | 90340 | 8 | GS | 15 | WASHINGTON,DISTRICT OF COLUMBIA |
| REASSIGNMENT | MORRIS, EMILY DENHAM | ATTORNEY-ADVISER (GENERAL) | Aug-20-06 | 07 | 90340 | 90710 | 8 | GS | 13 | WASHINGTON,DISTRICT OF COLUMBIA |
| REASSIGNMENT | WILLIAMS, PAMELA SUE | ATTORNEY-ADVISER (GENERAL) | Oct-01-06 | 02 | 90210 | 90211 | 8 | GS | 15 | PHOENIX,MARICOPA,ARIZONA |
| REASSIGNMENT | FONDREN, KIMBERLY L. | ATTORNEY-ADVISER (GENERAL) | Oct-01-06 | 04 | 90410 | 90430 | 8 | GS | 14 | WASHINGTON,DISTRICT OF COLUMBIA |
| REASSIGNMENT | HALVARSON, TOBIAS D. | ATTORNEY-ADVISER (GENERAL) | Oct-15-06 | 02 | 90240 | 90260 | 8 | GS | 13 | WASHINGTON,DISTRICT OF COLUMBIA |
| REASSIGNMENT | BRANDON, ELISABETH C. | ATTORNEY-ADVISER (GENERAL) | Oct-29-06 | 02 | 90250 | 90260 | 8 | GS | 14 | WASHINGTON,DISTRICT OF COLUMBIA |
| REASSIGNMENT | GOODWIN, JANET A. | ATTORNEY-ADVISER (GENERAL) | Oct-29-06 | 02 | 90280 | 90260 | 8 | GS | 15 | WASHINGTON,DISTRICT OF COLUMBIA |
| REASSIGNMENT | BLASER, THOMAS A. | ATTORNEY-ADVISER (GENERAL) | Oct-29-06 | 02 | 90240 | 90260 | 8 | GS | 14 | WASHINGTON,DISTRICT OF COLUMBIA |

Attorney Movement Into Different Organization Code

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| REASSIGNMENT | CASSIDY, AMANDA A. | ATTORNEY-ADVISER (GENERAL) | Oct-29-06 | 02 | 90250 | 90260 | 8 | GS | 14 | WASHINGTON,DISTRICT OF COLUMBIA |
| REASSIGNMENT | RICE, JEAN E. | ATTORNEY-ADVISER (GENERAL) | Oct-29-06 | 02 | 90240 | 90260 | 8 | GS | 14 | WASHINGTON,DISTRICT OF COLUMBIA |
| REASSIGNMENT | MORAN, DAVID | ATTORNEY-ADVISER (GENERAL) | Oct-29-06 | 02 | 90200 | 90260 | 8 | GS | 14 | WASHINGTON,DISTRICT OF COLUMBIA |
| REASSIGNMENT | BARTMAN, THOMAS | ATTORNEY-ADVISER (GENERAL) | Oct-29-06 | 02 | 90240 | 90260 | 8 | GS | 14 | WASHINGTON,DISTRICT OF COLUMBIA |
| REASSIGNMENT | KELSEY, ANGELA M. | ATTORNEY-ADVISER (GENERAL) | Oct-29-06 | 02 | 90240 | 90260 | 8 | GS | 13 | WASHINGTON,DISTRICT OF COLUMBIA |
| REASSIGNMENT | RIEL, BRENDA E. | ATTORNEY-ADVISER (GENERAL) | Oct-29-06 | 02 | 90250 | 90260 | 8 | GS | 14 | WASHINGTON,DISTRICT OF COLUMBIA |
| REASSIGNMENT | KEARNS, THOMAS B. | ATTORNEY-ADVISER (GENERAL) | Oct-29-06 | 02 | 90250 | 90260 | 8 | GS | 14 | WASHINGTON,DISTRICT OF COLUMBIA |
| REASSIGNMENT | JENSEN, LAWRENCE J. | DEPUTY SOLICITOR | Dec-10-06 | 01 | 90911 | 90100 | 2 | ES | 00 | SALT LAKE CITY,SALT LAKE,UTAH |

Page 2 of 2

## Attorney Promotions

| Noa Narr1 | Name | Position Title Opm | Date Effective | Sub Bur | Org From | Org | Supv Status | Pay Plan | Grade | Duty Station Desc |
|---|---|---|---|---|---|---|---|---|---|---|
| PROMOTION | SAHLBERG, RAY B. | ATTORNEY - ADVISOR (GENERAL) | May-01-05 | 06 | 90630 | 90630 | 8 | GS | 14 | WASHINGTON,DISTRICT OF COLUMBIA |
| PROMOTION | MILLER JR., ROBERT C. | ATTORNEY - ADVISOR (GENERAL) | May-01-05 | 14 | 90941 | 90941 | 8 | GS | 14 | BOISE,ADA,IDAHO |
| PROMOTION | CARLUCCI, JOHN | ATTORNEY - ADVISOR (GENERAL) | May-15-05 | 04 | 90440 | 90440 | 8 | GS | 14 | WASHINGTON,DISTRICT OF COLUMBIA |
| PROMOTION | BLANK, HARVEY P. | ATTORNEY - ADVISOR (GENERAL) | May-15-05 | 07 | 90730 | 90730 | 8 | GS | 15 | WASHINGTON,DISTRICT OF COLUMBIA |
| PROMOTION | BRECKINRIDGE, JOSEPH CABE | ATTORNEY - ADVISOR (GENERAL) | Jun-12-05 | 02 | 90210 | 90210 | 8 | GS | 13 | WASHINGTON,DISTRICT OF COLUMBIA |
| PROMOTION | CAFARO, CINDY SINGER | ATTORNEY - ADVISOR (GENERAL) | Jul-10-05 | 03 | 90340 | 90340 | 8 | GS | 13 | WASHINGTON,DISTRICT OF COLUMBIA |
| PROMOTION | PERRON, BRIAN J. | ATTORNEY-ADVISER (GENERAL) | Jul-24-05 | 19 | 90840 | 90840 | 8 | GS | 14 | PORTLAND,CLACKAMAS,OREGON |
| PROMOTION | BAKAYZA, KELLY B. | ATTORNEY ADVISER (GENERAL) | Aug-07-05 | 13 | 90931 | 90931 | 8 | GS | 14 | PITTSBURGH,ALLEGHENY,PENNSYLVANIA |
| PROMOTION | THOMAS, SUSANNAH | ATTORNEY-ADVISER (GENERAL) | Aug-07-05 | 11 | 90911 | 90911 | 8 | GS | 13 | SALT LAKE CITY,SALT LAKE,UTAH |
| PROMOTION | HALVARSON, TOBIAS D. | ATTORNEY - ADVISER (GENERAL) | Oct-02-05 | 02 | 90240 | 90240 | 8 | GS | 13 | WASHINGTON,DISTRICT OF COLUMBIA |
| PROMOTION | MORRIS, EMILY DENHAM | ATTORNEY-ADVISER (GENERAL) | Oct-02-05 | 03 | 90340 | 90340 | 8 | GS | 13 | WASHINGTON,DISTRICT OF COLUMBIA |
| PROMOTION | SMITH JR, MARK RODNEY | ATTORNEY-ADVISER (GENERAL) | Oct-02-05 | 06 | 90630 | 90630 | 8 | GS | 12 | WASHINGTON,DISTRICT OF COLUMBIA |
| PROMOTION | MISH, STEPHEN C. | ATTORNEY ADVISER (GENERAL) | Oct-02-05 | 12 | 90921 | 90921 | 8 | GS | 13 | LAKEWOOD,JEFFERSON,COLORADO |
| PROMOTION | CORR, KATHLEEN S. | ATTORNEY-ADVISER (GENERAL) | Oct-02-05 | 03 | 90340 | 90340 | 8 | GS | 13 | WASHINGTON,DISTRICT OF COLUMBIA |
| PROMOTION | CARLS, ELIZABETH R. | ATTORNEY-ADVISER (GENERAL) | Oct-02-05 | 06 | 90680 | 90680 | 8 | GS | 12 | WASHINGTON,DISTRICT OF COLUMBIA |
| PROMOTION | ROWAN, VERONICA | ATTORNEY-ADVISER (GENERAL) | Oct-02-05 | 15 | 90950 | 90950 | 8 | GS | 12 | SACRAMENTO,SACRAMENTO,CALIFORNIA |
| PROMOTION | KLINE, PHILIP G. | ATTORNEY-ADVISER (GENERAL) | Oct-16-05 | 04 | 90430 | 90430 | 8 | GS | 14 | TUCSON,PIMA,ARIZONA |
| PROMOTION | SOSIN, AMY B. | ATTORNEY-ADVISER (GENERAL) | Oct-30-05 | 06 | 90680 | 90680 | 8 | GS | 15 | WASHINGTON,DISTRICT OF COLUMBIA |
| PROMOTION | KLEVEN, ARTHUR R. | ATTORNEY-ADVISER (GENERAL) | Oct-30-05 | 12 | 90921 | 90921 | 8 | GS | 12 | DENVER,DENVER,COLORADO |
| PROMOTION | SIMPSON, STEPHEN L. | SUPV ATTORNEY-ADVISOR (GENERAL) | Oct-30-05 | 02 | 90240 | 90260 | 2 | GS | 15 | WASHINGTON,DISTRICT OF COLUMBIA |
| PROMOTION | CHANDLER, LORETTA V. | ATTORNEY-ADVISER (GENERAL) | Dec-11-05 | 12 | 90922 | 90922 | 8 | GS | 14 | BILLINGS,YELLOWSTONE,MONTANA |
| PROMOTION | UMSHLER, SUE E. | ATTORNEY-ADVISER (GENERAL) | Jan-08-06 | 19 | 90990 | 90990 | 8 | GS | 14 | ALBUQUERQUE,BERNALILLO,NEW MEXICO |
| PROMOTION NTE "D"* | LINDQUIST, KAREN E. | ATTORNEY-ADVISER (GENERAL) | Feb-05-06 | 02 | 90240 | 90260 | 7 | GS | 15 | WASHINGTON,DISTRICT OF COLUMBIA |
| PROMOTION NTE "D"* | WISEMAN, MARIA K. | ATTORNEY-ADVISER (GENERAL) | Feb-05-06 | 02 | 90240 | 90260 | 7 | GS | 15 | WASHINGTON,DISTRICT OF COLUMBIA |
| PROMOTION | LIND, GREGORY B. | ATTORNEY-ADVISER (GENERAL) | Mar-05-06 | 15 | 90951 | 90951 | 8 | GS | 14 | OAKLAND,ALAMEDA,CALIFORNIA |
| PROMOTION | DONEY, JOHN C | ATTORNEY-ADVISER (GENERAL) | Apr-02-06 | 11 | 90913 | 90913 | 8 | GS | 14 | BOULDER CITY,CLARK,NEVADA |
| PROMOTION | ROTHEMICH, PERRI S. | ATTORNEY-ADVISER (GENERAL) | Apr-02-06 | 03 | 90360 | 90360 | 8 | GS | 13 | WASHINGTON,DISTRICT OF COLUMBIA |
| PROMOTION | BLASER, THOMAS A. | ATTORNEY-ADVISER (GENERAL) | Apr-16-06 | 02 | 90240 | 90240 | 8 | GS | 14 | WASHINGTON,DISTRICT OF COLUMBIA |
| PROMOTION | DAY, JOANNA CITRON | ATTORNEY-ADVISER (GENERAL) | May-14-06 | 06 | 90690 | 90690 | 8 | GS | 14 | WASHINGTON,DISTRICT OF COLUMBIA |
| PROMOTION | VIRCHS, BRIDGET NMN | ATTORNEY-ADVISER (GENERAL) | May-14-06 | 02 | 90230 | 90230 | 8 | GS | 14 | WASHINGTON,DISTRICT OF COLUMBIA |
| PROMOTION | ROBERTS, JASON C. | ATTORNEY - ADVISOR (GENERAL) | Jun-25-06 | 02 | 90220 | 90220 | 8 | GS | 14 | WASHINGTON,DISTRICT OF COLUMBIA |
| PROMOTION | WILSON, FRANK SAMPSON | SUPV ATTORNEY ADVISER | Jul-23-06 | 14 | 90940 | 90940 | 2 | GS | 15 | PORTLAND,MULTNOMAH,OREGON |

## Attorney Promotions

| Action | Name | Title | Date | | | | | | | Location |
|---|---|---|---|---|---|---|---|---|---|---|
| CONV TO SES CAREER APPT | JOHNSON, LYNN A. | REGIONAL SOLICITOR | Jul-23-06 | 19 | 90881 | 90990 | 2 | ES | 00 | ALBUQUERQUE,BERNALILLO,NEW MEXICO |
| PROMOTION | SMITH,JR.,MARK RODNEY | ATTORNEY-ADVISER (GENERAL) | Oct-01-06 | 06 | 90632 | 90632 | 8 | GS | 13 | SALT LAKE CITY,SALT LAKE,UTAH |
| CONV TO SES CAREER APPT | MYERS, RICHARD G. | REGIONAL SOLICITOR- ALASKA REGION | Oct-01-06 | 17 | 90230 | 90970 | 2 | ES | 00 | ANCHORAGE,ANCHORAGE,ALASKA |
| PROMOTION | ROWAN, VERONICA | ATTORNEY-ADVISER (GENERAL) | Oct-01-06 | 15 | 90950 | 90950 | 8 | GS | 13 | SACRAMENTO,SACRAMENTO,CALIFORNIA |
| PROMOTION | OWENS, DEREK R. | ATTORNEY-ADVISER (GENERAL) | Oct-15-06 | 15 | 90951 | 90951 | 8 | GS | 12 | OAKLAND,ALAMEDA,CALIFORNIA |
| PROMOTION | SPAULDING, JANET LEA | ATTORNEY-ADVISER (GENERAL) | Oct-15-06 | 19 | 90993 | 90993 | 8 | GS | 15 | TULSA,TULSA,OKLAHOMA |
| PROMOTION | SMITH, NATHALIE | ATTORNEY-ADVISER (GENERAL) | Oct-29-06 | 08 | 90692 | 90692 | 8 | GS | 14 | PORTLAND,CLACKAMAS,OREGON |
| PROMOTION | DUNNIGAN, KARAN L. | SUPV ATTORNEY-ADVISOR (GENERAL) | Dec-24-06 | 12 | 90922 | 90922 | 8 | GS | 15 | BILLINGS,YELLOWSTONE,MONTANA |
| PROMOTION NTE "D" | QUINN JR., WILLIAM W. | SUPV ATTORNEY-ADVISOR(GENERAL) | Jan-07-07 | 11 | 90912 | 90912 | 8 | GS | 15 | PHOENIX,MARICOPA,ARIZONA |
| PROMOTION | THOMAS, SUSANNAH | ATTORNEY-ADVISER (GENERAL) | Jan-21-07 | 11 | 90911 | 90911 | 8 | GS | 14 | SALT LAKE CITY,SALT LAKE,UTAH |
| PROMOTION | KLEVEN, ARTHUR R. | ATTORNEY-ADVISER (GENERAL) | Jan-21-07 | 12 | 90921 | 90921 | 8 | GS | 13 | LAKEWOOD,JEFFERSON,COLORADO |
| PROMOTION | COSTENBADER, KATHARINE M. | ATTORNEY-ADVISER (GENERAL) | Feb-04-07 | 13 | 90630 | 90630 | 8 | GS | 14 | NEWTON,MIDDLESEX,MASSACHUSETTS |
| PROMOTION | KOEHLER, S. AMANDA | ATTORNEY-ADVISER (GENERAL) | Feb-04-07 | 12 | 90921 | 90921 | 8 | GS | 14 | LAKEWOOD,JEFFERSON,COLORADO |
| PROMOTION | WENGER, LANCE C. | ATTORNEY-ADVISER (GENERAL) | Feb-04-07 | 12 | 90921 | 90921 | 8 | GS | 14 | LAKEWOOD,JEFFERSON,COLORADO |
| PROMOTION | WASHBURN, ELIZABETH R. | ATTORNEY-ADVISER (GENERAL) | Feb-18-07 | 13 | 90332 | 90332 | 8 | GS | 14 | FORT SNELLING,HENNEPIN,MINNESOTA |
| PROMOTION | STEINMETZ, MARTIN R. | ATTORNEY-ADVISER (GENERAL) | Mar-18-07 | 19 | 90993 | 90993 | 8 | GS | 15 | TULSA,TULSA,OKLAHOMA |
| PROMOTION | BUCKLEY JR., WILLIAM F. | ATTORNEY-ADVISER (GENERAL) | Mar-18-07 | 03 | 90350 | 90350 | 8 | GS | 13 | WASHINGTON,DISTRICT OF COLUMBIA |
| PROMOTION | CARLS, ELIZABETH R. | ATTORNEY-ADVISER (GENERAL) | Mar-18-07 | 06 | 90680 | 90680 | 6 | GS | 13 | WASHINGTON,DISTRICT OF COLUMBIA |
| PROMOTION | ACOSTA, ARMANDO J. | ATTORNEY-ADVISER (GENERAL) | Mar-18-07 | 03 | 90350 | 90350 | 8 | GS | 13 | WASHINGTON,DISTRICT OF COLUMBIA |
| PROMOTION | BERGSTROM, SCOTT ALLEN | ATTORNEY-ADVISER (GENERAL) | Mar-18-07 | 02 | 90210 | 90210 | 2 | GS | 15 | WASHINGTON,DISTRICT OF COLUMBIA |

## Attorney Appointments

| Noa Narr 1 | Name | Position Title Opm | Date Effective | Sub Bur | Org | Pay Plan | Grade | Duty Station Desc |
|---|---|---|---|---|---|---|---|---|
| EXC APPT NTE "D" | WASHBURN, ELIZABETH R. | ATTORNEY - ADVISOR (GENERAL) | May-03-05 | 13 | 90932 | GS | 13 | FORT SNELLING,HENNEPIN,MINNESOTA |
| EXC APPT | LARSON, KEITH R. | ATTORNEY - ADVISOR (GENERAL) | May-15-05 | 03 | 90360 | GS | 14 | SIERRA VISTA,COCHISE,ARIZONA |
| SES NONCAREER | HARRIS, JAMES D. | ASSOC SOLICITOR-MINERAL RESOURCES | Jul-06-05 | 04 | 90400 | ES | 00 | WASHINGTON,DISTRICT OF COLUMBIA |
| EXC APPT | DOMENICO, DANIEL D. | SPECIAL ASSISTANT TO THE SOLICITOR | Jul-24-05 | 01 | 90100 | GS | 15 | WASHINGTON,DISTRICT OF COLUMBIA |
| SES NONCAREER | VERHEY, DAVID M | ASSOC SOLICITOR-PARKS & WILDLIFE | Jul-24-05 | 04 | 90400 | ES | 00 | WASHINGTON,DISTRICT OF COLUMBIA |
| EXC APPT NTE "D" | OWENS, DEREK R. | ATTORNEY - ADVISOR (GENERAL) | Oct-06-06 | 15 | 90951 | GS | 11 | OAKLAND,ALAMEDA,CALIFORNIA |
| EXC APPT NTE "D" | BUTTOLPH, KATHERINE NMN | ATTORNEY-ADVISER (GENERAL) | Oct-11-05 | 13 | 90930 | GS | 13 | NEWTON,MIDDLESEX,MASSACHUSETTS |
| EXC APPT NTE "D" | CONTRACTOR, RATNA M. | ATTORNEY-ADVISER (GENERAL) | Dec-11-05 | 12 | 90921 | GS | 13 | DENVER,DENVER,COLORADO |
| EXC APPT | ACOSTA, ARMANDO J. | ATTORNEY-ADVISER (GENERAL) | Jan-22-06 | 03 | 90350 | GS | 12 | WASHINGTON,DISTRICT OF COLUMBIA |
| EXC APPT | LEE, PAULA R. | ATTORNEY-ADVISER (GENERAL) | Feb-05-06 | 15 | 90951 | GS | 14 | OAKLAND,ALAMEDA,CALIFORNIA |
| SES NONCAREER | GAUDIO, JOHN L. | ATTORNEY - ADVISOR (GENERAL) | Feb-05-06 | 19 | 90992 | GS | 14 | SANTA FE,SANTA FE,NEW MEXICO |
| EXC APPT | ARTMAN III, CARL J. | ASSOCIATE SOLICITOR - INDIAN AFFAIRS | Feb-27-06 | 02 | 902000 | ES | 00 | WASHINGTON,DISTRICT OF COLUMBIA |
| EXC APPT | SUAREZ PAWLICKI, EMMA T. | ASSOC SOLICITOR - LAND & WATER RESOU | Mar-05-06 | 06 | 90600 | ES | 00 | WASHINGTON,DISTRICT OF COLUMBIA |
| EXC APPT | BUCKLEY JR., WILLIAM F. | ATTORNEY-ADVISER (GENERAL) | Mar-19-06 | 03 | 90350 | GS | 12 | WASHINGTON,DISTRICT OF COLUMBIA |
| EXC APPT NTE "D" | WOLPERT, CHRISTOPHER M. | ATTORNEY - ADVISOR (GENERAL) | Apr-02-06 | 19 | 90990 | GS | 13 | ALBUQUERQUE,BERNALILLO,NEW MEXICO |
| EXC APPT | ANDERS, BRUCE F. | ATTORNEY-ADVISER (GENERAL) | May-22-06 | 17 | 90970 | GS | 14 | ANCHORAGE,ANCHORAGE,ALASKA |
| EXC APPT | TERRY, GARTH E. | ATTORNEY-ADVISER (GENERAL) | May-28-06 | 19 | 90990 | GS | 14 | ALBUQUERQUE,BERNALILLO,NEW MEXICO |
| EXC APPT | FOX, MATTHEW E. | ATTORNEY-ADVISER (GENERAL) | Jun-11-06 | 07 | 90730 | GS | 13 | WASHINGTON,DISTRICT OF COLUMBIA |
| EXC APPT NTE "D" | WOODWORTH, THOMAS C. | ATTORNEY-ADVISER (GENERAL) | Jun-11-06 | 07 | 90780 | GS | 14 | WASHINGTON,DISTRICT OF COLUMBIA |
| EXC APPT | PATRICK, TERESA L. | SUPERVISORY ATTORNEY-ADVISER | Jun-14-06 | 19 | 90990 | GS | 15 | ALBUQUERQUE,BERNALILLO,NEW MEXICO |
| EXC APPT NTE "D" | COJOCARI, GLADYS L. | ATTORNEY-ADVISER (GENERAL) | Aug-20-06 | 02 | 90260 | GS | 13 | WASHINGTON,DISTRICT OF COLUMBIA |
| EXC APPT | HALL, ROBERT E. | ATTORNEY-ADVISER (GENERAL) | Sep-03-06 | 02 | 90210 | GS | 12 | WASHINGTON,DISTRICT OF COLUMBIA |
| EXC APPT NTE "D" | BECK, CANDACE N. | ATTORNEY-ADVISER (GENERAL) | Sep-17-06 | 02 | 90260 | GS | 13 | WASHINGTON,DISTRICT OF COLUMBIA |
| EXC APPT | GUGINO, R. PAUL | SPEC ASST TO THE SOLICITOR | Sep-17-06 | 01 | 90100 | GS | 15 | WASHINGTON,DISTRICT OF COLUMBIA |
| EXC APPT NTE "D" | PARKHURST, EMILY E. | ATTORNEY-ADVISER (GENERAL) | Oct-15-06 | 03 | 90360 | GS | 12 | WASHINGTON,DISTRICT OF COLUMBIA |
| EXC APPT | FROZENA, JENNIFER L. | ATTORNEY - ADVISOR (GENERAL) | Nov-07-06 | 02 | 90212 | GS | 14 | PORTLAND,MULTNOMAH,OREGON |
| EXC APPT | HINTZ, KIMBERLY | ATTORNEY - ADVISOR (GENERAL) | Nov-26-06 | 01 | 90120 | GS | 15 | WASHINGTON,DISTRICT OF COLUMBIA |
| EXC APPT | HORNER, AMY L. | ATTORNEY - ADVISOR (GENERAL) | Dec-10-06 | 04 | 90440 | GS | 13 | WASHINGTON,DISTRICT OF COLUMBIA |
| EXC APPT NTE "D" | DERWART, MELISSA B. | ATTORNEY - ADVISOR (GENERAL) | Jan-07-07 | 06 | 90690 | GS | 14 | WASHINGTON,DISTRICT OF COLUMBIA |
| EXC APPT NTE "D" | GIERYIC, MICHAEL S. | ATTORNEY-ADVISER (GENERAL) | Feb-04-07 | 17 | 90970 | GS | 14 | ANCHORAGE,ANCHORAGE,ALASKA |
| SES NONCAREER | FABER, ROBERT C. | ASSOC SOL-PARKS & WILDLIFE | Mar-02-07 | 04 | 90450 | ES | 00 | WASHINGTON,DISTRICT OF COLUMBIA |
| EXC APPT | MCDONNELL, EDWARD F. | ATTORNEY-ADVISER (GENERAL) | Mar-04-07 | 01 | 90120 | GS | 15 | WASHINGTON,DISTRICT OF COLUMBIA |

Appointments and Promotions Now Pending in Personnel/Payroll System

## 1 IMMED OFC OF SOLICITOR

| Transaction Nbr | Date Eff Proposed | Org | Action | Name-Posn | | |
|---|---|---|---|---|---|---|
| 2007-0759004 | 3/22/2007 | 90130 | APPOINTMENT (TEMPORARY) - Mar-31-2009 | PORTER, JAMES W. - ATTORNEY-ADVISER (GENERAL) | | |

1 actions
PP-Ser-Gr/St
GS-0905-12/01 - 0

Duty Sta
WASHINGTON

## 2 DIV OF INDIAN AFFAIRS

| Transaction Nbr | Date Eff Proposed | Org | Action | Name-Posn |
|---|---|---|---|---|
| 2007-0662351 | 3/12/2007 | 90210 | PROMOTION - PROMOTION | BERGSTROM, SCOTT ALLEN - ATTORNEY-ADVISER (GENERAL) |
| 2007-0530293 | 1/30/2007 | 90230 | APPOINTMENT (TEMPORARY) - Jan-30-2009 | CAULUM, ANDREW S. - ATTORNEY-ADVISER (GENERAL) |
| 2007-0727881 | 3/16/2007 | 90230 | APPOINTMENT (TEMPORARY) - Mar-15-2009 | DAMM, JONATHAN R. - ATTORNEY-ADVISER (GENERAL) |
| 2007-0683323 | 3/16/2007 | 90260 | CONV TO PERMANENT APPOINTMENT - | LINDQUIST, KAREN E. - ATTORNEY-ADVISER (GENERAL) |

9 actions
PP-Ser-Gr/St
GS-0905-15/03 - 117721
GS-0905-13/01 - 0
GS-0905-13/ - 0
GS-0905-14/01 - 93622

Duty Sta
WASHINGTON
WASHINGTON
WASHINGTON
WASHINGTON

## 3 DIVISION OF GENERAL LAW

| Transaction Nbr | Date Eff Proposed | Org | Action | Name-Posn |
|---|---|---|---|---|
| 2007-0731858 | 3/16/2007 | 90340 | APPOINTMENT (PERMANENT) - | ALDRICH, KATHERINE M. - ATTORNEY-ADVISER (GENERAL) |
| 2007-0691252 | 3/12/2007 | 90350 | PROMOTION - PROMOTION | BUCKLEY JR, WILLIAM F. - ATTORNEY-ADVISER (GENERAL) |
| 2007-0697474 | 3/18/2007 | 90350 | PROMOTION - PROMOTION | ACOSTA, ARMANDO J. - ATTORNEY-ADVISER (GENERAL) |

6 actions
PP-Ser-Gr/St
GS-0905-13/09 - 0
GS-0905-13/01 - 79397
GS-0905-13/01 - 79397

Duty Sta
WASHINGTON
WASHINGTON
WASHINGTON

## 6 DIV LAND AND WATER RES

| Transaction Nbr | Date Eff Proposed | Org | Action | Name-Posn |
|---|---|---|---|---|
| 2007-0691217 | 3/18/2007 | 90680 | PROMOTION - PROMOTION | CARLS, ELIZABETH R. - ATTORNEY-ADVISER (GENERAL) |

2 actions
PP-Ser-Gr/St
GS-0905-13/01 - 79397

Duty Sta
WASHINGTON

Attorney Awards by Supervisory Status, Award Type, Effective Date

| | QUALITY INC - | INDIVIDUAL TIME-OFF AWARD - | | INDIVIDUAL CASH AWARD - | | |
| --- | --- | --- | --- | --- | --- | --- |
| | Non-supervisor | Supervisor | Non-supervisor | Non-supervisor | Team Leader | Supervisor |
| | Date Effective | Date Effective | Date Effective | Date Effective | Date Effective | Date Effective |
| $375 | Aug-08-2005 | | | Jun-15-2005 | | |
| $75 | | | | | | Aug-22-2005 |
| $1750 | | | | Sep-06-2005 | | Sep-06-2005 |
| $4450 | | | | Sep-06-2005 | | |
| $3350 | | | | Sep-06-2005 | | |
| $9675 | | | | Sep-09-2005 | | |
| $602 | | | | Oct-03-2005 | | |
| $400 | | | | Oct-03-2005 | | Oct-03-2005 |
| $603 | | | | Oct-03-2005 | | |
| $750 | | | | Oct-03-2005 | | |
| $1350 | | | | Oct-03-2005 | | |
| $600 | | | | Oct-03-2005 | | |
| $1818 | | | | Oct-03-2005 | | |
| $675 | | | | Oct-03-2005 | | |
| $2155 | | | | Oct-03-2005 | | |
| $250 | | | | Oct-03-2005 | | |
| 30 hrs | | | Oct-04-2005 | | | |
| $810 | | | | Oct-19-2005 | | Oct-19-2005 |
| $1600 | | | | Oct-19-2005 | | |
| $3001 | | | | Oct-26-2005 | | |
| $3500 | | | | Oct-19-2005 | | Nov-01-2005 |
| $2243 | | | | Nov-01-2005 | | |
| $2100 | | | | Nov-07-2005 | | Nov-07-2005 |
| $546 | | | | Nov-14-2005 | | |
| $1001 | | | | Nov-14-2005 | | Nov-14-2005 |

**Attorney Awards by Supervisory Status, Award Type, Effective Date**

| QUALITY INC - | INDIVIDUAL TIME-OFF AWARD - | | | INDIVIDUAL CASH AWARD - | | |
|---|---|---|---|---|---|---|
| | Non-supervisor Date Effective | Supervisor Date Effective | Non-supervisor Date Effective | Non-supervisor Date Effective | Team Leader Date Effective | Supervisor Date Effective |
| $1456 | | | | Nov-14-2005 | | |
| $819 | | | | Nov-14-2005 | | |
| 10 hrs | | Nov-15-2005 | Nov-08-2005 | | | |
| $728 | | | | | | |
| $1010 | | | | Nov-21-2005 | | |
| $1911 | | | | Nov-21-2005 | | |
| $2500 | | | | Nov-21-2005 | | |
| $1800 | | | | Nov-28-2005 | | Oct-03-2005 |
| $7000 | | | | | | Jan-08-2006 |
| $1200 | | | | Nov-01-2005 | | Feb-21-2006 |
| $5000 | | | | Jul-24-2005 | | Feb-21-2006 |
| $200 | | | | Mar-10-2006 | | |
| $91 | | | | Mar-10-2006 | | |
| $150 | | | | | | |
| 20 hrs | | | Mar-23-2006 | | | |
| 25 hrs | | | Mar-23-2006 | | | |
| $9090 | | | | | | |
| $8712 | | | | Apr-13-2006 | | |
| $1820 | | | | Apr-13-2006 | | |
| 80 hrs | | | | May-26-2006 | | |
| $4000 | | Oct-04-2005 | Jul-24-2006 | Sep-09-2005 | | |
| 8 hrs | | | Jul-28-2006 | | | Jul-28-2006 |
| $910 | | | | Aug-06-2006 | | |
| $1363 | | | | Aug-06-2006 | | Jan-18-2006 |
| $1825 | | | | Aug-20-2006 | | |
| 4 hrs | | | Sep-03-2006 | | | |

Page 2 of 4

**Attorney Awards by Supervisory Status, Award Type, Effective Date**

| | QUALITY INC. - | INDIVIDUAL TIME-OFF AWARD - | | INDIVIDUAL CASH AWARD - | | |
|---|---|---|---|---|---|---|
| | Non-supervisor Date Effective | Supervisor Date Effective | Non-supervisor Date Effective | Non-supervisor Date Effective | Team Leader Date Effective | Supervisor Date Effective |
| 40 hrs | | Jan-08-2006 | Sep-17-2006 | | | |
| $500 | | | | Sep-17-2006 | | Oct-03-2005 |
| $2800 | | | | Sep-17-2006 | | |
| $3636 | | | | Sep-17-2006 | | |
| $3250 | | | | Sep-17-2006 | | |
| $377 | | | | Sep-17-2006 | | |
| $925 | | | | Sep-17-2006 | | |
| $1850 | | | | Sep-17-2006 | | |
| $100 | | | | Sep-18-2006 | | |
| $900 | | | | Sep-24-2006 | | |
| $3800 | | | | Sep-24-2006 | | |
| $1272 | | | | Sep-24-2006 | | |
| $350 | | | | Sep-24-2006 | | |
| $1860 | | | | Sep-24-2006 | | Sep-24-2006 |
| $1819 | | | | Sep-24-2006 | | |
| $300 | | | | Sep-17-2006 | | Sep-24-2006 |
| 16 hrs | | Sep-24-2006 | Jun-19-2006 | | | |
| $2000 | | | | Oct-03-2005 | | Sep-24-2006 |
| $650 | | | | Sep-24-2006 | | Sep-24-2006 |
| $1300 | | | | | | Nov-26-2006 |
| $455 | | | | Nov-26-2006 | | |
| $3565 | | | | | Sep-17-2006 | Nov-26-2006 |
| $1500 | | | | Nov-26-2006 | | Nov-01-2005 |
| 18 hrs | | | Nov-26-2006 | | | |
| 9 hrs | | | Nov-26-2006 | | | |
| 27 hrs | | | Nov-26-2006 | | | |

Attorney Awards by Supervisory Status, Award Type, Effective Date

| Amount | QUALITY INC - Non-supervisor Date Effective | INDIVIDUAL TIME-OFF AWARD - Supervisor Date Effective | Non-supervisor Date Effective | INDIVIDUAL CASH AWARD - Non-supervisor Date Effective | Team Leader Date Effective | Supervisor Date Effective |
|---|---|---|---|---|---|---|
| $585 | | | | Nov-26-2006 | | |
| $800 | | | | Nov-26-2006 | | |
| $3763 | | | | | | Nov-26-2006 |
| $980 | | | | Nov-26-2006 | | |
| 32 hrs | | Nov-26-2006 | Nov-15-2005 | | | |
| $637 | | | | Nov-26-2006 | | Nov-26-2006 |
| $1250 | | | | Nov-26-2006 | | Nov-26-2006 |
| $3656 | | | | Nov-26-2006 | | |
| 24 hrs | | Nov-28-2005 | Nov-26-2006 | | | |
| 12 hrs | | | Nov-26-2006 | | | |
| $2200 | | | | Nov-26-2006 | | |
| $4301 | | | | Nov-26-2006 | | |
| $3000 | | | | Nov-26-2006 | | Jan-08-2006 |
| $700 | | | | Nov-26-2006 | | |
| $1870 | | | | Nov-26-2006 | | |
| $1000 | | | | Nov-18-2005 | | |
| $622 | | | | Dec-10-2006 | | Dec-10-2006 |
| $3050 | | | | Dec-24-2006 | | |

**Attorney Awards by Supervisory Status, Award Type, Effective Date**



Attorney Awards by Supervisory Status, Award Type, Effective Date



Attorney Awards by Supervisory Status, Award Type, Effective Date



| | | Effective Date | Amount |
|---|---|---|---|
| | | | $2500 |
| | | | $546 |
| | | | $619 |
| | | Nov-18-2005 | $1000 |
| | | | $2000 |
| | | Nov-21-2005 | $1000 |
| | | | $191 |
| | | | $546 |
| | | | $728 |
| | | | $819 |
| | | Nov-22-2005 | $2500 |
| | | Nov-28-2005 | $2500 |
| | | Nov-29-2005 | $1200 |
| | | | $1500 |
| | | | $2500 |
| | | Dec-05-2005 | $1000 |
| | | | $2000 |
| | | | $500 |
| | | | $600 |
| | | | $750 |
| | | Dec-22-2005 | $1250 |
| | | Jan-08-2006 | $5000 |
| | | Feb-21-2006 | $1200 |
| | | | $1250 |
| | | | $2000 |
| | | Mar-10-2006 | $150 |
| | | | $200 |
| | | | $250 |
| | | | $91 |
| | | Mar-23-2006 | $1000 |
| | | | $2000 |
| | | Mar-31-2006 | $2000 |
| | | Apr-04-2006 | $1000 |
| | | | $1250 |
| | | | $2000 |
| | | | $500 |
| | | Apr-18-2006 | $500 |
| | | | $8712 |
| | | | $9090 |
| | | | $910 |
| | | May-03-2006 | $1250 |
| | | | $2000 |
| | | | $800 |

Attorney Awards by Supervisory Status, Award Type, Effective Date



| | | | |
|---|---|---|---|
| | | May 16 2006 | $1000 |
| | | | $2000 |
| | | May 26 2006 | $1825 |
| | | | $300 |
| | | | $400 |
| | | | $800 |
| | | Jun 05 2006 | $1250 |
| | | | $2000 |
| | | | $2500 |
| | | Jun 13 2006 | $2000 |
| | | Jun 23 2006 | $1000 |
| | | Jul 23 2006 | $2000 |
| | | Jul 28 2006 | $1000 |
| | | | $2000 |
| | | Aug 06 2006 | $1000 |
| | | | $1963 |
| | | | $2000 |
| | | | $250 |
| | | | $400 |
| | | | $500 |
| | | | $900 |
| | | | $919 |
| | | Aug 20 2006 | $1825 |
| | | Sep 03 2006 | $1000 |
| | | | $1500 |
| | | | $2000 |
| | | | $500 |
| | | | $637 |
| | | | $750 |
| | | Sep 17 2006 | $1000 |
| | | | $1500 |
| | | | $1850 |
| | | | $2000 |
| | | | $2800 |
| | | | $300 |
| | | | $3000 |
| | | | $3250 |
| | | | $363 |
| | | | $375 |
| | | | $400 |
| | | | $500 |
| | | | $600 |
| | | | $650 |

Attorney Awards by Supervisory Status, Award Type, Effective Date



**Attorney Awards by Supervisory Status, Award Type, Effective Date**



| | | | |
|---|---|---|---|
| | | Dec-10-2006 | $1000 |
| | | | $1250 |
| | | | $1500 |
| | | | $2000 |
| | | | $622 |
| | | | $750 |
| | | Dec-24-2006 | $2050 |
| | | | $400 |
| | INDIVIDUAL TIME OFF AWARD | Apr-26-2005 | 20 hrs |
| | | Apr-29-2005 | 8 hrs |
| | | May-12-2005 | 18 hrs |
| | | May-19-2005 | 8 hrs |
| | | May-23-2005 | 9 hrs |
| | | Jun-27-2005 | 40 hrs |
| | | Jul-25-2005 | 40 hrs |
| | | Aug-12-2005 | 8 hrs |
| | | Sep-06-2005 | 16 hrs |
| | | | 20 hrs |
| | | | 24 hrs |
| | | | 8 hrs |
| | | Oct-03-2005 | 16 hrs |
| | | | 24 hrs |
| | | | 40 hrs |
| | | | 8 hrs |
| | | Oct-04-2005 | 20 hrs |
| | | | 30 hrs |
| | | | 40 hrs |
| | | Nov-01-2005 | 24 hrs |
| | | Nov-02-2005 | 16 hrs |
| | | Nov-07-2005 | 16 hrs |
| | | | 20 hrs |
| | | | 24 hrs |
| | | | 40 hrs |
| | | | 8 hrs |
| | | Nov-08-2005 | 10 hrs |
| | | | 16 hrs |
| | | | 18 hrs |
| | | | 24 hrs |
| | | | 9 hrs |
| | | Nov-15-2005 | 32 hrs |
| | | Nov-21-2005 | 32 hrs |
| | | Nov-28-2005 | 16 hrs |
| | | | 24 hrs |

Attorney Awards by Supervisory Status, Award Type, Effective Date



| | | | |
|---|---|---|---|
| | | | 40 hrs |
| | | Dec-23-2005 | 40 hrs |
| | | Jan-03-2006 | 40 hrs |
| | | | 8 hrs |
| | | | 80 hrs |
| | | Jan-18-2006 | 8 hrs |
| | | Jan-20-2006 | 8 hrs |
| | | Feb-21-2006 | 16 hrs |
| | | | 8 hrs |
| | | Mar-10-2006 | 40 hrs |
| | | | 16 hrs |
| | | | 24 hrs |
| | | | 8 hrs |
| | | | 8 hrs |
| | | Mar-23-2006 | 20 hrs |
| | | | 26 hrs |
| | | | 32 hrs |
| | | | 40 hrs |
| | | | 8 hrs |
| | | Apr-04-2006 | 24 hrs |
| | | | 8 hrs |
| | | May-03-2006 | 8 hrs |
| | | May-12-2006 | 27 hrs |
| | | May-26-2006 | 20 hrs |
| | | | 24 hrs |
| | | | 8 hrs |
| | | Jun-13-2006 | 16 hrs |
| | | Jun-19-2006 | 16 hrs |
| | | Jul-19-2006 | 8 hrs |
| | | Jul-20-2006 | 40 hrs |
| | | Jul-24-2006 | 80 hrs |
| | | Jul-28-2006 | 8 hrs |
| | | Aug-06-2006 | 40 hrs |
| | | Aug-20-2006 | 8 hrs |
| | | Sep-03-2006 | 4 hrs |
| | | Sep-17-2006 | 12 hrs |
| | | | 16 hrs |
| | | | 18 hrs |
| | | | 20 hrs |
| | | | 24 hrs |
| | | | 30 hrs |
| | | | 40 hrs |
| | | | 8 hrs |

Page 7 of 10

Attorney Awards by Supervisory Status, Award Type, Effective Date



| | | | |
|---|---|---|---|
| | | Sep-24-2006 | 16 hrs |
| | | | 24 hrs |
| | | | 8 hrs |
| | | Nov-12-2006 | 16 hrs |
| | | | 8 hrs |
| | | Nov-26-2006 | 12 hrs |
| | | | 16 hrs |
| | | | 18 hrs |
| | | | 24 hrs |
| | | | 27 hrs |
| | | | 32 hrs |
| | | | 40 hrs |
| | | | 8 hrs |
| | | | 9 hrs |
| | | Dec-10-2006 | 24 hrs |
| | | | 32 hrs |
| | | | 40 hrs |
| | | Jan-07-2007 | 16 hrs |
| | | | 24 hrs |
| | | | 40 hrs |
| | | | 8 hrs |
| | | Feb-04-2007 | 8 hrs |
| | | Feb-06-2007 | 8 hrs |
| | | Feb-07-2007 | 24 hrs |
| | | Mar-05-2007 | 4 hrs |
| | QUALITY INC | Jun-12-2005 | |
| | | Aug-09-2005 | |
| | | Aug-20-2005 | |
| | | Oct-30-2005 | |
| Supervisor | INDIVIDUAL CASH AWARD | Aug-22-2005 | $750 |
| | | Sep-06-2005 | $1750 |
| | | Sep-09-2005 | $3000 |
| | | Oct-03-2005 | $2000 |
| | | | $2500 |
| | | | $500 |
| | | | $600 |
| | | Oct-04-2005 | $3000 |
| | | Oct-19-2005 | $810 |
| | | Oct-26-2005 | $2000 |
| | | Nov-01-2005 | $1500 |
| | | | $2000 |
| | | | $2500 |
| | | | $3000 |

Attorney Awards by Supervisory Status, Award Type, Effective Date



| | | | |
|---|---|---|---|
| | | | $5500 |
| | | Nov-07-2005 | $2240 |
| | | | $2500 |
| | | Nov-14-2005 | $1001 |
| | | | $2500 |
| | | Nov-18-2005 | $2000 |
| | | Jan-03-2006 | $3000 |
| | | Jan-09-2006 | $1500 |
| | | | $1800 |
| | | | $3000 |
| | | | $5000 |
| | | | $7000 |
| | | Jan-18-2006 | $910 |
| | | Jan-22-2006 | $7000 |
| | | Feb-21-2006 | $1200 |
| | | | $5000 |
| | | Apr-04-2006 | $1250 |
| | | Jul-28-2006 | $4000 |
| | | Sep-17-2006 | $1000 |
| | | | $1500 |
| | | | $910 |
| | | Sep-24-2006 | $1860 |
| | | | $2000 |
| | | | $300 |
| | | | $650 |
| | | Oct-20-2006 | $3000 |
| | | Nov-26-2006 | $1250 |
| | | | $1300 |
| | | | $1500 |
| | | | $2500 |
| | | | $3565 |
| | | | $3763 |
| | | | $637 |
| | | Dec-10-2006 | $1000 |
| | | | $1250 |
| | INDIVIDUAL TIME-OFF AWARD | May-15-2005 | 40 hrs |
| | | Jul-22-2005 | 24 hrs |
| | | Oct-03-2005 | 40 hrs |
| | | Oct-04-2005 | 80 hrs |
| | | Nov-07-2005 | 24 hrs |
| | | | 32 hrs |
| | | Nov-15-2005 | 40 hrs |
| | | Nov-28-2005 | 24 hrs |

**Attorney Awards by Supervisory Status, Award Type, Effective Date**



| | | | |
|---|---|---|---|
| | | Jan-09-2006 | 40 hrs |
| | | Jan-22-2006 | 40 hrs |
| | | Apr-04-2006 | 40 hrs |
| | | Sep-24-2006 | 16 hrs |
| | | Nov-26-2006 | 24 hrs |
| | | | 32 hrs |
| | | | 40 hrs |
| | | Jan-07-2007 | 40 hrs |
| Team Leader | INDIVIDUAL | Sep-17-2006 | $1500 |

**Attorney Ratings for Rating Periods Ending Sep 30, 2006 (left-hand column) and Dec 31, 2005 (right-hand column)**
**Numbers equal summary rating**
**Blanks indicate employee was not on rolls at end of rating period**
**x indicates employee was on rolls but did not receive documented rating**

| | |
|---|---|
| 5 | 3 |
| 3 | X |
| 4 | 4 |
| X | |
| 3 | 3 |
| 3 | X |
| 4 | 4 |
| X | |
| 4 | 3 |
| 3 | X |
| 5 | 4 |
| 4 | 3 |
| 3 | 3 |
| 4 | 4 |
| 4 | 4 |
| 5 | 3 |
| 3 | 3 |
| 3 | 3 |
| 3 | 3 |
| 5 | 5 |
| 3 | 4 |
| 3 | 3 |
| 5 | 4 |
| 5 | 4 |
| 4 | 4 |
| 5 | 5 |
| 3 | X |
| 4 | 4 |
| 4 | 4 |
| 4 | 3 |
| 4 | 4 |
| 4 | 4 |
| 4 | 4 |
| 4 | 4 |
| 3 | 4 |

**Attorney Ratings for Rating Periods Ending Sep 30, 2006 (left-hand column) and Dec 31, 2005 (right-hand column)**
Numbers equal summary rating
Blanks indicate employee was not on rolls at end of rating period
x indicates employee was on rolls but did not receive documented rating

| | |
|---|---|
| 4 | 3 |
| 4 | 5 |
| 4 | 5 |
| 3 | 3 |
| 3 | X |
| 4 | 3 |
| 4 | 5 |
| 4 | 4 |
| 4 | 3 |
| 3 | X |
| 5 | 5 |
| 3 | 3 |
| 4 | 4 |
| 5 | 5 |
| 4 | 4 |
| 3 | 3 |
| 4 | 3 |
| 4 | 4 |
| 4 | 4 |
| 4 | X |
| 3 | 3 |
| 4 | 3 |
| 4 | 4 |
| 3 | 4 |
| 4 | 5 |
| 4 | 3 |
| 4 | 4 |
| 3 | 3 |
| 5 | 3 |
| X | |
| 4 | 4 |
| 4 | 4 |
| 4 | 4 |
| 4 | 3 |
| 4 | 4 |

**Attorney Ratings for Rating Periods Ending Sep 30, 2006 (left-hand column) and Dec 31, 2005 (right-hand column)**
**Numbers equal summary rating**
**Blanks indicate employee was not on rolls at end of rating period**
**x indicates employee was on rolls but did not receive documented rating**

| | |
|---|---|
| 4 | 3 |
| 4 | 4 |
| 3 | 3 |
| X | |
| 4 | 4 |
| 4 | 3 |
| 4 | 4 |
| 5 | 5 |
| 4 | 3 |
| 4 | 4 |
| X | 3 |
| 4 | 4 |
| 3 | 3 |
| X | |
| 5 | 5 |
| 3 | 4 |
| 3 | 3 |
| 4 | 5 |
| 4 | 3 |
| 4 | 5 |
| 4 | 3 |
| 4 | 4 |
| 4 | 4 |
| 4 | 5 |
| 3 | 3 |
| 4 | 3 |
| 4 | 4 |
| 4 | 4 |
| 4 | 3 |
| 3 | X |
| 4 | 4 |
| 4 | 4 |
| 3 | 3 |
| 4 | X |

Attorney Ratings for Rating Periods Ending Sep 30, 2006 (left-hand column) and Dec 31, 2005 (right-hand column)
Numbers equal summary rating
Blanks indicate employee was not on rolls at end of rating period
x indicates employee was on rolls but did not receive documented rating

| | |
|---|---|
| 4 | 3 |
| 3 | 3 |
| 4 | 4 |
| 5 | 3 |
| 5 | 4 |
| 4 | 3 |
| 3 | 3 |
| 4 | 3 |
| 4 | 5 |
| 3 | 4 |
| 3 | 3 |
| 4 | 3 |
| 4 | 4 |
| 4 | 4 |
| 3 | 3 |
| 4 | 4 |
| 4 | 4 |
| 4 | 3 |
| X | |
| 4 | 3 |
| 4 | 4 |
| 4 | 4 |
| X | |
| 4 | 4 |
| 4 | 4 |
| 4 | 4 |
| 4 | 3 |
| 4 | 4 |
| 4 | 4 |
| 4 | 4 |
| 4 | 4 |
| 4 | 4 |
| 4 | X |
| 4 | 4 |
| 5 | 5 |

**Attorney Ratings for Rating Periods Ending Sep 30, 2006 (left-hand column) and Dec 31, 2005 (right-hand column)**
Numbers equal summary rating
Blanks indicate employee was not on rolls at end of rating period
x indicates employee was on rolls but did not receive documented rating

| | |
|---|---|
| 4 | 4 |
| X | |
| 4 | 3 |
| 4 | 4 |
| X | |
| 3 | X |
| 4 | 4 |
| X | |
| 4 | 4 |
| X | 3 |
| 3 | 4 |
| 4 | 4 |
| 3 | 3 |
| 3 | 3 |
| 4 | X |
| 4 | X |
| 2 | 3 |
| 4 | 3 |
| 5 | 5 |
| 3 | 3 |
| 4 | 5 |
| 5 | 5 |
| 4 | 4 |
| 4 | 5 |
| 5 | 4 |
| 4 | 4 |
| 4 | 5 |
| 4 | 4 |
| X | |
| 5 | 5 |
| 3 | 3 |
| 5 | 5 |
| 3 | 3 |
| 4 | 4 |
| 4 | 3 |

**Attorney Ratings for Rating Periods Ending Sep 30, 2006 (left-hand column) and Dec 31, 2005 (right-hand column)**
Numbers equal summary rating
Blanks indicate employee was not on rolls at end of rating period
x indicates employee was on rolls but did not receive documented rating

| | |
|---|---|
| 5 | 5 |
| 3 | 3 |
| 3 | 3 |
| 3 | 3 |
| 5 | 5 |
| 4 | 4 |
| 4 | 4 |
| 4 | 4 |
| 4 | 4 |
| 4 | 4 |
| 4 | 4 |
| 4 | 4 |
| 4 | 3 |
| 4 | 3 |
| 3 | 4 |
| 3 | 4 |
| 4 | 4 |
| 4 | 3 |
| 3 | 4 |
| 4 | 4 |
| 4 | 5 |
| 3 | 3 |
| 3 | 3 |
| X | X |
| 5 | 5 |
| 5 | 3 |
| 4 | 4 |
| 3 | 3 |
| 3 | 3 |
| 4 | 4 |
| 3 | 3 |
| X | |
| 4 | 3 |
| 5 | 4 |
| 4 | 4 |

Attorney Ratings for Rating Periods Ending Sep 30, 2006 (left-hand column) and Dec 31, 2005 (right-hand column)
Numbers equal summary rating
Blanks indicate employee was not on rolls at end of rating period
x indicates employee was on rolls but did not receive documented rating

| | |
|---|---|
| 4 | 4 |
| 4 | 3 |
| 4 | 4 |
| 3 | X |
| 4 | 4 |
| 4 | 4 |
| 3 | 3 |
| X | |
| 4 | 5 |
| 4 | 3 |
| 3 | 3 |
| 3 | 3 |
| 4 | 4 |
| 4 | 4 |
| 4 | 4 |
| 3 | 3 |
| 3 | 3 |
| 4 | 4 |
| 4 | 3 |
| 3 | 3 |
| 3 | 3 |
| 4 | 4 |
| 3 | 3 |
| 4 | 3 |
| 3 | 3 |
| 4 | 3 |
| 3 | 3 |
| 3 | 3 |
| 4 | 4 |
| 4 | 4 |
| 4 | 5 |
| 4 | 4 |
| X | |
| 4 | 3 |
| 3 | 3 |

**Attorney Ratings for Rating Periods Ending Sep 30, 2006 (left-hand column) and Dec 31, 2005 (right-hand column)**
**Numbers equal summary rating**
**Blanks indicate employee was not on rolls at end of rating period**
**x indicates employee was on rolls but did not receive documented rating**

| | |
|---|---|
| 3 | X |
| 3 | 4 |
| 4 | 4 |
| 3 | 3 |
| 4 | 4 |
| 4 | 4 |
| 4 | 4 |
| 4 | 3 |
| 3 | 3 |
| 3 | 3 |
| 4 | 4 |
| 5 | 4 |
| 4 | 3 |
| X | X |
| 3 | 3 |
| 3 | 3 |
| 3 | 3 |
| 3 | 3 |
| 4 | 4 |
| 4 | 4 |
| 4 | 3 |
| 4 | 3 |
| 4 | 4 |
| 4 | 4 |
| 4 | 4 |
| 4 | 4 |
| 4 | 4 |
| 4 | 4 |
| 3 | 3 |
| 3 | 3 |
| 4 | 3 |
| 3 | 3 |
| 5 | 5 |
| 4 | 3 |
| 5 | 5 |

Attorney Ratings for Rating Periods Ending Sep 30, 2006 (left-hand column) and Dec 31, 2005 (right-hand column)
Numbers equal summary rating
Blanks indicate employee was not on rolls at end of rating period
x indicates employee was on rolls but did not receive documented rating

| | |
|---|---|
| 3 | X |
| 4 | 4 |
| 3 | 3 |
| 4 | 3 |
| 4 | 3 |
| 4 | 3 |
| 3 | 3 |
| 5 | 5 |
| 4 | X |
| 4 | 4 |
| 5 | 4 |
| 3 | 3 |
| 4 | 4 |
| 4 | 3 |
| 4 | 4 |
| 3 | 3 |
| 4 | 4 |
| 3 | 4 |
| 3 | 3 |
| 5 | 5 |
| 3 | X |
| 4 | 4 |
| 4 | 4 |
| 4 | 3 |
| 4 | 3 |
| 3 | 3 |
| 5 | 4 |
| 4 | 4 |
| 5 | 5 |
| 3 | X |
| 4 | 4 |
| 4 | 4 |
| 4 | 4 |
| 4 | 4 |
| 3 | 3 |

Page 9 of 10

**Attorney Ratings for Rating Periods Ending Sep 30, 2006 (left-hand column) and Dec 31, 2005 (right-hand column)**
**Numbers equal summary rating**
**Blanks indicate employee was not on rolls at end of rating period**
**x indicates employee was on rolls but did not receive documented rating**

| | |
|---|---|
| 3 | 3 |
| 4 | 4 |
| 3 | 3 |
| X | X |
| 5 | 3 |
| 5 | 4 |
| 3 | 3 |
| 4 | X |
| 3 | 3 |
| 4 | 4 |
| 4 | 3 |
| 4 | X |
| X | |
| 4 | 3 |
| 3 | 3 |
| 4 | 4 |

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ROBERT J. MCCARTHY,** | ) |
| | ) |
| Plaintiff, | ) |
| v. | )   Civil Action No. 07-0401 (PLF) |
| | ) |
| **U. S. DEPARTMENT OF THE INTERIOR,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

<u>ORDER</u>

UPON CONSIDERATION of ***Plaintiff's Motion for Summary Judgment, Defendant's Motion to Dismiss the Complaint Or, in the Alterative, for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment, and Memorandum of Points and Authorities In Support thereof***, any Opposition filed thereto, and the entire record herein, for good cause shown, it is by the Court,

**ORDERED** that the Defendant's motion should be and is hereby granted.

DATED:_____          _____

PAUL L. FRIEDMAN
UNITED STATES DISTRICT JUDGE

<u>Copies of this Order to:</u>

**ROBERT J. MCCARTHY**
78715 La Palma Drive
La Quinta, CA 92253