IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ROBERT J. MCCARTHY, *Pro Se* | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 07-0401 (PLF) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT | ) | **RECEIVED** |
| OF THE INTERIOR | ) | |
| | ) | JUN 1  2007 |
| Defendant. | ) | |
| | ) | NANCY MAYER WHITTINGTON, CLERK |
| | | U.S. DISTRICT COURT |

## PLAINTIFF'S REPLY MEMORANDUM ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.

On May 29, 2007, by first class mail, Plaintiff received "*Federal Defendants' Motion to Dismiss or, in the alternative, for Summary Judgment, and Opposition to Plaintiff's Motion for Summary Judgment*" *(Def. Motion).* This is Plaintiff's Reply thereto.

A.    **Material Facts as to which there is no Genuine Dispute.**

"*Defendants' Statement of Material Facts as to which there is no genuine Issue*" is an abbreviated statement of facts as to which there is no genuine dispute, however, Defendant disputes none of the facts as more comprehensively stated in Plaintiff's Motion, including several facts that compel judgment for Plaintiff, as discussed below.

1

**B.**    **Defendant's Argument Fails to Address Plaintiff's Claims.**

Defendant argues: "The sole issue in this case is whether Defendant has released the records that Plaintiff seeks under the FOIA and the Privacy Act." Contending that Defendant has released such records, Defendant argues that it is entitled to dismissal or judgment in its favor. *"Memorandum in Support of Defendant's Motion" (Def. Mem.*) at 1. In support of its motion and argument, Defendant relies solely upon the Declaration of Jack Hirsch, Personnel Liaison, Office of the Solicitor, of the Department of the Interior (DOI), and Exhibits to which he refers.

Defendant dedicates its argument entirely to the proposition that it has complied with plaintiff's requests, however belatedly, contending the matter is now moot. Defendant is incorrect in this assertion, because in fact it has not complied with plaintiff's requests. In addition, Defendant fails to address the remaining causes of action. Without re-stating the arguments made in Plaintiff's Motion, Plaintiff herein demonstrates that Defendant has completely failed to establish the existence of a genuine issue as to any material fact, or to create any doubt about the fact that Plaintiff is entitled to a judgment as a matter of law.

**C.**    **First Claim for Relief: Defendant has arbitrarily or capriciously withheld agency records in violation of the FOIA, *5 U.S.C. § 552*, and DOI regulations at *43 C.F.R. Part 2*, and demonstrated a willful intent to suppress the requested information and delay any**

**inevitable release in order to prevent Plaintiff from using the information in his MSPB appeal.**

Defendant has improperly withheld agency records in violation of the FOIA, *5 U.S.C. § 552*, and DOI regulations at *43 C.F.R. Part 2*. Defendant does not dispute that its failure to respond to Plaintiff's FOIA request within 20 workdays constitutes a denial; that its failure to respond to Plaintiff's request for expedited processing within 10 workdays constitutes a denial; that its failure to respond to Plaintiff's FOIA appeal within 20 workdays constitutes a denial.

Defendant does not dispute that it failed to comply with the statute and its own regulations regarding its denial of Plaintiff's FOIA request, request for expedited processing, and fee waiver request; nor does Defendant deny that it demonstrated a willful intent to suppress the requested information and delay any inevitable release in order to prevent Plaintiff from using the information in his MSPB appeal.

Moreover, notwithstanding its claims to the contrary, Defendant continues to withhold requested information that it must by law release to Plaintiff. With regard to Plaintiff's request for "every attorney position… that has been identified [and remains] as vacant since April 20, 2005", Defendant argues that it is not required to provide this information because

3

"the information released to Plaintiff was sufficient to enable Plaintiff to ascertain the number of attorney vacancies." *Def. Mem. at 5.*

This bizarre claim is based on the twisted assumption that Plaintiff himself could perform the "fairly simple matter of deduction" to determine the number of attorney vacancies, when in fact it is only the Defendant that possesses the "minuend," or the initial number of advertised vacancies, from which the number of hires and transfers (the "subtrahend") must be subtracted to find the "remainder", or the number of vacancies. Nowhere does the Defendant claim it does not possess the minuend.

Defendant acknowledges that Plaintiff agreed no identities or locations need be provided with respect to awards, only because of Defendant's claimed privacy exemption. *See, e.g., Hirsch decl. at 3-4.* Indeed, Defendant re-states and elaborates its claim that information concerning awards must be so limited in order to protect the privacy interests of recipients. *Def. Mem. at 5-8.*

Plaintiff previously questioned the good faith of Defendant's response to this request, and indeed Defendant has now acknowledged that its records vastly understated the number of awards that were given. As noted in the Motion for Summary Judgment, the awards data originally provided by the Agency was nonsensical, containing two tables that showed either 119

awards since April 20, 2005, or 319 awards since that date, respectively.
The new data attached to the Hirsch declaration shows 620 awards over that
period.

Plaintiff previously cited controlling authority for the proposition that
even where a plaintiff waives objection to an asserted privacy exemption,
the court is obligated to scrutinize the claimed privacy exemption to
determine whether it justifies withholding otherwise non-exempt
information.   Defendant continues to argue that **"FOIA's Exemption 6
Permits the Department to Withhold Identifying Information
Concerning Attorney Awards,"** *Def. Mem. at 5(emphasis in original).*
Defendant apparently is unaware that its own "FOIA Handbook," 383
Department Manual (DM) 15, Revised April 22, 2004, requires that such
information be provided in response to a FOIA request.[1]

The Handbook lists among information that is normally to be released
upon request, "Present and past annual salary rates--including **amounts
received for performance awards** or bonuses, incentive awards, merit pay
amount, Meritorious or Distinguished Executive Ranks, and allowances and
differentials **(normally, the name of the individual, position, type of**

---

[1] http://www.doi.gov/foia/policy.html.

**award, and the dollar amount are releasable).**" *Id., at 3.29(4) (emphasis*

*added), attached hereto as Exhibit A.*

Nevertheless, Defendant continues to argue that "Plaintiff is not

entitled to have additional information that could potentially identify

individuals with the amount of their awards, as he has failed to identify any

public interest that outweighs the protected privacy interests in disclosing

further identifying information." *Def. Mem. at 8 (with misleading citation*

*and quotation from case dealing with performance evaluations, not awards).*

**D.    Second Claim for Relief: Defendant has arbitrarily or
capriciously withheld agency records in violation of the Privacy Act, *5
U.S.C. § 552*, and DOI regulations at *43 C.F.R. Part 2*, and demonstrated
a willful intent to suppress the requested information and delay any
inevitable release in order to prevent Plaintiff from using the
information in his MSPB appeal.**

Defendant does not deny that DOI improperly withheld agency

records in violation of the Privacy Act, *5 U.S.C. § 552*, and DOI regulations

at *43 C.F.R. Part 2*, but rather that DOI has belatedly produced such records

thus making the matter moot.    It speaks volumes that Defendant chooses

not even to address the fact, revealed by Plaintiff, that DOI falsely claimed

the Privacy Act request was submitted to the wrong official, and therefore

was not entitled to any response. Nor does DOI give any importance to its

lengthy, unjustified and illegal delay in responding to Plaintiff's request.[2]

**E.      Third Claim for Relief: Defendant's intentional or willful**

**violations of the Privacy Act, including making false derogatory claims**

**to the MSPB concerning the contents of plaintiff's personnel file and**

**inserting retaliatory performance appraisals into the personnel file,**

**caused adverse effects on Plaintiff for which Plaintiff is entitled to**

**receive damages pursuant to *5 U.S.C. § 552(g)(1)(D).***

---

[2] The Hirsch declaration states that the Official Personnel File was provided within four months of request, and he presumably considers thisthe "prompt" response required under the Privacy Act. DOI's failure to grant Plaintiff's Privacy Act request "promptly" is a violation of 5 U.S.C. § 552 and 43 C.F.R. §2.64(a). Mr. Hirsch does not acknowledge that it actually took more than a year since the file was first requested from the Department, and he claims to have no personal knowledge of the Department's bizarre initial explanation of why Plaintiff was not entitled to his personnel records. *Hirsch decl. at 9.* Mr. Hirsch also claims Plaintiff received more than he asked for, in respect to his personnel file. This is an apparent reference to documents that Plaintiff did not request or desire. *Id. at 8.* However, it should be noted that the Official Personnel File, it turns out, does not include documents that relate to proposed "adverse personnel actions" or "disciplinary" materials, which Plaintiff has since requested. The Department responded to Plaintiff's May 11, 2007 request (sent to the address previously claimed by the Department to be the only acceptable Privacy Request address), with a letter dated May 22, 2007, that indicates the request is being referred to the Office of the Solicitor. The response does not address Plaintiff's request for expedited processing, although DOI's failure to respond to Plaintiff's request for expedited processing within 10 workdays constitutes a denial. Appeals of denials for expedited processing must be processed ahead of other appeals. *See 43 C.F.R. §2.14(d).* Fitting a pattern, Plaintiff would have to file such an appeal to pursue this issue. The request and response are attached hereto as Exhibit B.

Once again, Defendant simply ignores this cause of action. It is interesting, however, that Defendant made no effort to obtain declarations from the individuals Plaintiff alleges committed these illegal acts.

**F.     Fourth Claim for Relief: Because Defendant is in violation of the FOIA and the Privacy Act, Plaintiff is immediately entitled to expedited production of all requested records with all fees waived; and because Defendant has shown that it is willing to employ every manner of dilatory tactic to avoid releasing records to Plaintiff, defendant should not be permitted the opportunity to fabricate any new excuses for its noncompliance with Plaintiff's requests.**

Defendant engages in a brief discussion of injunctive and mandamus relief without once acknowledging the rule of law that applies where there is a pattern such as exists here, and such as that described in *Payne Enterprises v. United States, 837 F.2d 486 (D.C. Cir. 1988),* where the Court of Appeals for the District of Columbia Circuit held that when records are routinely withheld at the initial processing level, but consistently released after an administrative appeal, and when this situation results in continuing injury to the requester, a lawsuit challenging that practice is ripe for adjudication and is not subject to dismissal on the basis of mootness. *Id. at 488-93.*

The court's holding in that case bears repeating, as cited in Plaintiff's Motion for Summary Judgment.

> The fact that the practice at issue is informal, rather than articulated in regulations or an official statement of policy, is irrelevant to determining whether a challenge to that policy or practice is moot. Courts have long recognized that there "may very well be circumstances in which prolonged delay in making information available or unacceptably onerous opportunities for viewing disclosed information require judicial intervention." So long as an agency's refusal to supply information evidences a policy or practice of delayed disclosure or some other failure to abide by the terms of the FOIA, and not merely isolated mistakes by agency officials, a party's challenge to the policy or practice cannot be mooted by the release of the specific documents that prompted the suit.

*Id. at 491 (internal citation omitted).* The court also held that "the FOIA imposes no limits on courts' equitable powers in enforcing its terms" and "unreasonable delays in disclosing non-exempt documents violate the intent and purpose of the FOIA, and the courts have a duty to prevent [such] abuses." *Id. at 494.*

The defendant agency's "voluntary cessation" of that practice in *Payne* did not moot the case when the plaintiff challenged the agency's **policy** as an unlawful, continuing wrong. *Id.; see also, e.g., Better Gov't Ass'n v. Dep't of State, 780 F.2d 86, 90-91 (D.C. Cir. 1986)* (holding that challenge to fee waiver standards as applied was moot, but challenge to facial validity of standards was ripe and not moot); *Pub. Citizen v. Office of the United States*

*Trade Representative, 804 F. Supp. 385, 387 (D.D.C. 1992)* (stating that despite the disclosure of the specific records requested, a court retains jurisdiction when a plaintiff challenges an "agency's policy to withhold temporarily, on a regular basis, certain types of documents").

In addition to the specific documents directly at issue in this case, that were requested by Plaintiff and denied by Defendant, there is evidence that the DOI continues and will continue its practice of refusing to disclose information absent appeal after appeal, to Plaintiff's continuing harm. Indeed, even now Plaintiff has yet to receive an appropriate response to the related FOIA requests to the Department's Bureau of Indian Affairs and Office of Inspector General, as described in the Motion for Summary Judgment. Defendant's response is not to comply with the law in relation to those requests, but merely to claim that they are irrelevant to this case, because Plaintiff has not filed a lawsuit to challenge DOI's continuing denials. Yet surely they provide damning evidence of exactly the pattern of abuse that calls for injunctive relief in this case, as regards DOI's policy of continuing noncompliance with the law.

Defendant's contempt for Plaintiff's MSPB appeal as it relates to the issues in this case indicates a similar misunderstanding of the relevance of

these issues as evidence of Defendant's motives to delay and deny release of

information.

## VERIFIED

In accordance with 28 U.S.C. 1746, I declare under penalty of perjury

under the laws of the United States of America that the foregoing is true and

correct.

5-30-07

Date

Robert J. McCarthy, *pro se*
78715 La Palma Drive
La Quinta CA 92253

760-416-8619 (phone)

11

UNITED STATES
DEPARTMENT OF THE INTERIOR

# FREEDOM OF INFORMATION ACT HANDBOOK

# (383 DM 15)



## OFFICE OF THE SECRETARY
Washington, D.C. 20240

Ex A

B.      Before denying a request from a Member of Congress, the responsible official will consult with OCL and the bureau's designated FOIA attorney (see paragraphs 3.18E and 3.20D of this Chapter).

3.27    White House Records.  If White House records responsive to a FOIA request are located in agency files or if a response needs be coordinated with the White House due to the potential impact it could have on the Administration, consult the Departmental FOIA Officer.  The Departmental FOIA Officer will coordinate the response with the White House.

3.28    Multitrack Processing of FOIA Requests.

        A.      A bureau may use two or more different processing tracks for simple and complex requests based on the amount of work and/or time needed to process the request, including the number of pages involved.

        B.      If a bureau uses multitrack processing, it will advise the requesters in its slower track(s) of the criteria of its faster track(s).  For example, a bureau may provide requesters in its slower track(s) with an opportunity to limit the scope of their requests in order to qualify for faster processing within the specified limits of the bureau's faster track(s).  A bureau doing so will contact the requester by telephone or in writing, whichever is more efficient in each case.

3.29    Examples of Information Frequently Releasable Under the FOIA.  The following information is generally, but not always, releasable under the FOIA (see 5 CFR 293.311).

        A.      Personnel-related information/records.

                (1)     Names of present and former employees.

                (2)     Present and past position titles and occupational series.

                (3)     Present and past grades.

                (4)     Present and past annual salary rates--including amounts received for performance awards or bonuses, incentive awards, merit pay amount, Meritorious or Distinguished Executive Ranks, and allowances and differentials (normally, the name of the individual, position, type of award, and the dollar amount are releasable).

                (5)     Other awards and honors received in an individual's professional capacity, and membership in professional groups related to the employee's profession.

                (6)     Present and past duty stations (this includes official mailing and email addresses of DOI employees) as well as telephone numbers as they appear in the DOI Telephone Directory.

 **United States Department of the Interior** 

OFFICE OF THE SECRETARY
Washington, DC 20240

IN REPLY REFER TO:
7202.4-OS-2007-00436

May 22, 2007

Mr. Robert J. McCarthy
78715 La Palma Drive
La Quinta, California 92253

Dear Mr. McCarthy:

On May 11, 2007, you filed a Freedom of Information/Privacy Act (FOIA/Privacy) request seeking the following:

> "...all documents that contain information pertaining to me, and that relate in any manner to any adverse personnel actions or disciplinary actions that have been threatened or proposed against me. This request is for all such documents in the Solicitor's headquarters and any Division, Region or other office of the agency, in whatever form, specifically including memoranda, e-mail, notes of meetings or other discussions, whether by telephone or in person...This request excludes those materials ("previously requested"). This request also excludes all documents created by me, and all documents previously submitted by the Pacific Southwest Region Office to the Merit Systems Protection Board, in *Docket Number SF-1221-06-0380-W-1, Robert J. McCarthy v. United States Department of the Interior* ("the MSPB Appeal", filed February 23, 2006, petition for review filed May 5, 2007)...the search be current to the date of response to this request."

Your request was received in the Office of the Secretary FOIA office on May 22, 2007 and assigned control number **OS-2007-00436**. Please cite this number in any future correspondence or communication.

Given the nature of the records you are seeking, we are referring your request to the Office of the Solicitor (SOL) for file search and direct response. You may expect to hear from it shortly. We are providing the following information for your reference:

Department of the Interior
Office of the Solicitor
Attn: LaRima Lane
1849 C Street, N.W.
Washington, D.C. 20240
(Tel) 202-208-5339; (Fax) 202-208-5206

*Ex B*

Mr. Robert J. McCarthy                                                                      2

This completes our response to your request.

If you have any questions regarding any of the issues discussed in this letter, you may contact Judith M. Sung by phone at 202-513-0806, by fax at 202-219-2374, by e-mail at osfoia@nbc.gov, or by mail at U.S. Department of the Interior, 1951 Constitution Avenue, MS SIB-120, Washington, D.C. 20240. Within the Office of the Secretary, we are committed to providing you, our customer, with the highest quality of service possible.

Sincerely,

Sue Ellen Sloca
Office of the Secretary
FOIA Officer

*PRIVACY ACT notice: Before you choose to contact us, electronically, there are a few things you should know. The information you submit, including your electronic address, may be seen by various people. We will scan a copy of your request into our electronic OS FOIA administrative/image file. We will key the information that you provide to us into our electronic OS FOIA tracking file. We may share it with other individuals, both within and without the Department, involved in Freedom of Information Act administration. You may be contacted by any of these individuals. In other limited circumstances, including requests from Congress or private individuals, we may be required by law to disclose some of the information you submit. Also, e-mail is not necessarily secure against interception. If your communication is very sensitive, or includes personal information like your bank account, charge card, or social security number, you might want to send it by postal mail, instead.*

May 11, 2007

Robert J. McCarthy
78715 La Palma Drive
La Quinta CA 92253
(760) 360-7828 (home)

Personnel Officer
Office of the Solicitor
U.S. Department of the Interior
19th & C Streets, NW, Washington, DC 20240

Dear Personnel Officer:

Pursuant to the Privacy Act, I request access to, and to have a copy made of, all
documents that contain information pertaining to me, and that relate in any manner to any
adverse personnel actions or disciplinary actions that have been threatened or proposed
against me. This request is for all such documents in the Solicitor's headquarters and any
Division, Region or other office of the agency, in whatever form, specifically including
memoranda, e-mail, notes of meetings or other discussions, whether by telephone or in
person.

I previously made a request for a copy of my "official personnel file", which was recently
provided. This request excludes those materials. This request also excludes all
documents created by me, and all documents previously submitted by the Pacific
Southwest Regional Office to the Merit Systems Protection Board, in *Docket Number SF-
1221-06-0380-W-1, Robert J. McCarthy v. United States Department of the Interior* ("the
MSPB Appeal", filed February 23, 2006, petition for review filed May 5, 2007).

I request expedited processing due to the threat of loss of substantial due process rights. I
am engaged in an appeal under the Whistleblower Protection Act before the MSPB, in
which I allege Department officials have retaliated against me and continue to retaliate
against me for my disclosures, for my ongoing cooperation with the OIG and OSC, and
for my appeals. I request that all fees be waived, but I am willing to pay fees that are not
waived up to the amount of $100, and request prompt prior notification by telephone if
the fees will exceed that amount. I request that the search be current to the date of
response to this request.

Please call rather than write if you require clarification or for any other reason that would
otherwise cause delay in responding. Thank you.

Robert J. McCarthy

cc:     Privacy Act Officer
        Office of the Assistant Secretary – Policy, Budget and Administration
        U.S. Dept. of the Interior
        MS-3071, MIB
        1849 C Street, NW
        Washington, DC 20240

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing reply memorandum was made by depositing a copy of it in the U.S. mail, first class postage prepaid, addressed to:

Sherease Louis
Special Assistant United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington , D.C. 20530

5 - 30 - 07

*Robert J. McCarthy*
Robert J. McCarthy
78715 La Palma Drive
La Quinta CA 92253
(760) 360-7828