UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **ROBERT J. MCCARTHY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 07-0401 (PLF) |
| | ) | |
| **U. S. DEPARTMENT OF THE INTERIOR,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S REPLY[1] TO
FEDERAL DEFENDANTS' MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT, AND
OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act ("PA"), 5 U.S.C. § 552a, and pertains to the processing of Plaintiff's FOIA/Privacy Act request to the United States Department of the Interior (the "Department"). As demonstrated in Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment ("MTD/MSJ"), and Opposition to Plaintiff's Motion for Summary Judgment ("Defendant's Opp. to Plaintiff's MSJ"), Plaintiff has failed to provide any evidentiary support for his contentions that the Department has improperly withheld agency records or that he has suffered any adverse effect under the Privacy Act attributable to the Department's response to his requests. Therefore, as argued in Defendant's MTD/MSJ, and Defendant's Opp. to Plaintiff's MSJ, Plaintiff's claims must be dismissed or, alternatively, summary judgment must be granted in favor of the Defendant.

---

[1]  Because Plaintiff styled his Opposition to Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment as a "Reply," Defendant is replying, pursuant to LCvR 7(d), to what Plaintiff has styled as a Reply.

I.   **DEFENDANT HAS COMPLIED WITH PLAINTIFF'S REQUESTS.**

   A.   **Defendant Has Not Improperly Withheld Any Agency Records**.

Plaintiff alleges that

Defendant continues to withhold requested information that it must by law release to Plaintiff.  With regard to Plaintiff's request for 'every attorney position . . . that has been identified [and remains] as vacant since April 20, 2005,' Defendant argues that it is not required to provide this information because 'the information released to Plaintiff was sufficient to enable Plaintiff to ascertain the number of attorney vacancies.'

As addressed in Defendant's MTD/MSJ and Defendant's Opposition to Plaintiff's MSJ at 5, and in the Hirsch Decl.¶ 24, the Department is not withholding any information from the Plaintiff.  Hirsch Decl.¶ 27 and Suppl. Hirsch Decl. ¶ 7.  As described in the Hirsch Declarations, the Department could not provide records in response to Plaintiff's request for information regarding "vacant" attorney positions because the Department does not maintain documents that specifically identify attorney positions as "vacant."  Hirsch Decl.¶ 24, Suppl. Hirsch Decl. ¶ 6.  As further explained in the Hirsch Declarations, the Department has, in good faith, released to Plaintiff copies of the records in its possession that the Department thought could be helpful, but the Department could not provide a direct response to this element of Plaintiff's FOIA request because there are no directly responsive documents.  *Id.*

   B.   **Plaintiff Agreed to Narrow the Scope of His FOIA Request Concerning Attorney Awards and Agreed That No Identities or Locations Needed to Be Provided.**

Plaintiff admits that he agreed to limit the scope of his request concerning attorney awards so that no 1) attorney identities or 2) locations of the attorneys who received awards would be identified in the documents that were responsive to Plaintiff's request.  Plaintiff's

2

Reply at 4. Because Plaintiff expressly agreed to narrow the scope of his FOIA request, the documents released by Defendant are fully responsive. Hirsch Decl. ¶¶ 12-13, 18, and Suppl. Hirsch Decl. 7. Plaintiff now alleges that the names and locations of attorneys who received awards are "required" to be released pursuant to section 3.29 of the Department's FOIA Handbook. Plaintiff's Reply at 5-6. In fact, the Department's FOIA Handbook does not state that awards received in an individual's professional capacity are required to be released, it states that the information is "generally, but not always, releaseable under the FOIA." However, because Plaintiff did voluntarily narrow the scope of his request, and the Department issued documents that are fully responsive to the narrowed request, the issue of whether the Department should now expand the scope of Plaintiff's FOIA request is not relevant, as the Department has satisfied its obligation. Hirsch Decl. ¶¶ 12-13, 18, and Suppl. Hirsch Decl. 7.

II.  **DEFENDANT HAS ACTED IN GOOD FAITH WITHOUT "WILLFUL INTENT" TO SUPPRESS OR DELAY THE RELEASE OF ANY REQUESTED INFORMATION IN ORDER TO PREVENT PLAINTIFF FROM USING THE INFORMATION IN HIS MSPB APPEAL.**

Plaintiff alleges the Department has not acted in good faith and has demonstrated "willful intent" to suppress or delay the release of any requested information in order to prevent Plaintiff from using the information in his MSPB appeal. Plaintiff's contentions are wrong, and are without any evidentiary basis.

First and foremost, the Department's declarations are entitled to a presumption of good faith: "[a]gency affidavits enjoy a presumption of good faith which will withstand purely speculative claims about the discoverability of other documents." *Ground Saucer Watch, Inc. v. Central Intelligence Agency*, 692 F. 2d 770, 771 (D.C. Cir. 1981). Moreover, as explained in the

Hirsch declaration, the Plaintiff's ongoing MSPB proceedings did not impact, in any way, Hirsch's processing, or any other Department employee's processing, of Plaintiff's FOIA and Privacy Act requests. Hirsch Decl. ¶ 29. Additionally, when the Department became aware of the error with respect to some of the attorney awards data it released to Plaintiff, the Department acknowledged the error, took responsibility for the error, re-ran the data, released the correct data to Plaintiff, and opened an inquiry into why the error occurred. Hirsch Decl. ¶ 14-17. Further, after the Department became aware that it had not returned Plaintiff's misdirected Privacy Act request, and had not notified Plaintiff of the proper procedures for submitting a Privacy Act request, the Department acted in good faith by forwarding the request to the appropriate office and waiving all processing fees. *See* Hirsch Decl.¶ 8, Exh. F. These actions demonstrate the Department's good faith. Hirsch Decl., and Suppl. to Hirsch Decl., *generally*. The fact that Plaintiff may not like the substance of the Department's response to his requests, or the time it took for the Department to respond, does not amount to bad faith. Suppl.to Hirsch Decl.¶ 6, 8.

"[I]t is well established that under the FOIA, 'once the records are produced the substance of the controversy disappears and becomes moot, since disclosure which the suit seeks has already been made.'" *Trueblood v. U.S. Dept. of the Treasury*, 943 F. Supp. 64, 67 (D.D.C. 1996) (quoting *Crooker v. United States State Dept.*, 628 F.2d 9, 10 (D.C. Cir. 1980)); *see also Tijerina v. Walters*, 821 F.2d 789, 799 (D.C. Cir. 1987) (release of all non-exempt material, no matter how delayed, moots lawsuit); *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982).

> A FOIA action is designed to remedy the improper withholding of documents and to compel their disclosure; it does not provide an after-the-fact remedy once documents have been released, however tardily. *Tijerina v. Walters*, 821 F.2d 789, 799 (D.C.Cir. 1987). That information is still being discovered and released does not mean that [the agency's] search was inadequate or conducted in bad faith, as

> Landmark suggests. Rather, it shows [the agency's] good faith in continuing to search for records responsive to Landmark's request. *Meeropol v. Meese*, 790 F.2d 942, 952-53 (D.C. Cir. 1986).

*Landmark Legal Foundation v. EPA*, 272 F.Supp.2d 59, 69 (D.D.C. 2003). The Department has satisfied its obligations to produce the documents responsive to Plaintiff's requests. *See* Hirsch Decl. and Suppl. Hirsch Decl., *generally*. Additionally, Plaintiff has not provided evidence of any adverse effects attributable to the four months between the time Plaintiff submitted his Privacy Act request and the time he received the Department's response. Therefore, Plaintiff's claims should be dismissed as moot or summary judgment entered in favor of the Department.

**CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that this Court deny Plaintiff's Motion for Summary Judgment, enter judgment in Defendant's favor, and dismiss the Complaint in its entirety with prejudice.

Respectfully submitted,

    Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

    Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

    s/Sherease Louis
SHEREASE LOUIS
Special Assistant United States Attorney
United States Attorney's Office
Washington, D.C. 20530
(202) 307-0895

**OF COUNSEL:**
Cindy Cafaro, Esq.
United States Department of the Interior,
Washington, D.C.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ROBERT J. MCCARTHY,** )<br>)<br>Plaintiff, )<br>v. )<br>)<br>**U. S. DEPARTMENT OF THE INTERIOR,** )<br>)<br>Defendant. )<br>) | Civil Action No. 07-0401 (PLF) |

**CERTIFICATE OF SERVICE**

I hereby certify that service of Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment, and Opposition to Plaintiff's Motion for Summary Judgment, has been made through the Court's electronic transmission facilities and by depositing a copy of thereof in the U.S. Mail, first class postage prepaid, addressed to:

**ROBERT J. MCCARTHY**
78715 La Palma Drive
La Quinta, CA 92253

on this 11th day of June, 2007.

                                                  /s Sherease Louis
                                              SHEREASE LOUIS
                                              Special Assistant United States Attorney
                                              United States Attorney's Office
                                              Washington, D.C. 20530

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT J. MCCARTHY,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>UNITED STATES DEPARTMENT  )<br>OF THE INTERIOR,  )<br>)<br>Defendant.  )<br>) | Case No. 1:07CV00401 |

## SUPPLEMENTAL DECLARATION OF JACK HIRSCH

I, Jack Hirsch, hereby declare as follows:

1. I have been employed by the Office of the Solicitor ("SOL"), United States Department of the Interior ("Department"), since June 1983. I am currently the Personnel Liaison for SOL and I have held this position since December 1986. As such, I serve as data custodian for SOL data contained in the Department's Federal Personnel/Payroll System ("FPPS"). All information herein is based upon my personal knowledge and/or experience and/or my personal review of Plaintiff's Freedom of Information Act ("FOIA") request and Privacy Act request and documents or upon information furnished to me in my official capacity.

2. The personnel system in SOL is not premised upon identification and filling of "vacancies." Specifically, employee separations do not result in a vacancy, instead employee separations result in a shift in funding available to the Solicitor for staffing, personnel, or other management

-1-

purposes. The Solicitor may reallocate this funding, based on considerations of workload, unplanned expenses, and available funding. While many employees, and managers, may think in terms of vacancies and correlate possible new hires to the positions of former employees, this correlation has no official sanction or relevance to our personnel practices. Therefore, each time a subordinate organization seeks to fill a position by any means, including a new appointment or reassignment of an existing employee, it must submit a justification that is considered and weighed against competing requests, funding, and other management priorities, and often does not result in approval.

3. Even issuance of a "vacancy announcement" for an attorney position is not a guarantee of a vacancy as the term is commonly understood. Regulatory guidance regarding vacancy announcements (located at 5 C.F.R. § 330) explicitly applies only to competitive service and Senior Executive Service positions. SOL attorney positions are not in the competitive service. Additionally, very few SOL attorney positions are in the Senior Executive Service. Finally, attorney positions are exempt from even the limited appointment procedures relevant to employment in the excepted service (with the exception of procedures related to Veterans' Preference, located at 5 C.F.R § 302.101(c)(9)).

4. Therefore, the overwhelming majority of SOL attorney positions can be filled without being announced or advertised. We nonetheless use the USAJOBS website, and its term, "vacancy announcements," as the official means to solicit applications. However, these announcements are not commitments to fill an open position or always indicative of a vacancy.

5. We do not track the outcome of announcements, and maintain no records of selections against announcements. Some announcements do not result in an appointment, just as many appointments are made outside the announcement system. Appointments occur only when the

Solicitor agrees that funding for a particular position is available (which is not an occurrence that is tracked by the Department and can occur orally and in other informal ways) and that a proper candidate to fill the position has been selected (so any "vacancy" that may exist is simultaneously filled).

6. Therefore, as my earlier Declaration noted, although Plaintiff may describe our response to the second element of his FOIA request as "implausible," the fact remains that we do not maintain documents that identify attorney positions as "vacant." To summarize what I have stated in my earlier Declaration and above: "vacancy" is not a meaningful concept in SOL. Therefore, I in good faith provided Plaintiff with information that I thought could be helpful, but could not provide a direct response to the second element of his FOIA request.

7. As previously noted in my initial declaration, I have been informed in my professional capacity that, on March 21, 2007, in a telephone conversation with two government attorneys, Plaintiff (himself a government attorney) agreed to limit the scope of the third and fourth elements of his FOIA request. The government attorneys told Plaintiff that the Department of the Interior believed that issuing a full response to the original scope of the third and fourth elements of his FOIA request would not be possible due to exemption (6) concerns that releasing certain portions of the information would constitute a clearly unwarranted invasion of the personal privacy of the affected individuals (because of the information that some of this material could reveal about the performance of specific SOL employees). Before discussing precisely which portions of the information would be protected under exemption (6), the government attorneys asked Plaintiff if he could obtain the information that he needed without receiving all of the information that he originally requested in the third and fourth elements of his FOIA request. Plaintiff stated that a limitation in scope would be acceptable and would provide

him with the information that he needed. Plaintiff himself proceeded to identify what elements from among the third and fourth items of his FOIA request he was most interested in obtaining. The government attorneys immediately agreed that all of this information could be provided to Plaintiff without implicating FOIA exemptions. The discussion with Plaintiff therefore ended and SOL immediately processed and produced this information. In other words, during this discussion, Plaintiff himself chose which portions of the third and fourth elements of his FOIA request would remain within the scope of his request and which he would no longer seek as part of his FOIA request. Thus, Plaintiff expressly agreed to limit the scope of the third and fourth elements of his FOIA request (as more explicitly discussed in paragraphs 12, 13, and 18 of my initial Declaration) and no information has been withheld from Plaintiff under the FOIA request at issue in this litigation (as more explicitly discussed in paragraph 27 of my initial Declaration). Because of this voluntary limitation, the government attorneys never discussed with Plaintiff precisely which portions of the originally-requested information would have been protected under exemption (6).

- 5 -

8. Throughout this process, I have responded to Plaintiff's requests in good faith. To my knowledge, no one in the Department has responded to Plaintiff's requests in a manner that is any way in bad faith.

In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 11th day of June, 2007

_____
Jack Hirsch
Office of the Solicitor
Department of the Interior