# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ROBERT J. MCCARTHY, *Pro Se* )
)
     Plaintiff, )  Civil Action No. 07-0401 (PLF)
)
    v. )
)
UNITED STATES DEPARTMENT )
OF THE INTERIOR )
)
    Defendant. )
_____ )

**RECEIVED**

**JUL 1 1 2007**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## PLAINTIFF'S MOTION FOR PERMISSION TO SERVE SUPPLEMENTAL COMPLAINT.

Plaintiff moves for an order permitting Plaintiff to serve a supplemental complaint setting forth transactions or occurrences or events which have happened since the date of the original complaint.

Enclosed herewith are a proposed order granting the motion, and the proposed Supplemental Complaint.

July 9, 2007
Date

Robert J. McCarthy, *pro se*
78715 La Palma Drive
La Quinta CA 92253

760-360-7828 (phone)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT J. MCCARTHY, *Pro Se* )
          )
    Plaintiff,   ) Civil Action No. 07-0401 (PLF)
          )
    v.     )
          )
UNITED STATES DEPARTMENT )
OF THE INTERIOR    )
          )
    Defendant.  )
_____)

## SUPPLEMENTAL COMPLAINT

### I. JURISDICTION.

1. This is an action for declaratory and injunctive relief and for damages under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(B); and the Privacy Act, 5 U.S.C. §§ 552a(g). Additional bases for jurisdiction are 28 U.S.C. §1331 (federal question); 28 U.S.C. §1346 (United States as defendant); and 28 U.S.C. §1361 (mandamus).

### II. VENUE.

2. Venue lies in the District Court for the District of Columbia, pursuant to 5 U.S.C. § 552; and 28 U.S.C. §1391.

### III. PARTIES.

1

3.  At all times relevant, Plaintiff Robert J. McCarthy has resided in the County of Riverside, State of California, and has been employed by the United States Department of the Interior ("DOI" or "Interior") as a Field Solicitor, responsible for providing legal advice and representation to DOI bureaus throughout Southern California and in Nevada.  Plaintiff appears *Pro Se*.

4.  Defendant United States Department of the Interior ("DOI" or "Interior") is an agency of the United States Government that comprises numerous bureaus and offices, including the Bureau of Indian Affairs ("BIA"); the Office of the Inspector General ("OIG"); the Office of the Solicitor ("SOL"); and others.

## IV.  ALLEGATIONS OF FACT.

5.  On February 26, 2007, Plaintiff filed a complaint for declaratory and injunctive relief under the FOIA, 5 U.S.C. § 552(a)(4)(B); and the Privacy Act, 5 U.S.C. §§ 552a(g).  The original complaint alleges several causes of action concerning certain requests for records made to the DOI's Office of the Solicitor.  The parties have submitted dispositive motions with respect to those causes of action.  Plaintiff adopts by reference the record thus far developed pursuant to that complaint, including the facts pertaining to Plaintiff's disclosures of DOI fraud, waste, abuse and gross

mismanagement of Indian trust resources, made to high level DOI officials including the OIG; and including the record of DOI retaliation against plaintiff with a wide range of prohibited personnel actions, and plaintiff's ongoing appeals before the Merit System Protections Board (MSPB).

6. The original complaint also alleged that plaintiff had submitted additional FOIA requests to the OIG and the BIA. However, plaintiff alleged no cause of action with respect to those requests, concerning which administrative appeals were still pending. This Supplemental Complaint now alleges that Defendant has violated the FOIA and the Privacy Act with respect to these requests, and that all administrative appeals have been exhausted.

7. On December 21, 2006, plaintiff e-mailed a FOIA request to Interior's Office of the Inspector General (OIG). *Appendix Exhibit A.* The request sought documents created or received by the OIG since April 22, 2005 that relate to allegations of gross mismanagement, fraud or abuse by DOI / BIA officials in Palm Springs. Plaintiff requested expedited processing. *Exhibit A -1.* By letter dated January 11, 2007, and received by plaintiff on January 18, the OIG requested redundant material and threatened to close the file if a response was not received by January 19. *A-2.* As noted in plaintiff's immediate reply, "the phone number you [OIG] gave me to call

3

is answered by a recording which says it is full and cannot accept messages." *A-4*. By fax dated March 9, 2007, plaintiff appealed the fact that he had received no further response from the OIG. *A-5*. By letter dated March 23, 2007, defendant acknowledged plaintiff's appeal. *A-7*. By letter dated April 5, 2007, defendant stated that it had too great a volume of requests to timely reply. *A-8*.

8.  Plaintiff received a phone call from Sandra Evans, a FOIA official in the OIG, on or about April 6, 2007, explaining the real reasons for the delay, which have nothing to do with an excessive volume of requests, as claimed by the defendant's FOIA officer, but because the requested investigatory report was still incomplete. Ms. Evans offered to investigate whether documents could be released on a rolling timetable as they are available, at least with respect to documents that are personal to plaintiff as the person whose disclosures led OIG to conduct its investigation. Nevertheless, the OIG has made no further response to the FOIA request, even with respect to documents that exist aside from the question of whether the investigation report is complete. Nor has the OIG ever raised any claim that any such documents are exempt from disclosure.

9.  Plaintiff faxed a FOIA request to the BIA on December 22, 2006, for documents that BIA has provided to or received from the OIG since

4

April 22, 2005, that relate to allegations of gross mismanagement, fraud or abuse by DOI / BIA officials in Palm Springs. *Appendix Exhibit B*. This request again sought expedited processing. *Exhibit B at B1*. BIA acknowledged the request by letter dated on January 11, 2007. *B3*. By fax dated January 17, 2007, plaintiff appealed BIA's failure to respond to the request for expedited processing within the time allowed. *B4*. By fax dated February 2, 2007, plaintiff provided proof requested by defendant that the FOIA request had indeed been received when claimed, and at the same time plaintiff appealed the constructive denial of the request. *B5*.

10. By letters dated February 15, 2007, BIA stated the requested records were not in its possession, except for a single document that it sent. *B6&7*. On February 20, 2007, not having received the referenced document, plaintiff again appealed the denial, "on grounds of *43 C.F.R. 2.28(a)(1), (2), (3), (4), (5), and (7).*" *B9*. By fax dated February 22, 2007, plaintiff clarified that since receiving the referenced document "my appeal stands, with particular regard to *43 C.F.R. 2.28(a)(2).*" *B10*.[1]

---

[1] Plaintiff's FOIA request to BIA sought documents that the BIA had either "provided to" or "received from" the OIG since April 22, 2005 that relate to plaintiff's allegations of BIA gross mismanagement of Indian leases at the Palm Springs Agency. In response, the only document produced by BIA was a copy of a 1992 OIG audit of BIA, that was "telefaxed" to BIA by OIG on November 2, 2006. BIA's artfully-worded cover letter stated that "We could not locate records **sent to** OIG by the BIA since April 22, 2005."

11. By letter dated March 28, 2007, the FOIA appeals officer notified plaintiff that he allegedly "did not articulate with any specificity which provision of 43 C.F.R. § 2.28(a)(2) you are appealing," and that "Because the Department cannot determine the basis of your appeal, your February 22, 2007, letter cannot be accepted for processing as a FOIA appeal at this time." *B11.* The regulation at issue permits an appeal when:

> The Bureau informs you that you have not adequately described the records you are seeking, or that it does not possess responsive records and you have reason to believe it does or you question the adequacy of the bureau's search for responsive records.

43 C.F.R. 2.28(a)(2).

12. Significantly, none of the BIA's response letters, copies of which were included with plaintiff's administrative appeal, suggested in any fashion that the request was not sufficiently clear. Therefore, even if one could argue that the appeal had been narrowed to grounds contained in 43 C.F.R. 2.28(a)(2), the FOIA Appeals Officer's rejection of the appeal can only be understood as yet another cynical ploy in the service of Interior's long-standing policy and practice of denying FOIA requests and withholding

---

(Emphasis added.) The FOIA request was for records "provided" not "sent", and since the OIG officials conducted their interviews with BIA officials in person, it is very likely documents were "provided to" OIG for its review but not "sent to" OIG. This suspicion is further fueled by a February 15, 2007 letter sent to Senator Barbara Boxer by the OIG, stating, *inter alia*, that the OIG had "interviewed BIA officials" and "reviewed all pertinent documents." *Appendix Exhibit C at C1-2.*

information in the face of all requests and appeals, and forcing the requester either to give up in frustration or go to the further considerable expense and effort of litigation.

13. Plaintiff responded to the FOIA Office with an April 13, 2007 letter that explained the above, and requested that the appeal be processed. *B13-14.* Defendant has taken no further action on the request or the appeal. Nevertheless, the BIA has made no further response to the FOIA request or appeal, nor has the BIA ever raised any claim that any such documents are exempt from disclosure.

## V.    FIRST CLAIM FOR RELIEF

14. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth here.

15. DOI has improperly withheld OIG agency records in violation of the FOIA and the Privacy Act, 5 U.S.C. § 552, and DOI regulations at 43 C.F.R. Part 2.

16. DOI's failure to respond to Plaintiff's FOIA request within 20 workdays constitutes a denial.  See 43 C.F.R. §2.12.

17. DOI's failure to respond to Plaintiff's request for expedited processing within 10 workdays constitutes a denial.  Appeals of denials for

expedited processing must be processed ahead of other appeals. See 43 C.F.R. §2.14(d).

18. Appeals may be filed when a decision is not made on a request within the stated time limits. See 43 C.F.R. §2.28.

19. DOI's failure to respond to Plaintiff's FOIA appeal within 20 workdays constitutes a denial. See 43 C.F.R. §2.32(c).

20. DOI failed to comply with the statute and its own regulations regarding its denial of Plaintiff's FOIA request, request for expedited processing, and fee waiver request.

21. DOI has demonstrated a willful intent to suppress the requested information and delay any inevitable release in order to prevent Plaintiff from obtaining the information absent numerous appeals.

## VI.    SECOND CLAIM FOR RELIEF

22.    Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth here.

23.    DOI has improperly withheld BIA agency records in violation of the FOIA and the Privacy Act, 5 U.S.C. § 552, and DOI regulations at 43 C.F.R. Part 2.

24.    DOI's failure to respond to Plaintiff's FOIA request within 20 workdays constitutes a denial. See 43 C.F.R. §2.12.

25.    DOI's failure to respond to Plaintiff's request for expedited processing within 10 workdays constitutes a denial.  Appeals of denials for expedited processing must be processed ahead of other appeals.  See 43 C.F.R. §2.14(d).

26.    Appeals may be filed when a decision is not made on a request within the stated time limits.  See 43 C.F.R. §2.28.

27.    DOI's failure to respond to Plaintiff's FOIA appeal within 20 workdays constitutes a denial.  See 43 C.F.R. §2.32(c).

28.    DOI failed to comply with the statute and its own regulations regarding its denial of Plaintiff's FOIA request, request for expedited processing, and fee waiver request.

29.  DOI has demonstrated a willful intent to suppress the requested information and delay any inevitable release in order to prevent Plaintiff from obtaining the information absent numerous appeals.

**VII. THIRD CLAIM FOR RELIEF.**

30.  Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth here.

31.  Plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. §2201, that DOI is in violation of the FOIA and the Privacy Act; and that

9

Plaintiff is immediately entitled to expedited production of all requested records with all fees waived.

32. DOI has shown that it is willing to employ every manner of dilatory tactic to avoid releasing records to Plaintiff, thus DOI should not be permitted the opportunity to fabricate any new excuses for its noncompliance with Plaintiff's requests.

33. Circumstances surrounding the improper withholding of the requested information raise questions whether DOI personnel acted arbitrarily or capriciously with respect to the withholding.

34. Plaintiff seeks prospective injunctive relief in the face of a deeply-rooted DOI policy to withhold documents at every turn, requiring the requester to pursue every manner of appeal. *See, e.g., Payne Enterprises v. United States*, 837 F.2d 486, 488-93 (D.C. Cir. 1988).

## VIII. FOURTH CLAIM FOR RELIEF.

35. Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth here.

36. Defendant's intentional or willful violations of the Privacy Act caused adverse effects on Plaintiff for which Plaintiff is entitled to receive damages pursuant to 5 U.S.C. § 5a52(g)(1)(D). An agency is liable for damages under § 552a(g)(1)(D) when it "fails to comply with any other

provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual."

37. The Privacy Act entitles Plaintiff, upon request, to gain access to his records or to any information pertaining to him which is contained in a system of records and to review the records and have a copy made of all or any portion thereof. 5 U.S.C. § 552a(d)(1); 43 C.F.R. §2.62. DOI's failure to grant Plaintiff's Privacy Act request "promptly" is a violation of 5 U.S.C. § 552 and 43 C.F.R. §2.64(a).

38. DOI regulations provide that when a FOIA Officer receives a Privacy Act request, "the request will be processed under both the FOIA and the Privacy Act," and that a bureau will refer a request for records not in its possession to the appropriate bureau. 43 C.F.R. § 2.27(a). The Privacy Act, unlike the FOIA, does not expressly or impliedly call for compliance with agency regulations governing requests for information under 5 U.S.C. § 552. *Mervin v Bonfanti, 410 F. Supp. 1205 (D.D.C. 1976).*

39. An individual's access request for his own record maintained in a system of records must be processed under **both** the Privacy Act and the FOIA, regardless of the statute(s) cited. *See H.R. Rep. No. 98-726, pt. 2, at 16-17 (1984), reprinted in 1984 U.S.C.C.A.N. 3741, 3790-91* (regarding amendment of Privacy Act in 1984 to include subsection (t)(2) and stating:

"Agencies that had made it a practice to treat a request made under either [the Privacy Act or the FOIA] as if the request had been made under both laws should continue to do so."); *see also Blazy v. Tenet, 979 F. Supp. 10, 16 (D.D.C. 1997)* (quoting subsection (t)(2) and stating that "[d]ocument requests therefore must be analyzed under both Acts"), *summary affirmance granted, No. 97-5330, 1998 WL 315583 (D.C. Cir. May 12, 1998.*

40. DOI's intentional or willful violations of the Privacy Act resulted in adverse effects on Plaintiff for which Plaintiff seeks damages pursuant to 5 U.S.C. § 552(g)(1)(D), including compensation for mental distress, embarrassment, and emotional trauma; lost earnings and opportunities to obtain alternative employment; harm to his reputation; and expenses of responding to retaliatory personnel actions sustained by DOI's refusal to release the requested records. Plaintiff has also been monetarily damaged by past and future medical expenses related to defendant's intentional or willful violations of the Privacy Act.

## PRAYER FOR RELIEF

Plaintiff respectfully requests entry of judgment against DOI as follows:

1. DOI is in violation of the FOIA and the Privacy Act;

2. DOI has demonstrated a willful intent to suppress the information sought by Plaintiff and to delay any inevitable release in order to require plaintiff to exhaust all administrative appeals and even to initiate court action;

3. Plaintiff is immediately entitled to expedited production of all requested records, with all fees waived, to include all responsive documents created or received from April 22, 2005 to date, by the OIG, BIA, SOL or OST, concerning allegations of gross mismanagement, fraud or abuse by DOI / BIA officials in Palm Springs.

4. Defendant's intentional or willful violations of the Privacy Act caused adverse effects on Plaintiff for which Plaintiff is entitled to receive damages pursuant to 5 U.S.C. § 552a(g)(1)(D).

5. Plaintiff is entitled to all costs and fees related to this action;

6. Circumstances surrounding the improper withholding of the requested information raise questions whether DOI personnel acted arbitrarily or capriciously with respect to the withholding.

7. Defendant is ordered to respond promptly and completely to all future FOIA and Privacy Act requests from plaintiff, and failure to do so shall constitute a violation of this injunction.

8. Plaintiff is entitled to such further relief as deemed just by this court.


**VERIFIED**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

July 9, 2007
Date

Robert J. McCarthy, *pro se*

**APPENDIX**
**TO PLAINTIFF'S SUPPLEMENTAL COMPLAINT**

Exhibit A.   December 21, 2006, FOIA request to the OIG.

Exhibit B.   December 22, 2006, FOIA request to the BIA.

Exhibit C.   February 15, 2007, OIG letter to Senator Barbara Boxer.

**wangari**

| | |
|---|---|
| **From:** | "wangari" <wangari@verizon.net> |
| **To:** | <FOIA@doioig.gov> |
| **Sent:** | Thursday, December 21, 2006 3:10 PM |
| **Subject:** | FOIA Request |

Dear FOIA Officer

I request all documents and records created by the OIG since April 22, 2005 or received by the OIG since April 22, 2005, that relate to allegations of gross mismanagement, fraud or abuse by officials of the Department of the Interior in Palm Springs California. The documents in question relate to allegations that the Bureau of Indian Affairs and other agencies of the Department including the Office of the Solicitor committed such acts in relation to their responsibilities for management of Indian trust resources. This request does not include documents that OIG received from me, or documents that OIG previously sent to me (i.e. letters addressed to me). As the principal informant regarding such fraud, waste and abuse, I submitted numerous such documents, and I do not require copies of such documents. Nor do I require copies of documents submitted by other parties that are merely duplicates of documents that I provided to OIG. I do request any other documents provided to OIG by the Department in response to such allegations, and any documents that were created by OIG staff or investigators in relation to this matter.

I request that all fees be waived, but I am willing to pay fees that are not waived up to the amount of $100. I believe I am in the category of other requester. I request expedited processing due to the threat of loss of substantial due process rights. I am engaged in an appeal under the Whistleblower Protection Act before the MSPB, in which I allege Department officials have retaliated against me and continue to retaliate against me for my disclosures (to OIG and others) and in which those officials have denied under oath that my disclosures have merit (thereby committing perjury), and have claimed that OIG believes my disclosures lack merit. I certify that this statement is true and correct to the best of my knowledge and belief.

I can be reached by telephone at home (760-360-7828), or at my office (760-416-8619). I can receive faxes at my office (760-416-8719). My office address is Field Solicitor, 901 E. Tahquitz Canyon Way, Suite C-101, PO Box 2245, Palm Springs CA 92263. My home address is 78715 La Palma Drive, La Quinta CA 92253. I have no government e-mail address. My home e-mail is wangari@verizon.net or mac.mccarthy@hotmail.com. Although my disclosures were made in my official capacity, this FOIA request is made in my personal, private capacity.

Robert McCarthy

A - 1

3/12/2007



# United States Department of the Interior
## OFFICE OF INSPECTOR GENERAL
Washington, DC 20240

JAN 1 1 2007

Mr. Robert McCarthy
78715 La Palma Drive
La Quinta, CA 92253

Re: 07-FOI-00007

Dear Mr. McCarthy:

This is in response to your letter dated December 21, 2006, which was received by the Office of Inspector General (OIG) on December 21, 2006, in which you ask for information under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 and the Privacy Act, 5 U.S.C. § 552a. You ask for a copy of all documents and records created by the OIG since April 22, 2005, or received by the OIG since April 22, 2005, that relate to allegations of gross mismanagement, fraud or abuse by officials of the Department of the Interior in Palm Springs, California.

In your letter, you also requested a fee waiver. However, you did not provide sufficient justification to qualify for a fee waiver under the Department of the Interior's (DOI) FOIA regulations, 43 C.F.R. Part 2, Appendix D. The statutory requirement for granting a fee waiver is that release of the information must be in the public interest because it—

1.      Is likely to contribute significantly to public understanding of the operations and activities of the Government; and

2.      Is not primarily in your commercial interest.

To assist us in making a decision on your request for a fee waiver, we ask that you address the following as applicable. You must be specific in addressing the DOI's fee waiver criteria for each request you submit, regardless of whether you may have been granted a fee waiver previously.

1. Explain how the records you are seeking will be meaningfully informative with respect to the bureau's operations and activities. Your identity, vocation, qualifications, and expertise regarding the requested information may be relevant factors.

$A$-2

2. Explain how disclosure of the records will contribute to the understanding of the public at large or a reasonably broad audience as opposed to only enhancing your knowledge.

3. Explain how and to whom you intend to disseminate the information and how you intend to use the information to contribute to public understanding.

4. Explain how the release of the requested records will contribute significantly to public understanding. For example, is the information being disclosed new, does the information confirm or clarify data released previously, and is the information publicly available? Explain how disclosure will increase the level of public understanding that existed prior to disclosure.

5. Explain whether you have a commercial interest that would be furthered by disclosure and if so, whether the public interest in disclosure would be greater than any commercial interest you or your organization would have in the documents.

If you are still interested in obtaining these documents, please provide additional information to justify your fee waiver request or written assurance of your willingness to pay all fees or specify the maximum amount that you are willing to pay for the bureau to process your request. This will allow the OIG to begin processing your request for records while considering your fee waiver.

If the OIG grants your fee waiver request, we will not charge fees to the extent that it grants the waiver. If you have agreed to pay fees up to a particular amount, we will contact you when we have processed your request up to that amount before proceeding further. If we do not hear from you by January 19, 2007, the OIG will deny your fee waiver since it does not meet the DOI's fee waiver criteria, and therefore, administratively close your FOIA request.

If you have any questions concerning this matter, please contact me at (703) 487-5434.

Sincerely,

Mildred H. Washington
Information Disclosure Specialist

A-3

**Robert J. McCarthy**
78715 LaPalma Drive, La Quinta CA 92253; Ph: 760-416-8619; Fax: 760-416-8719

DATE: 1-19-07

TO:    Mildred Washington, Information Disclosure Specialist
       Office of the Inspector General, USDOI

RE:    Dec. 21 FOIA Request

On January 18 I received your letter dated Jan. 11 demanding that I reply by Jan. 19 or you would "administratively close your FOIA request." I do not believe there is any legal authority for such action. Moreover, the phone number you gave me to call is answered by a recording which says it is full and cannot accept messages.

As for your characterization of my request, please note that I do not request documents submitted to OIG by me. That should cut the number of copies substantially. Actually if you would call me we could probably discuss what documents I want and dramatically minimize the number of copies needed.

As for my fee waiver, I indicated a willingness to pay up to $100. I believe I provided adequate justification. Nevertheless, in answer to your questions:

1. I am a Field Solicitor for the USDOI. I reported fraud, waste and gross mismanagement by the Palm Springs Agency of BIA to the OIG. I have since been subjected to retaliatory personnel actions. I have an appeal pending before the Merit Systems Protection Board. The requested records document my disclosures, and are therefore informative as to the bureau's operations.

2. I will file relevant documents with the MSPB, whose decisions are public record. In addition, I will disseminate the information to appropriate congressional committees. If appropriate and necessary, I may provide the information to media sources. Disclosures such as mine are the duty of every federal employee, and such disclosures are in theory protected under the Whistleblower Protection Act. Congress has found that the public has a right to know about fraud waste and abuse in government.

3. I will disseminate the information and use it as explained above.

4. The information requested is new and not previously available to the public.

5. I have no commercial interest in the disclosure. My interest is solely the public interest, which is set forth in the Whistleblower Protection Act.

Robert J. McCarthy

A-4

**Robert J. McCarthy**
78715 LaPalma Drive, La Quinta CA 92253; Ph: 760-416-8619; Fax: 760-416-8719

DATE: 3-9-07

Ms. Darell Strayhorn
FOIA Appeals Officer
U.S. Dept. of the Interior
MS-3071, MIB
1849 C Street, NW
Washington, DC 20240

VIA FAX: 202/208-6677

RE:    FOIA Appeal

Dear Ms. Strayhorn:

By letter dated January 18, 2007, the Office of the Inspector General (OIG), USDOI, acknowledged receipt of my FOIA request on December 21, 2006. By faxed memo on January 19, I responded to a letter from OIG and once again provided the information requested, although the information was included with the original FOIA request.

My FOIA request essentially seeks copies of all documents and records created by OIG since April 22, 2005 or received by the OIG since April 22, 2005, related to allegations of gross mismanagement, fraud or abuse by officials of the Department of the Interior in Palm Springs, California. I excluded from my request any documents that OIG received from me.

Because I have not received a timely or substantive response to my FOIA request, I respectfully appeal the constructive denial of my request pursuant to 43 CFR 2.28(a)(1) through (7).

Sincerely,

Robert J. McCarthy

A-5

**Robert J. McCarthy**
78715 LaPalma Drive, La Quinta CA 92253; Ph: 760-416-8619; Fax: 760-416-8719

DATE: 3-13-07

Ms. Darrell Strayhorn
FOIA Appeals Officer
U.S. Dept. of the Interior
MS-3071, MIB
1849 C Street, NW
Washington, DC 20240

VIA FAX: 202/208-6677

RE:     FOIA Appeal

Dear Ms. Strayhorn:

On 3-9-07 I faxed to you an appeal of the constructive denial of my FOIA request to the Office of the Inspector General (OIG). I provided all relevant documents with the exception of the original request itself, which was sent by facsimile on December 21, 2006 (as acknowledged by the OIG via letter dated January 18, 2007. A copy of the Original request is provided herewith.

Sincerely,

Robert J. McCarthy

A-6



# United States Department of the Interior

OFFICE OF THE SOLICITOR
Washington, D.C. 20240


TAKE PRIDE
IN AMERICA

IN REPLY REFER TO:
FOIA Appeal No. 2007-077

MAR 2 3 2007

Robert J. McCarthy
78715 La Palma Drive
La Quinta, CA 92253

Dear Mr. McCarthy:

This concerns your March 9, 2007, Freedom of Information Act ("FOIA") appeal ("appeal") to the Department of the Interior ("Department"), which was received on March 13, 2007 (the date the Department received all of the documents that you are required to submit in order to file an appeal). Your appeal relates to the December 21, 2006, FOIA request that you sent to the Office of Inspector General ("OIG"). The FOIA request generally seeks records created or received by the OIG since April 22, 2005, "that relate to allegations of gross mismanagement, fraud or abuse by officials of the Department of the Interior in Palm Springs[,] California." The Department has assigned your appeal as **Appeal Number 2007-077**. Please cite this number in any future correspondence you send to the Department regarding this appeal.

The FOIA requires an agency to make a determination on an appeal within 20 workdays after the receipt of such appeal. *5 U.S.C. § 552(a)(6)(A)(ii).* The Department will make every effort to reach a decision on your appeal within this time limit.

If you have any questions regarding your appeal, you may contact Keedah Bell at (202) 208-5339.

Sincerely,

Darrell R. Strayhorn
FOIA Appeals Officer
Department of the Interior

A-7



# United States Department of the Interior

OFFICE OF THE SOLICITOR
Washington, D.C. 20240



TAKE PRIDE
IN AMERICA

IN REPLY REFER TO:
**FOIA Appeal No. 2007-077**

Robert J. McCarthy
78715 LaPalma Drive
La Quinta, CA 92253

APR  5 2007

Dear Mr. McCarthy:

This concerns the March 9, 2007, Freedom of Information Act ("FOIA") appeal ("appeal") **(No. 2007-077)** that you filed with the Department of the Interior ("Department"). Your appeal alleges that the Office of Inspector General ("OIG") has not responded to the December 21, 2006 that you submitted to it, which generally seeks records created or received by the OIG since April 22, 2005, "that relate to allegations of gross mismanagement, fraud or abuse by officials of the [Department] in Palm Springs[,] California."

The FOIA requires an agency to make a determination on an appeal within 20 workdays after the receipt of such appeal. *5 U.S.C. § 552(a)(6)(A)(ii)*. Due to an extraordinarily large number of appeals pending in the Department ahead of yours, the need to fully review the issues you presented in your appeal, and other unforeseen circumstances, the Department will not be able to make a determination on your appeal within the time limits set in the FOIA. Therefore, you may seek judicial review under *5 U.S.C. § 552(a)(4)(B)*. However, we hope that you will delay filing a lawsuit so that the Department can thoroughly review the issues in your appeal and make a determination. We appreciate your patience to this point and the Department will make every effort to reach a decision on your appeal as soon as possible.

If you have any questions regarding your appeal, please call me at (202) 208-5339.

Sincerely,

LaRima L. Lane
FOIA Appeals Specialist
Department of the Interior

A-8

December 22, 2006

Robert J. McCarthy
78715 La Palma Drive
La Quinta CA 92253
(760) 360-7828 (home)
(760) 416-8619 (office)
e-mail: **wangari@verizon.net**

FOIA Officer
Bureau of Indian Affairs
MS-3071, MIB
1849 C Street, NW
Washington, DC 20240

**VIA FAX: 202/208-6597**

Dear FOIA Officer:

Pursuant to the Freedom of Information Act (FOIA) I request copies of the records described below. I request that all fees be waived, but I am willing to pay fees that are not waived up to the amount of $100. I believe I am in the category of other requester. Release of the documents will likely contribute to public understanding of the operations or activities of the Government, in that they are relevant to disclosures made by requester pursuant to the Whistleblower Protection Act, and allegations of retaliation that are pending before the Merit Systems Protection Board (MSPB).

I request expedited processing due to the threat of loss of substantial due process rights. I am engaged in an appeal under the Whistleblower Protection Act before the MSPB, in which I allege Department officials have retaliated against me and continue to retaliate against me for my disclosures and in which those officials have denied under oath that my disclosures have merit, and have claimed that the Office of the Inspector General ("OIG") believes my disclosures lack merit. I certify that this statement is true and correct to the best of my knowledge and belief.

**Description of Records:**

1.  All documents and records that the Bureau of Indian Affairs (BIA) *has provided to the OIG* since April 22, 2005 that relate to allegations that BIA or any of its officials may have committed gross mismanagement, fraud, waste or abuse in connection with the leasing or other administration of Indian lands on the Agua Caliente Reservation in and near Palm Springs California. This request includes any such documents that BIA provided to OIG directly or indirectly through counsel or other third parties.

2.  All documents and records that the BIA *has received from the OIG* since April 22, 2005 that relate to allegations that BIA or any of its officials may

B-1

have committed gross mismanagement, fraud, waste or abuse in connection with the leasing or other administration of Indian lands on the Agua Caliente Reservation in and near Palm Springs California. This request includes any such documents that BIA received from OIG directly or indirectly through counsel or other third parties.

To assist you in expediting your production of documents in response to this request, I am today providing copies to two BIA offices that are most likely to have responsive documents, and to the Regional Solicitor.

I can be reached by telephone at home (760-360-7828), or at my office (760-416-8619). I can receive faxes at my office (760-416-8719). My office address is Field Solicitor, 901 E. Tahquitz Canyon Way, Suite C-101, PO Box 2245, Palm Springs CA 92263. My home address is 78715 La Palma Drive, La Quinta CA 92253. I have no government e-mail address. My home e-mail is wangari@verizon.net or mac.mccarthy@hotmail.com. Although my disclosures were made in my official capacity, this FOIA request is made in my personal, private capacity. Thank you.

Sincerely,

Robert J. McCarthy

B-2

# United States Department of the Interior

OFFICE OF THE SECRETARY
Washington, DC 20240



Robert J. McCarthy
78715 La Palma Drive
La Quinta, CA 92253

JAN 1 1 2007

Re: FOIA Control (FC) 07375

Dear McCarthy:

This acknowledges the receipt of your Freedom of Information Act (FOIA) request, dated December 22, 2006, and received in our office on January 10, 2007. Your request has been assigned Control No. FC-07375. Please reference this number on all your correspondence concerning this request.

The program office will advise you of the status of your response within 20 workdays upon receiving the request in their office. If that office anticipates a delay because of unusual circumstances, it may warrant an additional 10-workday extension; however, this office will advise you if this is necessary.

If you have any questions, feel free to contact us at the following address:

Office of the Deputy Assistant Secretary - Management
Division of Logistics Support Services
1849 C Street, NW – MS 3071-MIB
Washington, DC 20240
Telephone: (202) 208-4542
Fax (202) 208-6597

Sincerely,

Laura Cloud
FOIA Officer

B-3

FAX

January 17, 2007

Robert J. McCarthy
78715 La Palma Drive
La Quinta CA 92253
(760) 360-7828 (home)
(760) 416-8619 (office)
e-mail: wangari@verizon.net

Ms. Darell Strayhorn
FOIA Appeals Officer
U.S. Dept. of the Interior
MS-3071, MIB
1849 C Street, NW
Washington, DC 20240

VIA FAX: 202/208-6677

Dear Ms. Strayhorn:

On December 22, 2006, I faxed a FOIA request to the FOIA Officer for Bureau of Indian Affairs, and also faxed the request to the Pacific Southwest Regional Solicitor and the Pacific Regional Director of BIA, and it was hand-delivered to the Superintendent of the Palm Springs Agency of BIA. I requested expedited processing. A copy of that request is attached. I received a timely response from the Regional Solicitor, stating that his office had no responsive records. On Jan. 16, 2007, I received a letter dated Jan. 11, 2007, in which the FOIA officer stated that my FOIA request dated Dec. 22, 2006 was "received in our office on Jan. 10, 2007." On January 17 I notified the FOIA officer by fax that her computation of the date received was in error. I received no response from the Regional Director of BIA or the Superintendent.

I appeal the foregoing denial of my request on the grounds of 43 CFR 2.28(a)(7).

*Robert J. McCarthy*
Robert J. McCarthy

B-4

February 2, 2007

Robert J. McCarthy
78715 La Palma Drive
La Quinta CA 92253
(760) 360-7828 (home)
(760) 416-8619 (office)
e-mail: wangari@verizon.net

Ms. Darell Strayhorn
FOIA Appeals Officer
U.S. Dept. of the Interior
MS-3071, MIB
1849 C Street, NW
Washington, DC 20240

**VIA FAX: 202/208-6677**

Dear Ms. Strayhorn:

On February 1, 2007, I received a call from you requesting that I provide confirmation that my FOIA request was faxed to the BIA FOIA officer on December 22, 2006. Enclosed is the confirmation page for faxes I sent during that period of time. The fax to the BIA FOIA Officer is the first one on the list. Not coincidentally, the next two numbers on the list are for the Regional Office of BIA and the Regional Solicitor's Office, both of whom also received the FOIA request by fax on December 22, 2006. I hand – delivered the request to the BIA Palm Springs Agency the same day. I swear under penalty of perjury that the foregoing is true and correct.

I previously appealed the foregoing denial of my request on the grounds of 43 CFR 2.28(a)(7). The BIA is now in violation of 43 CFR 2.28(a)(1) through (a)(6), as well, and I assert these additional grounds for appeal. Thank you for your assistance.

Robert J. McCarthy

B-5



# United States Department of the Interior

### BUREAU OF INDIAN AFFAIRS
Washington, D.C. 20240
FEB 1 5 2007

IN REPLY REFER TO

Real Estate Services
FOIA 07375

Mr. Robert J. McCarthy
78715 La Palma Drive
La Quinta, California 92253

Dear Mr. McCarthy:

This is in response to your Freedom of Information Act (FOIA) request dated December 22, 2006, and received in our office on January 16, 2007. In your request you are seeking all documents and records that the Bureau of Indian Affairs (BIA) has provided to or has received from the Office of Inspector General (OIG) since April 22, 2005, related to allegations of gross mismanagement, fraud, waste or abuse of leasing or other administration of Indian lands on the Agua Caliente Reservation, located near Palm Springs, California.

The records you are seeking are not within the possession and control of the BIA's Washington office. Therefore, we are unable to provide you with these records pursuant to 43 CFR 2.7(d)(1). If you consider this response to be a denial of your request, you may file an appeal by writing to:

> Freedom of Information Act Appeals Officer
> Office of the Solicitor
> U.S. Department of the Interior
> 1849 C Street, NW -- MS-6556-MIB
> Washington, D.C. 20240

Your appeal must be received no later than 30 workdays after the date of this letter. The appeal should be marked, both on the envelope and the face of the appeal letter, with the legend "FREEDOM OF INFORMATION APPEAL." Your appeal should be accompanied by a copy of your original request and this letter, along with any information you have which leads you to believe the records do in fact exist, including where they might be found, if the location is known to you.

Should you have further questions, please contact this office.

Sincerely,

Deputy Director, Trust Services

B-6



# United States Department of the Interior

BUREAU OF INDIAN AFFAIRS
Pacific Regional Office
2800 Cottage Way
Sacramento, California 95825

IN REPLY REFER TO
Re.: 07J00FOIA008

FEB 1 5 2007

Robert J. McCarthy
75715 La Palma Drive
La Quinta, California 92253

Dear Mr. McCarthy:

This is in response to your Freedom of Information Act request dated December 22, 2006 for the following requested records. This office was requested by the BIA FOIA Officer to reply to your FOIA request.

1. All documents and records that the Bureau of Indian Affairs (BIA) has provided to the OIG since April 22, 2005 that related to allegations that BIA or any of its officials may have committed gross mismanagement, fraud, waste or abuse in connection with the leasing or other administration of Indian lands on the Agua Caliente Reservation in and near Palm Springs California. This request includes any such documents that BIA received from OIG directly or indirectly thorough counsel or other third parties.

RESPONSE: We could not locate records sent to OIG by the BIA since April 22, 2005.

2. All documents and records that the BIA has received from the OIG since April 22, 2005 that relate to allegations that BIA or any of its officials may have committed gross mismanagement, fraud, waste or abuse in connection with the leasing or other administration of Indian lands on the Agua Caliente Reservation in and near Palm Springs California. This request includes any such documents that BIA received from OIG directly or indirectly thorough counsel or other third parties.

RESPONSE: Enclosed is a copy of a Final Audit Report on Lease Administration, Palm Springs Field Office, Bureau of Indian Affairs (No. 92-I-1342), dated September 25, 1992. The subject record was telefaxed by OIG to the BIA, Palm Springs Agency on November 2, 2006. This record was provided by the Palm Springs Agency.

If you consider this response to be a denial of your request under 43 CFR 2.28(a)(2) and (3) you may file an appeal by writing to the Freedom of Information Appeals Officer, Office of the Chief Information Officer, U.S. Department of the Interior, 1849 C Street N.W., MS-5312-MIB, Washington D.C. 20240. Your appeal must be received no later than 30 workdays after the date of this letter. The appeal should be marked, both on the envelope and the face of the appeal letter, accompanied by a copy of your original request and this letter, along with any information you have which leads you to believe that responsive records do in fact exist, including where they might be found, if the location is known to you.



B-7

-2-

The fee incurred in responding to this request is less than $30.00 and is not being charged in accordance with 43 CFR 2.16(b) (2).

This request has been assigned number 07J00FOIA008 and should be used as identification in any future correspondence regarding this FOIA request.

Should you have any additional questions, please contact Douglas Garcia, FOIA Coordinator, at (916) 978-6052.

Sincerely,
/s/ Clayton Gregory

Regional Director

Enclosure

cc:    Superintendent, Palm Springs Agency
       Laura Cloud, BIA FOIA Officer

B-8

February 20, 2007

Robert J. McCarthy
78715 La Palma Drive
La Quinta CA 92253
(760) 360-7828 (home)
(760) 416-8619 (office)

Ms. Darell Strayhorn
FOIA Appeals Officer
U.S. Dept. of the Interior
MS-3071, MIB
1849 C Street, NW
Washington, DC 20240

**VIA FAX: 202/208-6677**

Your Reference: 07J00FOIA008

Dear Ms. Strayhorn:

By letter dated February 15, 2007, the Pacific Regional Director of the Bureau of Indian Affairs (BIA) responded to my FOIA request that was received by that Regional office, by the Palm Springs Agency, and by the FOIA Officer in Washington, D.C., all on December 22, 2006. The Regional Director's letter was received and opened by the Palm Springs Agency of the BIA, since that is to whom the envelope was addressed, on February 20, 2007.

The Regional Director's letter says BIA has provided no records to the Office of the Inspector General (OIG) since April 22, 2005. The letter references certain documents received by BIA from the OIG on November 2, 2006. The letter states those documents are enclosed, but nothing was enclosed with the two page letter.

On January 17, 2007, I appealed the BIA's failure to respond to my request for expedited processing, on the grounds of 43 CFR 2.28(a)(7). On February 2, 2007, I appealed on the additional grounds of 43 CFR 2.28(a)(1) through (a)(6). Once again, I appeal the latest response on grounds of 43 CFR 2.28(a)(1)(2)(3)(4)(5) and (7).

I swear under penalty of perjury that the foregoing is true and correct.

Robert J. McCarthy

B-9

February 22, 2007

Robert J. McCarthy
78715 La Palma Drive
La Quinta CA 92253
(760) 360-7828 (home)
(760) 416-8619 (office)

Ms. Darell Strayhorn
FOIA Appeals Officer
U.S. Dept. of the Interior
MS-3071, MIB
1849 C Street, NW
Washington, DC 20240

**VIA FAX: 202/208-6677**

Your Reference: 07J00FOIA008

Dear Ms. Strayhorn:

I have received a duplicate of the letter dated February 15, 2007, from the Pacific Regional Director of the Bureau of Indian Affairs (BIA), that was previously sent in an envelope addressed to the Palm Springs Agency. Apparently that was intended as a copy for the Palm Springs Agency that was mistakenly given to me. The copy of the letter sent to me did contain the OIG document referenced in the letter. Nevertheless, my appeal stands, with particular regard to 43 CFR 2.28(a)(2).

Robert J. McCarthy

B-19



# United States Department of the Interior

OFFICE OF THE SOLICITOR
Washington, D.C. 20240



TAKE PRIDE
IN AMERICA

IN REPLY REFER TO:

MAR 2 8 2007

Robert J. McCarthy
78715 La Palma Drive
La Quinta, CA 92253

Dear Mr. McCarthy:

This responds to your February 22, 2007, letter to the Department of the Interior ("Department"), which was received on the same date, intending to file a Freedom of Information Act ("FOIA") appeal ("appeal") of the actions taken by the Bureau of Indian Affairs ("BIA") in response to a December 22, 2006, FOIA request that you submitted to it. You initially sent a February 20, 2007, letter to the Department alleging that the BIA had not provided you with a copy of the documents that it found responsive to your FOIA request. You then sent the February 22, 2007, letter informing the Department that you were in receipt of the documents but that you still intended to appeal, "with particular regard to 43 CFR 2.28(a)(2)."

The portion of the Department's FOIA regulations to which you refer states that a requester may file an appeal when:

> The bureau informs you that you have not adequately described the records you are seeking, or that it does not possess responsive records and you have reason to believe it does or you question the adequacy of the bureau's search for responsive records.

In your February 22, 2007, letter, you did not articulate with any specificity which provision of 43 C.F.R. § 2.28(a)(2) you are appealing. Because the Department cannot determine the basis of your appeal, your February 22, 2007, letter cannot be accepted for processing as a FOIA appeal at this time.

Within 20 workdays from the date of this letter, please provide the Department with correspondence that explains what you are appealing so that an appeal can be opened for processing. If the Department does not receive this correspondence from you within this time frame, it will not consider your February 22, 2007, letter for processing as an appeal.

You may send the documentation via facsimile to (202) 208-6677 or you may mail it to the following address:

B-11

Department of the Interior
Office of the Solicitor
Division of Administration
1849 C Street, N.W. - Mail Stop 6556
Washington, D.C. 20240
(Attn:  FOIA Appeals Office)

If you have any questions regarding this letter, please call LaRima Lane at (202) 208-5339.

Sincerely,

Darrell R. Strayhorn
FOIA & Privacy Act Appeals Officer
Department of the Interior

B-12

2

April 13, 2007

Robert J. McCarthy
78715 La Palma Drive
La Quinta CA 92253
(760) 360-7828 (home)
(760) 416-8619 (office)

Ms. Darrell Strayhorn
FOIA Appeals Officer
U.S. Dept. of the Interior
MS-3071, MIB
1849 C Street, NW
Washington, DC 20240

**VIA FAX: 202/208-6677**

Your Reference: 07J00FOIA008

Dear Ms. Strayhorn:

This responds to your letter of March 28, 2007, in which you assert that my appeal "did not articulate with any specificity which provision of 43 C.F.R. § 2.28(a)(2) you are appealing," and that "Because the Department cannot determine the basis of your appeal, your February 22, 2007, letter cannot be accepted for processing as a FOIA appeal at this time."

I faxed a FOIA request to the Bureau of Indian Affairs ("BIA") on December 22, 2006, requesting expedited processing. BIA acknowledged the request by letter dated on January 11, 2007. By fax dated January 17, 2007, I appealed BIA's failure to respond to the request for expedited processing within the time allowed, 43 C.F.R. 2.28(a)(7). By fax dated February 2, 2007, I provided the proof you demanded (and the Department obviously already had in its possession) that the FOIA request had indeed been received when claimed. At the same time I appealed the constructive denial of my request on grounds of 43 CFR 2.28(a)(1) through (a)(6), as well.

By letters dated February 15, 2007, BIA stated the requested records were not in its possession, except for a single document that it sent. On February 20, 2007, not having received the referenced document, I again appealed the denial, "on grounds of 43 C.F.R. 2.28(a)(1), (2), (3), (4), (5), and (7)." By fax dated February 22, 2007, I clarified that since receiving the referenced document "my appeal stands, with particular regard to 43 C.F.R. 2.28(a)(2)." Section 2.28(a)(2) authorizes appeal when:

The Bureau informs you that you have not adequately described the records you are seeking, or that it does not possess responsive records and you have reason to believe it does or you question the adequacy of the bureau's search for responsive records.

B-13

As you are well aware, none of the BIA's response letters suggested in any fashion that the request was not sufficiently clear. Therefore, even if one could argue that the appeal had been narrowed to grounds contained in *43 C.F.R. 2.28(a)(2)*, your rejection of my appeal can only be understood as yet another cynical ploy in the service of Interior's long-standing policy and practice of denying FOIA requests and withholding information in the face of all requests and appeals until faced with court action.

To further elucidate the grounds for my appeal, I reiterate that my initial FOIA request to BIA sought documents that the BIA had either "provided to" or "received from" the OIG since April 22, 2005 that relate to my allegations of BIA gross mismanagement of Indian leases at the Palm Springs Agency. In response, the only document produced by BIA was a copy of a 1992 OIG audit of BIA, that allegedly was "telefaxed" to BIA by OIG on November 2, 2006. BIA's artfully-worded cover letter states that "We could not locate records **sent to** OIG by the BIA since April 22, 2005." (Emphasis added.) The FOIA request was for records "provided" not "sent", and the OIG officials conducted their interviews with BIA in person, therefore it is very likely documents were "provided to" OIG for its review but not "sent to" OIG. This suspicion is further fueled by a February 15, 2007 letter sent to Senator Barbara Boxer by the OIG, stating, *inter alia*, that the OIG had "interviewed BIA officials" and "reviewed all pertinent documents." A copy of the letter is enclosed.

As you know, I am trying to stop a campaign of retaliation that the Department has waged against me for the past two years, since I first disclosed gross mismanagement at the BIA's Palm Springs Agency. My various FOIA requests are directly related to that effort. I would appreciate your professional courtesy in expediting the Department's prompt and complete compliance with the law in responding to my requests.

Robert J. McCarthy

B-14



# United States Department of the Interior

### OFFICE OF INSPECTOR GENERAL
#### Washington, DC 20240

FEB 15 2007

The Honorable Barbara Boxer
United States Senate
Washington, D.C. 20510-0505
c/o Eric José Vizcaíno

Dear Senator Boxer:

This letter is to inform you of the results of our investigation into the concerns of your constituent, Robert McCarthy, a field solicitor for the U.S. Department of the Interior in Palm Springs, CA. In a letter dated September 25, 2006, your staff requested that the Office of Inspector General (OIG) review Mr. McCarthy's allegations of gross mismanagement of Indian trust funds.

Specifically, Mr. McCarthy alleged that the Bureau of Indian Affairs (BIA) in Palm Springs had not implemented recommendations from an OIG audit report exposing deficiencies in the lease management program for the Agua Caliente Band of Cahuilla Indians. This tribe leases land to developers in Palm Springs, Cathedral City, and Rancho Mirage. The BIA in Palm Springs reviews the lease agreements to ensure regulations have been met.

Mr. McCarthy also alleged that a BIA supervisor received gifts from parties who conduct business with the Palm Springs office. He further alleged that he had been retaliated against due to his disclosure of this information.

We opened an investigation into Mr. McCarthy's concerns in October 2006. We reviewed his allegations of gross mismanagement, and we understand that the Merit Systems Protection Board is reviewing his allegations of retaliation.

During our investigation, we interviewed BIA officials from Palm Springs, as well as Mr. McCarthy, and we reviewed all pertinent documents. We confirmed that the BIA Palm Springs office has not implemented all of the OIG's audit recommendations, and officials conceded that problems remain within the lease management program. They also expressed concerns that the Palm Springs office is understaffed and the automated lease system is insufficient.

We also confirmed that one BIA official and two staff members received gift baskets containing spa robes from a lessee. The BIA official also admitted that he accepted two tickets to a film festival in Palm Springs from a lessee in 2004. He estimated that both tickets were valued between $50 and $60.

C-1

We are referring our findings regarding gifts received by BIA employees to BIA management for any action they deem appropriate. We are also issuing a Management Advisory to BIA regarding the Palm Springs office's implementation of our audit recommendations.

We thank you for your interest in this matter, and we appreciate you communicating your concerns to us.

Sincerely,

Earl E. Devaney
Inspector General

C-2

# Probe: Local Indian Affairs office troubled

## Woes highlighted in 1992 audit persist today

BY DIANA MARRERO
DESERT SUN WASHINGTON BUREAU

The Bureau of Indian Affairs in Palm Springs, which manages millions of dollars in commercial leases for Indian landowners in the area, continues to be plagued with problems found in an audit 15 years ago, documents show.

The local agency was the subject of a recent investigation by an internal auditor who found the office had not yet implemented all recommendations made in a 1992 audit report that found serious deficiencies in the agency's handling of leases.

Management problems at the BIA are costing members of the Agua Caliente Band of Cahuilla Indians untold amounts of money because of delays on lease agreements, overdue payments and the failure to assess proper annual rent increases, documents show.

The troubles within the Palm Springs office are emblematic of problems that have dogged the BIA for years, experts say.

"The problems you have there with understaffing and the lack of systems and resources are a reflection of what you find in BIA offices around the country," said John Doffett, general counsel for the National Congress of American Indians.

Nedra Darling, a spokeswoman for the BIA, said she could not comment on the investigation into the Palm Springs office because the inquiry was not yet closed. But she defended the work of the agency in general, saying officials are working to address its problems.

"It's a difficult job people are doing," Darling said. "We're tackling the issues as we can."

The BIA is under the Interior Department and collects about $330 million a year in royalties and leases on behalf of 300,000 Indians across the country. The

> "A substantial amount of trust income has gone uncollected and much of it may be now uncollectible, for reasons that include poor bookkeeping, failure to calculate periodic rent increases, the statute of limitations, expired leases, limitations in lease terms, lessee bankruptcies, and lost opportunities to terminate leases in favor of more profitable redevelopment."
>
> Robert McCarthy
> attorney for the Palm Springs office
> of the Bureau of Indian Affairs

department is the subject of a class-action lawsuit by Indian landowners across the country who say the agency has squandered millions in land revenues.

Trust fund accounts from land in Palm Springs and other Southern California communities amount to about a fifth of the income generated from trust lands nationwide, said Vicki Forrest, a regional trust administrator for the Interior Department in Southern California.

The Agua Caliente control much of the land in the Palm Springs area, with individual tribal members owning about 19,400 acres and the tribe itself owning about 3,200 acres, according to an Interior Department figure reported by the Tiller's Guide to Indian Country.

### Mismanagement claimed

The investigation into the Palm Springs office was opened in October following claims of gross mismanagement of Indian trust funds made by Robert McCarthy, attorney for the office.

"We confirmed that the BIA Palm Springs office has not implemented all of the OIG's audit recommendations, and officials conceded that problems remain within the lease management program," says a recent letter by Earl E. Devaney, the Department of Interior's Inspector General.

Officials locally also said their

land managed by the agency, the letter said.

Arequest for an investigative report providing additional details about problems within the office was denied because the investigation has not been closed, said Mildred Washington, a records specialist at Interior.

In a memo two years ago to the inspector general, McCarthy wrote that the Palm Springs office lacked any kind of routine system to monitor compliance with the terms of leases, including rent payments, bonds, insurance or completion of development.

He also claimed that a software program had gone unused for years and that officials relied instead on an ad-hoc system driven by complaints."

"A substantial amount of trust income has gone uncollected and much of it may be now uncollectible, for reasons that include poor bookkeeping, failure to calculate periodic rent increases, the statute of limitations, expired leases, limitations in lease terms, lessee bankruptcies, and lost opportunities to terminate leases in favor of more profitable redevelopment," McCarthy wrote.

He provided more than a dozen examples to the inspector general of instances where officials at the Palm Springs office had mismanaged specific leases, including one in which officials failed to collect rent for three years.

The office also had delayed for years a multimillion-dollar land deal involving the cities of Palm Springs and Cathedral City and

two tribal members, he wrote.

Meanwhile, McCarthy has filed a complaint charging that BIA officials have retaliated against him by creating a hostile work environment and denying him awards. He and denying him sure is protected under the Whistleblower Protection Act.

The Merit System Protection Board last week denied his request for corrective action, saying that although his disclosures were a contributing factor in the actions taken against him, his case

failed to meet certain standards for action. McCarthy says he plans to appeal the decision.

"The most important thing that should come out of this is that Indians realize the full value of their land and that people who lease the lands are dealt with fairly," McCarthy said. "Ultimately, everyone will benefit if that is the outcome."

Contact reporter Diana Marrero at
dmarrero@ns.gannett.com.

## BUREAU: Palm Springs investigation was launched in October

### FROM B1

Continued from B1

understaffed and the automated lease system they use is outdated, according to the letter.

Sen. Barbara Boxer, D-Calif., in response to an inquiry by her office,

the inspector general's office confirmed that a BIA official gave staff members had received gifts ... tickets to a Palm Springs film festival in 2004 and the tickets trificid with spa robes from someone who leases trust

THURSDAY, APRIL 10, 2007

C-3

The Desert Sun

# LOCAL

WEDNESDAY, APRIL 11, 2007 **Section B**

COMMUNITY EDITOR Monica Torline PHONE 778-4625 FAX 778-4654
E-MAIL localnews@thedesertsun.com
FOR HOME DELIVERY ASSISTANCE PHONE 322-5555

# Local Bureau of Indian Affairs criticized

**Developers: Agency needs more training and streamlined processes**

PALM SPRINGS

By DENA MORROW
_The Desert Sun_

The Bureau of Indian Affairs in Palm Springs needs to hire more officials, offer better training for those who work in the office and streamline the way the agency does its business, local developers and Indian landowners say.

Larry Olinger, a member of the Agua Caliente Band of Cahuilla Indians, who owns land in the area, says it can be frustrating to deal with the local agency.

"It's very confusing dealing with the bureau," he said. "One person will say one thing and another person will say the complete opposite."

Olinger recently experienced problems with the BIA when a developer approached him about selling a piece of property he owned but that the federal government held in trust. He says the deal took nine months because BIA officials could not agree on the terms of the sale.

The Palm Springs man also said developers have offered him top dollar for other pieces of land to avoid dealing with the BIA, but he has declined to sell because the land is "part of the reservation."

"This is our heritage," he said.

Nedra Darling, a spokeswoman for the BIA, defended the work of the agency in general, saying the group has a lot of good people trying to do good work.

"They are very hard-working people," she said.

Among those willing to speak publicly about the BIA in Palm Springs, there is a general consensus about the agency's bureaucratic hurdles. But many are reluctant to talk, citing concerns about how their comments would

be perceived by the local agency or the Agua Caliente tribe.

Keith Shibou, an accountant who represents many Indian landowners, says his clients have been troubled by the slow pace of lease approvals, property transfers and sales. He said delays on development projects, leases and sales can go on for months.

"In the meantime, it could kill a good deal," he said.

Local developers also express frustration with the BIA. Dennis Freeman, a Palm Desert develop-

er, says the agency needs better-trained employees and a more streamlined system.

"The total system needs improvement," he said.

George Nicholas Jr., another Palm Desert developer, was more forgiving than others, saying development on non-Indian land can take just as long.

"At times, it's trying," he said. "It's a government agency. At any level, you have to expect bureaucracy to take part of the process."

C-4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT J. MCCARTHY, *Pro Se*    )
                                )
            Plaintiff,           )    Civil Action No. 07-0401 (PLF)
                                )
        v.                       )
                                )
UNITED STATES DEPARTMENT         )
OF THE INTERIOR                  )
                                )
            Defendant.           )
_____ )

## PLAINTIFF'S PROPOSED ORDER FOR PERMISSION TO SERVE SUPPLEMENTAL COMPLAINT

The Court hereby grants Plaintiff's Motion for an order permitting Plaintiff to serve to serve a supplemental complaint setting forth transactions or occurrences or events which have happened since the date of the original complaint. Defendant shall respond to the Supplemental Complaint within 30 days of entry of this Order. To the extent the Supplemental Complaint seeks relief that falls within the scope of any injunctive relief previously ordered by this Court, Defendant shall immediately comply with such order.

It is so Ordered this ___ day of _____ , 2007.

_____
Judge Paul L. Friedman

1

## PARTIES / ATTORNEYS ENTITLED TO BE NOTIFIED OF ENTRY OF ORDER

Sherease Louis
Special Assistant United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington , D.C. 20530

Robert J. McCarthy
78715 La Palma Drive
La Quinta CA 92253

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing was made by depositing a copy of it in the U.S. mail, first class postage prepaid, addressed to:

Sherease Louis
Special Assistant United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington , D.C. 20530

July 9, 2007

Robert J. McCarthy
78715 La Palma Drive
La Quinta CA 92253
(760) 360-7828