IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT J. MCCARTHY, *Pro Se* ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES DEPARTMENT ) <br> OF THE INTERIOR ) <br> ) <br> Defendant. ) <br> _____ ) | Civil Action No. 07-0401 (PLF) <br><br> **RECEIVED** <br><br> AUG - 3 2007 <br><br> NANCY MAYER WHITTINGTON, CLER <br> U.S. DISTRICT COURT |

## PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR PERMISSION TO SERVE SUPPLEMENTAL COMPLAINT

By Opposition Memorandum dated July 23, 2007, and received by plaintiff on July 27, 2007, defendant objects to the motion on two grounds: first, contends defendant, the documents sought in the supplemental complaint "are entirely separate and distinct from the requests at issue in this case;" second, according to defendant, the issues in this case are "fully briefed and ripe for decision", whereas the issues raised in the Supplemental Complaint "are at the inceptive stage of litigation." *Def. Opp. at 1.*

Defendant's claims are inaccurate and without merit. The Complaint was filed against the United States Department of the Interior (DOI or

1

Interior), which includes not only the Office of the Solicitor (Solicitor), but the Office of the Inspector General (OIG) and the Bureau of Indian Affairs (BIA), among other agencies. The documents sought in the original Complaint and Supplemental Complaint arise out of the exact same set of facts and are being denied by the same defendant to the same plaintiff during the same time period. The only difference is that plaintiff had not exhausted his administrative remedies with respect to the documents sought in the Supplemental Complaint at the time the original Complaint was filed.

Whereas the Complaint sought an order for production of specific documents that had been withheld by the Solicitor, and with respect to which documents plaintiff had then exhausted his remedies under the Freedom of Information Act (FOIA) and the Privacy Act, the Complaint was by no means limited to such documents. Indeed, the Complaint sought injunctive relief with respect to Interior's deeply rooted policy and practice of arbitrarily denying FOIA requests and forcing the requester to appeal.

In *Payne Enterprises v. United States, 837 F.2d 486 (D.C. Cir. 1988)*, the Court of Appeals for the District of Columbia Circuit held that when records are routinely withheld at the initial processing level, but consistently released after an administrative appeal, and when this situation results in continuing injury to the requester, injunctive relief may be appropriate. *Id.* at

2

488-93. *See also, e.g., Pub. Citizen v. Office of the United States Trade Representative*, 804 F. Supp. 385, 387 (D.D.C. 1992).

Plaintiff's pending Motion for Summary Judgment seeks declaratory and injunctive relief and damages with respect to Interior's wrongful withholding of all requested documents. As additional evidence of Interior's "deeply rooted policy and practice of arbitrarily denying FOIA requests and forcing the requester to appeal" plaintiff's motion discussed and attached his pending requests for documents from other Interior agencies, *i.e.*, the OIG and the BIA. *Id. at 40-43*.

The documents unlawfully withheld by those Interior agencies presumably would be subject to an order that granted plaintiff's Motion for Summary Judgment in its entirety, specifically including the Complaint's Fourth Claim for Relief. Defendant had every opportunity to introduce evidence or argument with respect to its denial of plaintiff's requests for these documents, as part of its policy and practice of arbitrarily denying FOIA requests and forcing the requester to appeal. Instead, Defendant's response with respect to these documents was and continues to be a claim that they are irrelevant. Meanwhile, defendant continues its arbitrary refusal to comply with the FOIA and the Privacy Act with respect to plaintiff's

3

requests for those documents, instead suggesting that plaintiff file an entirely new federal court complaint.

By its actions, it appears that defendant has essentially conceded the Complaint's Fourth Claim for Relief. Nevertheless, defendant's argument that plaintiff should have to file a new complaint to challenge the withholding of these additional Interior documents flies in the face of Rule 15(d) of the Federal Rules of Civil Procedure, which provides, in pertinent part, "Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented."

The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as is possible. *LaSalvia v. United Dairymen of Arizona*, 804 F.2d 1113, 1119 (9th Cir. 1986), cert. denied, 482 U.S. 928 (1987). It follows that even new persons participating in the new events may be added if necessary, *Griffin v. County School Board of Prince Edward County*, 377 U.S. 218 (1964), although here we have a single defendant.

The decision to grant a Rule 15 motion rests within the sound discretion of the district court, and leave to file a supplemental pleading should be freely granted when the supplemental facts connect it to the original pleading. *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995). Absent undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility, the motion should be freely granted. *Foman v. Davis*, 371 U.S. 178 (1962).

The defendant has not alleged undue delay, bad faith, dilatory tactics, undue prejudice, or futility. The documents sought in the Supplemental Complaint are directly related to the documents sought in the Original Complaint. There, plaintiff sought documents that proved defendant had retaliated against plaintiff through prohibited personnel actions as a result of plaintiff's protected whistleblower disclosures concerning Interior's gross mismanagement and unlawful practices in the administration of Indian land leases in Palm Springs, California.[1] The Supplemental Complaint seeks documents that prove the substance of plaintiff's whistleblower disclosures, which Interior officials have repeatedly denied under oath in an apparent

---

[1] Indeed, since the filing of the original complaint, the Department of the Interior has greatly expanded upon its prohibited personnel actions, banning plaintiff from his own office and subsequently placing him on involuntary administrative leave.

5

attempt to justify their retaliatory personnel actions by depriving plaintiff of protection under the Whistleblower Protection Act.

Rule 15(d) is intended for precisely the type of circumstances presented by the Supplemental Complaint. *See, e.g., Katzman v. Sessions, 156 FRD 35 (E.D. N.Y.)* (motion to file supplemental complaint against FBI granted where plaintiff alleged additional FOIA violations which occurred after filing of original complaint); *c.f., Hall v. CIA, 437 F.3d 94, 101 (D.C. Cir. 2006)* (motion to file supplemental complaint denied where additional FOIA violations alleged therein were also the subject of an entirely separate complaint filed by plaintiff, thus plaintiff was not prejudiced by the denial of the motion).

There is nothing to prevent the Court from ruling now on the pending motions. Meanwhile, and/or to the extent such rulings do not dispose of the issues raised in the Supplemental Complaint, plaintiff's motion to file the Supplemental Complaint should be granted.

## VERIFIED

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

7/31/07
Date

Robert J. McCarthy, *pro se*

6

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing was made by depositing a copy of it in the U.S. mail, first class postage prepaid, addressed to:

Sherease Louis
Special Assistant United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530

7/31/07

Robert J. McCarthy
78715 La Palma Drive
La Quinta CA 92253
(760) 360-7828