IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ROBERT J. MCCARTHY, *Pro Se*   )
                               )
        Plaintiff,             )   Civil Action No. 07-0401 (PLF)
                               )
    v.                         )
                               )
UNITED STATES DEPARTMENT       )
OF THE INTERIOR                )
                               )
        Defendant.             )
                               )

RECEIVED
AUG 23 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## ADDENDUM TO PLAINTIFF'S MOTION FOR SUPPLEMENTAL COMPLAINT

Plaintiff hereby submits to the Court evidence of new developments that support the immediate issuance of an order not only granting plaintiff's motion for service of Supplemental Complaint but also requiring defendant to produce the requested documents without further delay. Parties have a continuing duty to apprise a court of developments which may affect the outcome of a case. *See, e.g., Board of License Commissioners v. Pastore*, 469 U.S. 238, 240 (recognizing that counsel "have a continuing duty to inform the Court of any developments which may conceivably affect the outcome of the litigation.").

1

In the present case, the defendant has responded to the filing of the Supplemental Complaint, and the motion for an order permitting its service, with a long-overdue response to one of the requests. In a letter dated August 3, 2007, the Office of the Inspector General (OIG) asserts that document related to its investigation of plaintiff's whistleblower disclosures about BIA mismanagement are exempt from disclosure under the FOIA by virtue of Exemption 7(A), "which applies to records of information compiled for law enforcement purposes, the release of which could reasonably be expected to interfere with ongoing enforcement proceedings." *See Exhibit A hereto, August 3 2007 letter from OIG, citing 5 U.S.C. 552(b)(7)(A).*[1]

---

[1] The documents in question were requested by plaintiff on December 21, 2006, with a concurrent request for expedited processing. By fax dated March 9, 2007, plaintiff appealed the fact that he had received no response from the OIG. By letter dated April 5, 2007, defendant claimed exceptional circumstances in that it allegedly had too great a volume of requests to timely reply. "An agency must show more than a great number of requests to establish[] exceptional circumstances under the FOIA." *Leadership Conference on Civil Rights v. Gonzales*, 404 F. Supp. 2d 246, 259 n.4 (D.D.C. 2005). Taking a different tack than the OIG, the BIA still has not bothered to respond to the last appeal of its denial. Meanwhile, the urgency of plaintiff's requests is heightened, as the agency has now formally proposed his removal from the Federal Service, in direct response to his whistleblower disclosures, an investigation of which is the very subject of the documents plaintiff seeks!

2

The FOIA permits requesters to treat an agency's failure to comply with its specific time limits as full, or "constructive," exhaustion of administrative remedies. *See 5 U.S.C. § 552(a)(6)(C)*. Additionally, agency decisions to refuse to expedite the processing of FOIA requests are reviewed under the *de novo* standard of review. *See Al-Fayed v. CIA, 254 F.3d 300, 306-08 (D.C. Cir. 2001); ACLU v. U.S. Dep't of Justice, 321 F. Supp. 2d 24, 29 (D.D.C. 2004)*. Exhaustion of administrative remedies is not required prior to seeking court review of an agency's denial of requested expedited access. *See ACLU v. U.S. Dep't of Justice, 321 F. Supp. 2d 24, 28-29 (D.D.C. 2004.)*

By the same token, an agency which makes a substantive response to a request only after suit is filed may not require further exhaustion of administrative remedies. *See, e.g., Pollack v. Dep't of Justice, 49 F.3d 115, 118-119 (4th Cir. 1995)* ("Under FOIA's statutory scheme, when an agency fails to comply in a timely fashion with a proper FOIA request, it may not insist on the exhaustion of administrative remedies unless the agency responds to the request before suit is filed."); *c.f.* Smith v. FBI, 448 F. Supp. 2d 216, 220 (D.D.C. 2006); Oglesby v. U.S. Dep't of the Army, 920 F.2d 57, 63 (D.C. Cir. 1990).

Therefore, the agency may not now require plaintiff to file a new administrative appeal, or as it previously suggested, an entirely new lawsuit. Rather, the Court should examine the merits of the agency's claimed exemption, especially in light of the agency's well-documented policy, pattern and practice of routinely denying requests in bad faith and requiring the requester to pursue appeals.

In this case, the agency's frivolous citation of Exemption 7(A) should result in an order that the agency immediately produce all requested documents. Exemption 7(A) authorizes the withholding of "records or information compiled for law enforcement purposes, but only to the extent that production of such law enforcement records or information . . . could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). Determining the applicability of this Exemption 7 subsection thus requires a two-step analysis focusing on (1) whether a law enforcement proceeding is pending or prospective, and (2) whether release of information about it could reasonably be expected to cause some articulable harm.

The OIG has already acknowledged, in a February 15, 2007, letter to United States Senator Barbara Boxer, that it had already investigated plaintiff's disclosures, concluding that:

> We are referring our findings regarding gifts received by BIA employees to BIA management for any action they deem appropriate. We are also issuing a Management Advisory to BIA regarding the Palm Springs office's implementation of our audit recommendations.

*See Exhibit B, OIG Letter to Senator Boxer.*

In *Judicial Watch, Inc. v. United States Dep't of Commerce, 337 F. Supp. 2d 146 (D.D.C. 2004)*, the court noted that "When withholding documents pursuant to a FOIA exemption, an agency must show that the withheld documents fall within one of the statutory exemptions to FOIA." *Id.* 161.

> Exemption 7 permits an agency to withhold certain classes of documents compiled for law enforcement purposes. 5 U.S.C. § 552(b)(7); *Ctr. for Nat'l Sec. Studies v. United States DOJ, 331 F.3d 918, 926 (D.C. Cir. 2003)*. A "law enforcement purpose" exists where there is a "rational nexus" between the compiled document and a law enforcement duty of the agency and where there is "a connection between an individual or incident and a possible security risk or violation of federal law." See <u>Ctr. for Nat'l Sec. Studies</u>, 331 F.3d at 926 (citation omitted). Several classes of documents may be withheld under Exemption 7. One class of document includes those documents whose disclosure could reasonably be expected to interfere with a pending or anticipated law enforcement proceeding. See 5 U.S.C. 552(b)(7)(A).

. . . . . . . . . . . . .

> Exemption 7(A) is "designed to block the disclosure of information that will genuinely harm the government's case in an enforcement proceeding or impede an investigation." North v. Walsh, 279 U.S. App. D.C. 373, 881 F.2d 1088, 1097 (D.C. Cir. 1989). To invoke Exemption 7(A), an agency must

5

> establish that the information was compiled for a law enforcement purpose and that disclosure would interfere with enforcement proceedings. Id. at 1097. The law enforcement proceeding must have been "a concrete, prospective law enforcement proceeding" at the time of the agency decision to withhold. *Scheer v. United States DOJ, 35 F. Supp. 2d 9, 11-13 (D.D.C. 1999).*

*Judicial Watch,* 337 F. Supp. 2d at 179.

> Even after determination that documents are exempt from disclosure, FOIA analysis is not properly concluded unless a court determines whether "any reasonably segregable portion of a record" can "be provided to any person requesting such record after deletion of the portions which are exempt." 5 U.S.C. § 552(b). Therefore, "it is error for a district court to simply approve the withholding of an entire document without entering a finding on segregability, or the lack thereof." *Schiller v. NLRB, 296 U.S. App. D.C. 84, 964 F.2d 1205, 1210 (D.C. Cir.1992).*

*Judicial Watch,* 337 F. Supp. 2d at 182.

> The government must overcome two legal hurdles to satisfy its burden for justifying nondisclosure under exemption 7(A). First, the government must prove the existence of a "concrete prospective law enforcement proceeding" for which the records were compiled. *National Public Radio v. Bell,* 431 F. Supp. 509, 514 (D.D.C. 1977). Second, the government must prove that the disclosure of the requested information would "interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). To prove interference the agency must be "specific as to what information is being withheld and the distinct harm that could result from its disclosure." *Kuffel v. Bureau of Prisons,* 882 F. Supp. 1116, 1126 (D.D.C. 1995). The agency may not be "conclusory or vague." *Id.*

6

*Scheer v. United States DOJ*, 35 F. Supp. 2d 9, 12 (D.D.C. 1999). It bears repeating that the government may not be conclusory or vague in stating how the release of the information would interfere with the prospective law enforcement proceeding. *Id.* 13.

In *North v. Walsh*, 279 U.S. App. D.C. 373, 881 F.2d 1088, 1097 (D.C. Cir. 1989), the court also emphasized this point.

> Exemption 7(A) does not authorize automatic or wholesale withholding of records or information simply because the material is related to an enforcement proceeding. *See Campbell v. Department of Health & Human Servs.*, 221 U.S. App. D.C. 1, 682 F.2d 256, 262 (D.C.Cir. 1982). Rather, an agency seeking to shield records or information behind exemption 7(A) must show that disclosure could reasonably be expected perceptibly to *interfere* with an enforcement proceeding. *Id.* at 259 ("We hold that, to prevail under Exemption 7(A), the government must show, by more than conclusory statement, how the particular kinds of investigatory records requested would interfere with a pending enforcement proceeding.").

*Id.* 1097.

> For exemption 7(A) to apply, the government must show the existence of a pending or contemplated enforcement proceeding with which disclosure would interfere. *Judicial Watch of Fla., Inc. v. United States DOJ*, 102 F. Supp. 2d 6 at 19 citing *Mapother v. DOJ*, 303 U.S. App. D.C. 249, 3 F.3d 1533, 1540-41 (D.C. Cir. 1993). Based on our examination of the statutory language, its purpose, and the relevant case law, we conclude that to withhold documents pursuant to Exemption 7(A), an agency must show that they were compiled for law enforcement purposes and that their disclosure (1) could reasonably be expected to interfere with (2) enforcement proceedings that are

7

> (3) pending or *reasonably anticipated*. As to the first two of these requirements, the statutory language speaks for itself. *Cf. NLRB v. Robbins Tire and Rubber Co.*, 437 U.S. 214, 224-25, 57 L. Ed. 2d 159, 98 S. Ct. 2311 (1978) (purpose of exemption is to "prevent "[harm] to the Government's case in court' by not allowing litigants "early or greater access' to agency investigatory files than they would otherwise have" (citations omitted)). As to the last requirement, we have held that the exemption is available where enforcement proceedings are "pending or contemplated." *Coastal States Gas Corp. v. Department of Energy*, 199 U.S. App. D.C. 272, 617 F.2d 854, 870 (D.C. Cir. 1980). The word "contemplated," as used in *Coastal States*, speaks to the enforcing agency's intentions.

*Mapother v. DOJ, 303 U.S. App. D.C. 249, 3 F.3d 1533, 1540-41 (D.C. Cir. 1993).*

Determining whether records have been compiled for law enforcement purposes often requires a careful analysis of the functions of the agency involved. As the D.C. Circuit has emphasized, "it is important to distinguish an agency serving principally the cause of criminal law enforcement from one having an admixture of law enforcement and administrative functions." *Birch v. United States*, 256 U.S. App. D.C. 128, 803 F.2d 1206, 1209 (D.C. Cir. 1986). *See also Pratt v. Webster*, 218 U.S. App. D.C. 17, 673 F.2d 408, 416-18 (D.C. Cir. 1982). When evaluating agency claims that a record or document has been compiled for enforcement purposes, the D.C. Circuit has utilized different criteria depending on the agency's "primary mission." *Birch*, 803 F.2d at 1209. When an agency's primary function is law enforcement, agency "claims of satisfaction of

8

Exemption 7's threshold requirement call for less rigorous scrutiny." *Pratt v. Webster, supra,* 429 F.2d at 413-421; *Birch, supra,* 803 F.2d at 1210.

The courts have held that the mere pendency of enforcement proceedings is an inadequate basis for the invocation of Exemption 7(A); the government must also establish that some distinct harm could reasonably be expected to result if the record or information requested were disclosed. It is well established that in order to satisfy the "law enforcement proceedings" requirement of Exemption 7(A), an agency must be able to point to a <u>specific</u> pending or contemplated law enforcement proceeding that could be harmed by disclosure. *Nat'l Sec. Archive v. FBI,* 759 F. Supp. 872, 883 (D.D.C. 1991).

As one court has observed, "[i]f an agency could withhold information whenever it could imagine circumstances where the information might have some bearing on some hypothetical enforcement proceeding, the FOIA would be meaningless." *Badran v. U.S. Dep't of Justice,* 652 F. Supp. 1437, at 1440 (N.D. Ill. 1987).

Furthermore, Exemption 7(A) ordinarily will not afford protection when the target of the investigation has possession of or submitted the information in question. *See, e.g., Lion Raisins Inc. v. USDA,* 354 F.3d 1072, 1085 (9th Cir. 2004) (Lion I); *Wright v. OSHA,* 822 F.2d 642, 647

*(7th Cir. 1987); Dow Jones Co. v. FERC, 219 F.R.D. 167, 173 (C.D. Cal. 2002); Scheer v. U.S. Dep't of Justice, 35 F. Supp. 2d 9, 13 (D.D.C. 1999).*

The defendant continues its policy and practice of denying in bad faith requests for information which it must release, instead requiring endless appeals. Here the latest denial is so transparent as to justify the court in requiring immediate production of the withheld documents. This pleading also adds support to plaintiff's motion for summary judgment.

## VERIFIED

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

8/19/07
_____
Date

_____
Robert J. McCarthy, *pro se*

10

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing was made by depositing a copy of it in the U.S. mail, first class postage prepaid, addressed to:

>Sherease Louis
>Special Assistant United States Attorney's Office
>Civil Division
>555 4th Street, N.W.
>Washington, D.C. 20530

8/19/07

Robert J. McCarthy
78715 La Palma Drive
La Quinta CA 92253
(760) 360-7828



United States Department of the Interior
OFFICE OF INSPECTOR GENERAL
Washington, DC 20240

AUG -3 2007

Mr. Robert McCarthy
78715 La Palma Drive
La Quinta, CA 92253

Re: 07-FOI-00007

Dear Mr. McCarthy:

This is in response to your facsimile dated December 21, 2006, which was received by the Office of Inspector General (OIG) on that same date, in which you ask for information under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. You ask for "all documents and records created by the OIG since April 22, 2005 or received by the OIG since April 22, 2005, that relate to allegations of gross mismanagement, fraud or abuse by officials of the Department of the Interior in Palm Springs, California." You state that this request "does not include documents that OIG received from [you] or documents that OIG previously sent to [you]."

There are two OIG files that relate to your request. We located four documents from the first file that are responsive to your request. Portions of these four documents are attached to this response. The withheld portions of these four documents consist of information that is exempt from release under the following provisions: 5 U.S.C. §§ 552(b)(2), (b)(6), and (b)(7)(C). These provisions exempt from disclosure items that pertain to: (1) internal matters of a relatively trivial nature; (2) personnel and other similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy; and (3) records of information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information could reasonably be expected to constitute an unwarranted invasion of personal privacy. Exemption 2 was used to redact the case file number, the correspondence control number, initials, signatures, and telephone numbers. Exemptions 6 and 7(C) were used to protect the personal privacy interests of individuals (other than you) who are named in the investigative documents.

With regard to the second OIG file, the responsive documents contained within it relate to an ongoing investigation. Your request for these documents therefore, is being denied pursuant to the provisions of 5 U.S.C. § 552(b)(7)(A), which applies to records of information compiled for law enforcement purposes, the release of which could reasonably be expected to interfere with ongoing enforcement proceedings. It is anticipated that the investigation will be open until at least August 28, 2007. Once this date has passed, please feel free to call me to see if the investigation has closed. If it has closed, you may then wish to file a new FOIA request for the responsive documents from this second file.

Should you wish to appeal this response, you may do so by writing the FOIA Appeals Officer, U.S. Department of the Interior, 1849 C Street, N.W., MS-6556, Washington, D.C. 20240, within 30 working days of the date of this letter. You may want to consider an alternative means of communicating with the Department of the Interior, e.g., facsimile, e-mail, Federal Express, etc. There may be a delay in our receipt of mail sent through the U.S. Postal Service. The FOIA Appeal Officer's facsimile number is (202) 208-6677. Your appeal should be filed in accordance with the regulations set out in 43 C.F.R. §§ 2.28 -2.32, a copy of which is enclosed.

Please contact me at (703) 487-5436, if you have any questions concerning this response.

Sincerely,

Sandra Evans
OIG FOIA Officer

Enclosures

## Case Executive Summary

Case Number: ▓▓▓▓▓▓ ex. 2
Title: PALM SPRINGS AGENCY, BIA
Lead Agent: ▓▓▓▓▓▓
Supervisor: ▓▓▓▓▓▓
Opened Date: 08/29/2005
Completed Date: 12/07/2005
Closing Date: 12/07/2005

**All Deletions X-6/7 Unless Marked Otherwise**

Summary: OIG, Sacramento, received a complaint from DOI Solicitor Robert McCarthy alleging that the BIA, Palm Springs Agency (PSA) and the BIA Regional Office routinely violate law, rules and regulations applicable to the management of Indian trust assets and income. The complaint states that PSA handles a high volume of commercial and residential land leases on behalf of the Agua Caliente Band of Cahuilla Indians and that PSA fails to ensure compliance with the leases to include failure to collect rents, fees and bonds.

### CASE NOTES

1. 7/28/05 ASAC ▓▓▓▓ spoke with McCarthy and advised him to contact ▓▓▓▓
ex.2 ▓▓▓▓ is the ▓▓▓▓ of the Trust Reform and Litigation Branch. I advised McCarthy that he needed to make sure he made the proper notification. McCarthy had previously advised me that he had notified: The Assistant Secretary of Indian Affairs and the Office of the Special Trustee.
- ▓▓▓▓ 09/09/2005

2. 9/29/2005; spoke with ▓▓▓▓ to determine status of referral to Audits. ▓▓▓▓ advised that ▓ had referred the matter to ▓▓ HQ.
- ▓▓▓▓ 09/29/2005

3. 11/15/2005 provided Audits with additional information received from Robert McCarthy ref. Subject: ▓▓▓▓
- ▓▓▓▓ 11/29/2005

4. HQ sent a letter to complainant dated 11/21 notifying no investigation/audit will be conducted.
- ▓▓▓▓ 12/02/2005

5. On December 2, 2005 at 12:00 noon, I received a telephone call from Robert McCarthy (760-416-8619) asking for more information as to why his complaint is not being investigated. The information was related to the AIGI who had discussions with both the SAC of WRO and AIG of Audits. Both determined that there were insufficient resources to initiate an investigation and/or audit. ▓▓▓▓ has had conversations with McCarthy and has determined at this point in time, McCarthy does not qualify to be a whistleblower because no adverse action has been taken against him. This lead was incorrectly identified as a referral and will be corrected and closed as a GIF pending additional resources and/or information warranting an investigation and/or audit.
- ▓▓▓▓ 12/07/2005

6. On or about December 1, 2005 at 1434 hours (PST) I received a voice message from Robert McCarthy, Solicitor, BIA, PSA, Palm Springs, CA at 760-416-8619. McCarthy stated the following on the message: "I just received the letter today from Washington Assistant Inspector General for Investigations telling me they do not

have the resources to investigate my whistleblower complaint. I am just beside myself. I don't know what to do. I just wanted to touch base with you and see if you have any advice. Thank you. Bye." I have attempted to reach McCarthy and have left him a voice message with both my office and work cell phone numbers.
▬▬▬ 12/07/2005

## MANAGEMENT CHALLENGES

1. Procurement Contracts and Grants
2. Responsibility to Indians and Insular Areas

## CRIMINAL REFERRALS

## CIVIL REFERRALS

## ADMINISTRATIVE REFERRALS

## INVESTIGATIVE ACTIVITIES

## JOINT INVESTIGATIONS

**Cooperative Investigations with Other Federal Agencies:**
   None.

**Cooperative Investigations with OIG's:**
   None.

All Deletions X-6/7C

# United States Department of the Interior

Office of Inspector General
Western Region Investigations
Federal Building
2800 Cottage Way, Suite E-2708
Sacramento, California 95825

HAND DELIVERED

AUG 2 9 2005

Memorandum

To: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
Regional Audit Manager, Western Region

From: for ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
Special Agent-in-Charge

Subject: **Referral – For Action As Deemed Appropriate**

Re: Palm Springs BIA Agency; OIG Case Number ▮▮▮▮▮▮ ex. 2

My office is in receipt of the attached complaint alleging that the Bureau of Indian Affairs (BIA) Palm Springs Agency (PSA) and Pacific Regional Office (PRO) routinely violate law, rules and regulations applicable to the management of Indian trust assets and income, grossly mismanage said assets, and have committed gross waste of federal and Indian funds.

This matter is forwarded for your review. If during the course of your review, you develop information that could necessitate additional review by this office, please contact me at ▮▮▮▮▮▮▮▮▮▮ ex. 2

## All Deletions X-6/7
## Unless Marked Otherwise



United States Department of the Interior

Office of Inspector General
Western Region
Federal Building
2800 Cottage Way, Suite E-2712
Sacramento, California 95825

November 8, 2005
7470

Memorandum

To: ▓▓▓▓▓▓▓▓
Assistant Inspector General for Audits

▓▓▓▓▓▓▓▓
Deputy Assistant Inspector General for Audits

From: ▓▓▓▓▓▓▓▓ ex-2
Deputy Regional Audit Manager

Subject: Follow-on Information – Investigation Referral of Allegations Related to Mismanagement of Indian Trust Assets and Income by the Bureau of Indian Affairs (OIG Case Number ▓▓▓▓▓▓▓▓) ex-2

Attached is follow-on information regarding ▓▓▓▓▓▓▓▓ September 1, 2005 referral to you regarding this subject case. Please feel free to contact me at ▓▓▓▓▓▓▓▓ ex-2 should you have any questions or concerns regarding this referral.

## All Deletions X-6/7
## Unless Marked Otherwise

Attachments:

October 7, 2005 memorandum from the Field Solicitor, Palm Springs – Subject: ▓▓▓▓▓▓▓▓

October 7, 2005 memorandum from the Field Solicitor, Palm Springs – Subject: Threat of Litigation – PSL 315

# GENERAL CORRESPONDENCE

# U.S. DEPARTMENT OF THE INTERIOR
# OFFICE OF INSPECTOR GENERAL
## Correspondence Tracking System
## Control Sheet

ex.2  Control No.: [       ]        Operator: [       ]

Originator: Fax from Robert McCarthy, Field Solicitor, Palm Springs, CA

Subject: Summary and Update - Whistleblower Disclosures Regarding BIA

Receive Date: 12/22/2005

Acknowledgment Due Date: 12/27/2005         Final Response Due Date: 01/06/2006

Acknowledgment Date:                        Final Response Date:

Assignee: [redacted] - AIGI

Comments:

## All Deletions X-6/7
## Unless Marked Otherwise

| | To | ACTION | INIT. | DATE IN | DATE OUT |
|---|---|---|---|---|---|
| R O U T I N G | | Provide copy to [redacted] | [ex.2] | 12/27 | |
| | Ops | Prepare response, ack to | | | |
| | | McCarthy - just acknowledging | | | |
| | | receipt | | | |
| | | | ex.2 | | |
| | | Provided copy to [redacted] | | 12/29 | 12/30 |
| | | Scanned into [redacted] | ex.2 | | |
| | | Prepare ack ltr of receipt only. | | | |



**United States Department of the Interior**
OFFICE OF INSPECTOR GENERAL
Washington, DC 20240

FEB 15

The Honorable Barbara Boxer
United States Senate
Washington, D.C. 20510-0505
c/o Eric José Vizcaíno

Dear Senator Boxer:

This letter is to inform you of the results of our investigation into the concerns of your constituent, Robert McCarthy, a field solicitor for the U.S. Department of the Interior in Palm Springs, CA. In a letter dated September 25, 2006, your staff requested that the Office of Inspector General (OIG) review Mr. McCarthy's allegations of gross mismanagement of Indian trust funds.

Specifically, Mr. McCarthy alleged that the Bureau of Indian Affairs (BIA) in Palm Springs had not implemented recommendations from an OIG audit report exposing deficiencies in the lease management program for the Agua Caliente Band of Cahuilla Indians. This tribe leases land to developers in Palm Springs, Cathedral City, and Rancho Mirage. The BIA in Palm Springs reviews the lease agreements to ensure regulations have been met.

Mr. McCarthy also alleged that a BIA supervisor received gifts from parties who conduct business with the Palm Springs office. He further alleged that he had been retaliated against due to his disclosure of this information.

We opened an investigation into Mr. McCarthy's concerns in October 2006. We reviewed his allegations of gross mismanagement, and we understand that the Merit Systems Protection Board is reviewing his allegations of retaliation.

During our investigation, we interviewed BIA officials from Palm Springs, as well as Mr. McCarthy, and we reviewed all pertinent documents. We confirmed that the BIA Palm Springs office has not implemented all of the OIG's audit recommendations, and officials conceded that problems remain within the lease management program. They also expressed concerns that the Palm Springs office is understaffed and the automated lease system is insufficient.

We also confirmed that one BIA official and two staff members received gift baskets containing spa robes from a lessee. The BIA official also admitted that he accepted two tickets to a film festival in Palm Springs from a lessee in 2004. He estimated that both tickets were valued between $50 and $60.

    We are referring our findings regarding gifts received by BIA employees to BIA management for any action they deem appropriate. We are also issuing a Management Advisory to BIA regarding the Palm Springs office's implementation of our audit recommendations.

    We thank you for your interest in this matter, and we appreciate you communicating your concerns to us.

Sincerely,

Earl E. Devaney
Inspector General